IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNDANCE, INC.,<br><br>    Defendant. | Case No.:  4:18-cv-00316-JAJ-HCA |

**DEFENDANT'S MOTION TO DISMISS OR,
ALTERNATIVELY, TO STAY**

Defendant, Sundance, Inc., by and through its undersigned counsel, respectfully moves to dismiss this action or, alternatively, to stay the action. In support thereof, Defendant states as follows:

1. Plaintiff Robyn Morgan ("Plaintiff") filed this purported collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, on September 25, 2018.

2. Plaintiff alleges that Defendant did not pay all of its crew members and hourly employees at its Taco Bell branded restaurants overtime pay owed for hours worked in excess of forty per week and thereby violated the FLSA.

3. Plaintiff seeks to maintain a nationwide collective action "on behalf of herself and all other Crew Members and other hourly employees who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter." Compl. ¶ 26, [Dkt. No. 1].

4.      A similar case to this one was filed more than two years ago, on October 7, 2016. *Wood v. Sundance, Inc.*, Case No. 2:16-cv-13598-GCS-RSW (the "Wood Action"). In the Wood Action, the plaintiffs, on behalf of a purported nationwide class, asserted the same FLSA overtime claims regarding all Crew Members and other hourly employees who have worked for Sundance.  The parties are actively litigating the Wood Action and have undertaken significant discovery on most of the same issues that would be the subject of discovery in this case.

5.      In the interests of comity and judicial economy, including the need to avoid conflicting rulings and duplicative discovery, and considering the logistical problems posed by competing "opt-in" collective actions (in which prospective plaintiffs would be forced to choose between multiple competing actions), Defendant moves to dismiss or stay this action under the first-filed rule.

WHEREFORE, for these reasons and for the reasons stated in the accompanying Memorandum in Support of Defendant's Motion to Dismiss or, Alternatively to Stay, Defendant respectfully requests that the Court dismiss or stay this duplicative action.

Dated:  November 8, 2018

Respectfully submitted:

/s/ Joel W. Rice
Joel W. Rice (pro hac vice)
Scott C. Fanning (pro hac vice)
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061

Kevin J. Driscoll
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
Telephone: (515) 288-0145
E-Mail: kdriscoll@finleylaw.com

3

*Attorneys for Sundance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and also served the foregoing upon to all counsel of record via electronic mail.

Dated: November 8, 2018                    Respectfully submitted,

<u>/s/ Joel W. Rice</u>
Joel W. Rice
Scott C. Fanning
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061
*Attorneys for Sundance, Inc.*

4