# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLENE FLANAGAN,
TRAVIS PIETRYKOWSKI,
MICHELLE WILKINS, and
DENISE WOOD,

       Plaintiffs,

-vs-

SUNDANCE, INC.,

       Defendant.

Case No. 16-cv-

Hon.

---

Jennifer Lossia McManus P65976
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Ave
Royal Oak, MI  48067
(248) 542-6300
jmcmanus@faganlawpc.com

Megan A. Bonanni P52079
PITT MCGEHEE PALMER & RIVERS, P.C.
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com

---

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW    COME    Plaintiffs    JOLENE    FLANAGAN,    TRAVIS

PIETRYKOWSKI, MICHELLE WILKINS and DENIES WOOD, by and through their attorneys, FAGAN MCMANUS, P.C., and PITT MCGEHEE PALMER & RIVERS, P.C., after inquiry reasonable under the circumstances, on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1. This is a misclassification, overtime and wage theft case. Plaintiffs are all adults residing and working within this judicial district and – during the relevant time – worked as crew members, shift managers, assistant managers and general managers for defendant Sundance, Inc. ("Sundance"), a company that owns well over 150 Taco Bell franchises throughout the United States.

2. This case is about Sundance's intentional minimum wage and overtime violations which arises from its willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. for failure to pay minimum wage and overtime wages for all hours of work performed by Plaintiffs.

3. Plaintiffs bring action seeking damages, back pay, restitution, liquidated damages, and declaratory relief, civil penalties, prejudgment interest, reasonable attorneys' fees and costs, and any and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiffs' FLSA

claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

5.     Additionally, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

6.     Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

7.     At all relevant times, Defendant owned and operated a business enterprise engaged in interstate commerce utilizing goods moved in interstate commerce as defined in 29 U.S.C. § 203(s).

8.     Defendant's various franchise locations constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because they perform related activities, either through a unified operation or through common control for a common business purpose.

9.     Defendant provides mutually supportive services to the substantial advantage of each entity and each are therefore operationally interdependent and may be treated as single "enterprise."

6

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims in this Complaint substantially occurred in this District.

11. This court has personal jurisdiction over Defendant because Defendant is incorporated in Brighton, Michigan and conducts business within the state of Michigan.

## PARTIES

12. Plaintiff Jolene Flanagan is a resident of the City of China, County of St. Clair, State of Michigan. She worked as an Assistant Manager for Sundance from July 2014 through February 2016 at the Richmond, Michigan location.

13. Plaintiff Travis Pietrykowski is a resident of the City of China, County of St. Clair, State of Michigan. He worked as a Crew Member for Sundance from late 2013 through late 2015 at the Richmond, Michigan location.

14. Plaintiff Michelle Wilkins is a resident of the City of Shelby Twp., County of Macomb, State of Michigan. She was hired as a Shift Manger in training in March, 2012. Throughout her employment, Wilkins has held multiple positions including Assistant Manager and General Manager. Wilkins has been assigned to multiple stores including those located in Richmond, Warren, Clinton Twp., Mt Clemens and Macomb Twp., Michigan. She also worked at at least one of Sundance's Ohio locations.

15. Plaintiff Denise Wood is a resident of the City of Casco, County of St. Clair, State of Michigan and was employed by Sundance from 2011-2016. She worked as a Crew Member (2011) and a Shift Manager for Sundance (2014) in the Richmond and Mt. Clemens, Michigan locations.

16. Defendant Sundance, Inc. is a for-profit corporation incorporated in Brighton, Michigan and with locations throughout, the State of Michigan.

## GENERAL ALLEGATIONS

17. Plaintiffs brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA for his subjection to Sundance's misclassification and improper wage and hour practices scheme at any time during the last three years.

18. At least one Plaintiff, at various points within the past three years has experienced the following: 1) Sundance's failure to pay the Plaintiff for all hours worked; 2) Sundance's misclassification of the Plaintiff as an exempt employee not entitled to overtime pay; and/or 3) Sundance's failure to pay overtime wages for all hours worked over 40, when legally required to do so.

19. Sundance knew or should have known the business model it developed and implemented was unlawful under applicable laws. Nonetheless, Sundance continued to willfully engage in the violations described herein.

20. Sundance devises various job titles for its employees to perform essentially the same function, with only slight but non-material variation. The titles

8

Sundance uses are, among others: crew member, shift manager, assistant manager and general manager.

21. Despite the variance in title, all of these jobs have the same essential function and description. In that they all perform crew member duties such as taking orders, making food, cleaning, and other general labor tasks for the vast majority of their shifts.

22. While shift managers, assistant managers and general managers perform other limited duties, such limited duties amount for a miniscule amount of time, and such employees spend the majority of their time performing crew member duties.

23. Further, the additional limited duties are highly regulated and conscripted, with virtually non-existent room for discretion regarding matters of significance.

24. Sundance's hourly employees, ie. Crew Members and Shift Managers, are not paid for all hours worked. In fact, Sundance engages in a practice in which it "shifts" hours that an employee works during one week over to the following week, so that an employee's time records do not demonstrate that the employee worked over 40 hours in a given work week. Sundance maintains a white board in its office on which it keeps track of its employees' "shifted hours" from week to week.

9

25. By shifting its employees' houses, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

26. In addition, some employees simply were not paid at all for their "shifted over" hours.

27. With regard to hourly employees that regularly work over 40 hours each work week, Sundance does not engage in the "shifting" exercise; it simply does not pay such employees for all hours worked, and caps their paychecks at 80 hours per two week pay period. Again, by doing so, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

28. In addition, hourly workers were regularly instructed to clock out, and continue working after doing so, in order for each store to maintain its Sundance-imposed labor metrics.

29. Salaried assistant managers and general managers were misclassified as exempt employees, and provided management titles, yet they did not manage Sundance's enterprise, did not have the authority to hire or fire other employees, did not have the authority to issue disciplines to other employees, or if they did issue disciplines they were often reversed by a District Manager, did not have as a primary duty the performance of office or non-manual work directly related to the

10

management or general business operations of Sundance and did not have as a primary duty the exercise of discretion and independent judgment with respect to matters of significance.

30. The job duties performed by salaried Plaintiffs do not meet any of the exemptions set forth in the FLSA. Therefore, Plaintiffs' employment positions are in fact and in law non-exempt from the overtime provisions of the FLSA.

31. Throughout the course of their employment, Plaintiffs were directed by Sundance and its agents to perform work, were allowed to work, and did work every week in excess of forty (40) hours per week.

32. In addition, Plaintiffs that had "manager" titles were only paid for 32 hours if they did not work five consecutive days, regardless of how many hours they actually worked.

33. All employees with a "manager" title were expected to abide by strict labor hour limits per store. As a result, hourly "shift managers" were often required to clock out out of Sundance's payroll timekeeping system, while still continuing to work, in order to ensure that a store's labor hours did not exceed the set quotas.

34. Often, shift managers were required to clock out during their breaks, continue to work through their breaks, and then clock back in after their "breaks."

35. Most of Sundance's locations are open until 3 am, and then re-open at

6 am. As a result, many employees with a "manager" title, whether salaried or hourly, would sleep at the store for the three hours during which the location was closed, since they were expected to re-open the store the next morning.

36. In addition, most of the salaried managers worked well over 60 hours per week, and often worked in excess of 80 hours per week. As a result of working such hours, the salaried managers were regularly paid an effective hourly rate that was lower than Sundance's Crew Members.

37. Although paid at an hourly rate that is less than Crew Members, Sundance's salaried managers actually spent approximately 90% of their working hours performing Crew Member duties.

38. The provisions of the FLSA, 29 U.S.C. § 207, require Sundance to compensate non-exempt employees who work in excess of forty (40) hours in a workweek at a rate of one and one-half times their regular rate of pay.

39. Contrary to the above statutory enactment, Sundance adopted a policy and practice of failing to pay Plaintiffs and all similarly situated individuals an overtime wage at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

40. Sundance willfully violated the FLSA by knowingly failing to compensate Plaintiffs overtime wages for the hours they worked in excess of forty (40) hours per week according to the terms of the FLSA, 29 U.S.C. § 201, *et seq.*

12

## NATIONWIDE COLLECTIVE ACTION

41.     Plaintiffs bring this case on behalf of themselves and all other Crew Members, Shift Managers, Assistant Managers and General Managers who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter.

42.     Plaintiffs bring this complaint under 29 U.S.C. § 216(b) of the FLSA. Plaintiffs and the Crew Members, Shift Managers, Assistant Managers and General Managers are similarly situated in that they are all subject to Sundance's common plan or practice failing to pay them for all hours worked and/or of designating them as exempt from the overtime requirements of the FLSA when in fact their work is not exempt.

43.     The primary duty of Plaintiffs and all other Crew Members, Shift Managers, Assistant Managers and General Managers is not management and therefore Sundance is not entitled to deny them overtime pay under any exemption.

44.     Plaintiffs and all other Crew Members, Shift Managers, Assistant Managers and General Managers are rarely, if ever, free from close supervision and micromanagement by Sundance's upper-level management, which controls virtually every aspect of the employees' day-to-day business tasks.

## LEGAL CLAIMS

## COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,

13

## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME WAGES AND FAILURE TO PAY MINIMUM WAGE

45.  Plaintiffs re-allege and incorporate all previous paragraphs herein.

46.  At all times relevant to this action, Sundance was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq.*

47.  At all times relevant to this action, Plaintiffs were "employees" of Sundance within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

48.  At all times relevant to this action, Sundance "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

49.  At all times relevant to this action, Sundance failed to pay Plaintiffs the federally mandated wages and overtime compensation for all services performed. Specifically, Sundance failed to pay Plaintiffs overtime wages – or any wages at all - for all hours worked in excess of forty (40) hours per week.

50.  The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

51.  In addition, Sundance is subject to the minimum wage requirements of the FLSA.

14

52. Sundance violated the FLSA by failing to pay Plaintiffs the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

53. Sundance also violated the FLSA by failing to pay Plaintiffs all minimum wages due to Plaintiffs.

54. Sundance's violations of the FLSA were knowing and willful.

55. By failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Sundance has violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, Plaintiffs are entitled to damages equal to the mandated minimum wage and overtime premium pay within three years preceding their filing of this Complaint plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

57. Plaintiffs seek damages in the amount of their respective unpaid wages, overtime wages, liquidated damages as provided by 29 U.S.C. §216(b), interest, attorneys' fees, and such other legal and equitable relief as the Court deems proper.

58. Plaintiffs and all other similarly situated staffing employees, as

15

described above, who opt into this litigation are entitled to compensation for all regular hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following:

A. Certification of the described class under the FLSA;

B. An award of overtime wages under the FLSA;

C. An award of unpaid regular wages under the FLSA;

D. An award of liquidated damages under the FLSA;

E. A declaratory judgment that the practices complained of are unlawful under the FLSA;

F. Interest and costs;

G. Attorneys' fees under the FLSA; and

H. Such other relief as in law or equity may pertain.

Dated: October 7, 2016

By: /s/ _Jennifer L. McManus_
Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
25892 Woodward Avenue
Royal Oak, MI 48067-0910
jmcmanus@faganlawpc.com

Megan A. Bonanni (P52079)
PITT MCGEHEE PALMER & RIVERS, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
mbonanni@pittlawpc.com

**ATTORNEYS FOR PLAINTIFFS**

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLENE FLANAGAN,
TRAVIS PIETRYKOWSKI,
MICHELLE WILKINS, and
DENISE WOOD,

      Plaintiffs,

-vs-

SUNDANCE, INC.,

      Defendant.

Case No. 16-cv-

Hon.

---

Jennifer Lossia McManus P65976
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Ave
Royal Oak, MI 48067
(248) 542-6300
jmcmanus@faganlawpc.com

Megan A. Bonanni P52079
PITT MCGEHEE PALMER & RIVERS, P.C.
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com

---

## PLAINTIFFS' DEMAND FOR JURY TRIAL

NOW COME the above named Plaintiffs, by and through their attorneys,

FAGAN MCMANUS, P.C., and PITT MCGEHEE PALMER & RIVERS, P.C. and hereby

demand trial by jury on the above matter.

17

Dated:  October 7, 2016

By: /s/ *Jennifer L. McManus*

Jennifer L. McManus (P65976)
Fagan McManus, P.C.
25892 Woodward Avenue
Royal Oak, MI  48067-0910
 (248) 542-6300
jmcmanus@faganlawpc.com

Megan A. Bonanni (P52079)
Pitt McGehee Palmer & Rivers, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonanni@pittlawpc.com

**ATTORNEYS FOR PLAINTIFFS**

18