# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE WOOD,
CHARITIE DONAHUE,
ANDRE MURRAY,
REVELATION RUSSAW,
TRAVIS PIETRYKOWSKI, and
TABITHA MEADE,

 Plaintiffs,

-vs-

SUNDANCE, INC.,

 Defendant.

Case No. 16-cv-13598

Hon. George Caram Steeh
Mag. Judge R. Steven Whalen

| | |
|---|---|
| Jennifer Lossia McManus P65976<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiffs<br>25892 Woodward Ave<br>Royal Oak, MI  48067<br>(248) 542-6300<br>jmcmanus@faganlawpc.com<br><br>Megan A. Bonanni P52079<br>PITT MCGEHEE PALMER & RIVERS, P.C.<br>Attorneys for Plaintiffs<br>117 W. Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>mbonanni@pittlawpc.com | Scott C. Fanning<br>Joel W. Rice<br>FISHER & PHILLIPS LLP<br>Attorneys for Defendant<br>10 S. Wacker Dr., Ste. 3450<br>Chicago, IL 60606<br>(312) 346-8061<br>sfanning@fisherphillips.com<br>jrice@fisherphillips.com |

## AMENDED COLLECTIVE ACTION COMPLAINT

NOW COME Plaintiffs DENISE WOOD, CHARITIE DONAHUE,

ANDRE MURRAY, REVELATION RUSSAW, TRAVIS PIETRYKOWSKI and

TABITHA MEADE, by and through their attorneys, FAGAN MCMANUS, P.C., and PITT MCGEHEE PALMER & RIVERS, P.C., after inquiry reasonable under the circumstances, on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1. This is an overtime and wage theft case. Plaintiffs are all adults residing and working within this judicial district and – during the relevant time – worked as hourly employees for defendant Sundance, Inc. ("Sundance"), a company that owns well over 150 Taco Bell franchises throughout the United States.

2. This case is about Sundance's intentional minimum wage and overtime violations which arises from its willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. for failure to pay minimum wage and overtime wages for all hours of work performed by Plaintiffs.

3. Plaintiffs bring action seeking damages, back pay, restitution, liquidated damages, and declaratory relief, civil penalties, prejudgment interest, reasonable attorneys' fees and costs, and any and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiffs' FLSA

claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

5. Additionally, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

6. Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

7. At all relevant times, Defendant owned and operated a business enterprise engaged in interstate commerce utilizing goods moved in interstate commerce as defined in 29 U.S.C. § 203(s).

8. Defendant's various franchise locations constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because they perform related activities, either through a unified operation or through common control for a common business purpose.

9. Defendant provides mutually supportive services to the substantial advantage of each entity and each are therefore operationally interdependent and may be treated as single "enterprise."

6

2:16-cv-13598-GCS-RSW    Doc # 49    Filed 10/05/17    Pg 4 of 16    PgID 1160

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims in this Complaint substantially occurred in this District.

11.     This court has personal jurisdiction over Defendant because Defendant is incorporated in Brighton, Michigan and conducts business within the state of Michigan.

## PARTIES

12.     Plaintiff  Denise Wood is a resident of the City of Casco, County of St. Clair, State of Michigan and was employed by Sundance from 2011-2016.  She worked as a Crew Member (2011) and a hourly Shift Manager for Sundance (2014) in the Richmond and Mt. Clemens, Michigan locations.

13.     Plaintiff Charitie Donahue is a resident of the City of Clinton Township, County of Macomb, State of Michigan and was employed by Sundance from May 2015 through December 2016.  She worked as an hourly team trainer for Sundance in the Mt. Clemens, Michigan location.

14.     Plaintiff Andre Murray is a resident of the City of Redford, County of Wayne, State of Michigan.  He worked as an hourly team trainer and shift leader at Sundance's Redford, Michigan location.

15.     Plaintiff Revelation Russaw is a resident of the City of Ann Arbor, County of Washtenaw, State of Michigan.  She worked as an hourly shift

7

supervisor at Sundance's Ann Arbor, Michigan location.

16.     Plaintiff Tabitha Meade is a resident of the City of Monroe, County of Monroe, State of Michigan and was employed by Sundance from December 2016 through May 2017 as an hourly crew member in its Ypsilanti location.

17.     Plaintiff Travis Pietrykowski is a resident of the City of China, County of St. Clair, State of Michigan.   He worked as a Crew Member for Sundance from late 2013 through late 2015 at the Richmond, Michigan location.

18.     Defendant Sundance, Inc. is a for-profit corporation incorporated in Brighton, Michigan and with locations throughout, the State of Michigan.

## GENERAL ALLEGATIONS

19.     Plaintiffs brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA for his subjection to Sundance's improper wage and hour practices scheme at any time during the last three years.

20.     At least one Plaintiff, at various points within the past three years has experienced the following: 1) Sundance's failure to pay the Plaintiff for all hours worked; and/or 2) Sundance's failure to pay overtime wages for all hours worked over 40, when legally required to do so.

21.     Sundance knew or should have known the business model it developed and implemented was unlawful under applicable laws. Nonetheless, Sundance continued to willfully engage in the violations described herein.

8

22.     Sundance's hourly employees, including but not limited to Crew Members, Team Leaders and Shift Managers, are not paid for all hours worked.  In fact, Sundance engages in a practice in which it "shifts" hours that an employee works during one week over to the following week, so that an employee's time records do not demonstrate that the employee worked over 40 hours in a given work week.  Sundance maintains a white board in its office on which it keeps track of its employees' "shifted hours" from week to week.

23.     By shifting its employees' houses, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

24.     In addition, some employees simply were not paid at all for their "shifted over" hours.

25.     With regard to hourly employees that regularly work over 40 hours each work week, Sundance does not engage in the "shifting" exercise; it simply does not pay such employees for all hours worked, and caps their paychecks at 80 hours per two week pay period.  Again, by doing so, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

26.     In addition, hourly workers were regularly instructed to clock out, and continue working after doing so, in order for each store to maintain its Sundance-

9

imposed labor metrics.

27.    Throughout the course of their employment, Plaintiffs were directed by Sundance and its agents to perform work, were allowed to work, and did work every week in excess of forty (40) hours per week.

28.    All employees with a "manager" title were expected to abide by strict labor hour limits per store.   As a result, hourly "shift managers" were often required to clock out out of Sundance's payroll timekeeping system, while still continuing to work, in order to ensure that a store's labor hours did not exceed the set quotas.

29.    Often, shift managers were required to clock out during their breaks, continue to work through their breaks, and then clock back in after their "breaks."

30.    Most of Sundance's locations are open until 3 am, and then re-open at 6 am.   As a result, many employees with a "manager" title, whether salaried or hourly, would sleep at the store for the three hours during which the location was closed, since they were expected to re-open the store the next morning.

31.    The provisions of the FLSA, 29 U.S.C. § 207, require Sundance to compensate non-exempt employees who work in excess of forty (40) hours in a workweek at a rate of one and one-half times their regular rate of pay.

32.    Contrary to the above statutory enactment, Sundance adopted a policy and practice of failing to pay Plaintiffs and all similarly situated individuals an

overtime wage at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek. It further adopted a policy and practice of, by clocking out Plaintiffs yet requiring them to continue to work, failing to pay Plaintiffs and all similarly situated individuals their regular hourly rate for hours worked under 40 in a workweek..

33. Sundance willfully violated the FLSA by knowingly failing to compensate Plaintiffs overtime wages for the hours they worked in excess of forty (40) hours per week, and failing to compensation Plaintiffs their regular hourly rate for all hours worked under 40, according to the terms of the FLSA, 29 U.S.C. § 201, *et seq*.

## NATIONWIDE COLLECTIVE ACTION

34. Plaintiffs bring this case on behalf of themselves and all other Crew Members, Team Leaders, Shift Managers and other hourly employees who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter.

35. Plaintiffs bring this complaint under 29 U.S.C. § 216(b) of the FLSA. Plaintiffs and the Crew Members, Team Leaders, Shift Managers and other hourly employees are similarly situated in that they are all subject to Sundance's common plan or practice failing to pay them for all hours worked and/or of failing to pay them proper overtime wages.

11

2:16-cv-13598-GCS-RSW Doc # 45 Filed 10/05/17 Pg 9 of 16 PgID 1165

## LEGAL CLAIMS

### COUNT I –
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME WAGES AND FAILURE TO PAY MINIMUM WAGE

36.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

37.     At all times relevant to this action, Sundance was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq*.

38.     At all times relevant to this action, Plaintiffs were "employees" of Sundance within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

39.     At all times relevant to this action, Sundance "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

40.     At all times relevant to this action, Sundance failed to pay Plaintiffs the federally mandated wages and overtime compensation for all services performed. Specifically, Sundance failed to pay Plaintiffs regular wages for all hours worked under 40 in a work week, and failed to pay Plaintiffs overtime wages – or any wages at all - for all hours worked in excess of forty (40) hours per week.

41.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. §

12

207.

42.     In addition, Sundance is subject to the minimum wage requirements of the FLSA.

43.     Sundance violated the FLSA by failing to pay Plaintiffs the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

44.     Sundance also violated the FLSA by failing to pay Plaintiffs all minimum wages due to Plaintiffs.

45.     Sundance's violations of the FLSA were knowing and willful.

46.     By failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Sundance has violated the FLSA, 29 U.S.C. § 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

47.     The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, Plaintiffs are entitled to damages equal to the mandated minimum wage and overtime premium pay within three years preceding their filing of this Complaint plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

48.      Plaintiffs seek damages in the amount of their respective unpaid wages, overtime wages, liquidated damages as provided by 29 U.S.C. §216(b),

13

interest, attorneys' fees, and such other legal and equitable relief as the Court deems proper.

49.     Plaintiffs and all other similarly situated hourly employees, as described above, who opt into this litigation are entitled to compensation for all regular hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following:

A.     Certification of the described class under the FLSA;

B.     An award of overtime wages under the FLSA;

C.     An award of unpaid regular wages under the FLSA;

D.     An award of liquidated damages under the FLSA;

E.     A declaratory judgment that the practices complained of are unlawful under the FLSA;

F.     Interest and costs;

G.     Attorneys' fees under the FLSA; and

H.     Such other relief as in law or equity may pertain.

Dated:  October 5, 2017              By: /s/ *Jennifer L. McManus*
                                     Jennifer L. McManus (P65976)
                                     FAGAN MCMANUS, P.C.
                                     25892 Woodward Avenue
                                     Royal Oak, MI  48067-0910
                                     jmcmanus@faganlawpc.com

14

Megan A. Bonanni (P52079)
PITT MCGEHEE PALMER & RIVERS, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
mbonanni@pittlawpc.com

**ATTORNEYS FOR PLAINTIFFS**

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE WOOD,
CHARITIE DONAHUE,
ANDRE MURRAY,
REVELATION RUSSAW,
TRAVIS PIETRYKOWSKI, and
TABITHA MEADE,

      Plaintiffs,

-vs-

SUNDANCE, INC.,

      Defendant.

Case No. 16-cv-13598

Hon. George Caram Steeh
Mag. Judge R. Steven Whalen

| | |
|---|---|
| Jennifer Lossia McManus P65976<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiffs<br>25892 Woodward Ave<br>Royal Oak, MI 48067<br>(248) 542-6300<br>jmcmanus@faganlawpc.com<br><br>Megan A. Bonanni P52079<br>PITT MCGEHEE PALMER & RIVERS, P.C.<br>Attorneys for Plaintiffs<br>117 W. Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>mbonanni@pittlawpc.com | Scott C. Fanning<br>Joel W. Rice<br>FISHER & PHILLIPS LLP<br>Attorneys for Defendant<br>10 S. Wacker Dr., Ste. 3450<br>Chicago, IL 60606<br>(312) 346-8061<br>sfanning@fisherphillips.com<br>jrice@fisherphillips.com |

## RELIANCE ON JURY DEMAND

NOW COME Plaintiffs, by and through their attorneys, FAGAN MCMANUS,

P.C., and PITT MCGEHEE PALMER & RIVERS, P.C., and hereby rely on the jury

16

demand heretofore filed in this matter.

Dated:  October 5, 2017                    By: /s/ *Jennifer L. McManus*

Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
25892 Woodward Avenue
Royal Oak, MI  48067-0910
jmcmanus@faganlawpc.com

Megan A. Bonanni (P52079)
PITT MCGEHEE PALMER & RIVERS, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
mbonanni@pittlawpc.com

**ATTORNEYS FOR PLAINTIFFS**

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE WOOD,
CHARITIE DONAHUE,
ANDRE MURRAY,
REVELATION RUSSAW,
TRAVIS PIETRYKOWSKI, and
TABITHA MEADE,

     Plaintiffs,              Case No. 16-cv-13598

-vs-

                           Hon. George Caram Steeh

SUNDANCE, INC.,            Mag. Judge R. Steven Whalen

     Defendant.

| | |
|---|---|
| Jennifer Lossia McManus P65976<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiffs<br>25892 Woodward Ave<br>Royal Oak, MI 48067<br>(248) 542-6300<br>jmcmanus@faganlawpc.com | Scott C. Fanning<br>Joel W. Rice<br>FISHER & PHILLIPS LLP<br>Attorneys for Defendant<br>10 S. Wacker Dr., Ste. 3450<br>Chicago, IL 60606<br>(312) 346-8061<br>sfanning@fisherphillips.com<br>jrice@fisherphillips.com |
| Megan A. Bonanni P52079<br>PITT MCGEHEE PALMER & RIVERS, P.C.<br>Attorneys for Plaintiffs<br>117 W. Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>mbonanni@pittlawpc.com | |

## **PROOF OF SERVICE**

    I hereby certify that on October 5, 2017, I electronically filed:

## **AMENDED COLLECTIVE ACTION COMPLAINT**

18

## <u>RELIANCE ON JURY DEMAND</u>

with the Clerk of the Court using the ECF system which will send notification of

such filing to the following:

- Joel W. Rice   jrice@fisherphillips.com, jpierson@fisherphillips.com, jsmith@fisherphillips.com, kvandivier@fisherphillips.com

- Megan Bonanni   mbonanni@pittlawpc.com, rbell@pittlawpc.com

- Scott C. Fanning   sfanning@fisherphillips.com, jpierson@fisherphillips.com, kvandivier@fisherphillips.com

and I hereby certify that I have mailed by United States Postal Service the papers

to the following non-ECF participants:

___(none)___.

<div style="margin-left: 40%;">

Respectfully submitted,

FAGAN MCMANUS, P.C.

By: /s/ *Jennifer L. McManus*
   Jennifer Lossia McManus P65976
   Attorney for Plaintiff
   25892 Woodward Avenue
   Royal Oak, MI  48067-0910
   (248) 542-6300

</div>

Dated:  October 5, 2017        jmcmanus@faganlawpc.com