IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>SUNDANCE, INC.,<br><br>Defendant. | Case No. 4:18-cv-00316-JAJ-HCA<br><br><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY** |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

COUNTER STATEMENT OF FACTS..............................................................................2

[MICHIGAN] COLLECTIVE ACTION..........................................................................5

ARGUMENT .......................................................................................................................5

      A.     Defendant Fails to Establish the Wood Action Established
             Jurisdiction Over Out-of-State Employees ...........................................5

      B.     FLSA Collective Action Cases Implicating First-File Rule ...................7

      C.     The Cases Cited by Defendant are Easily Distinguishable..................10

      D.     Compelling Circumstances and the Interest of Justice –
             The Statute of Limitations.................................................................12

      E.     Judicial Estoppel Applies to Defendant's Argument ...........................15

      F.     Dismissal or Staying the Case is Completely Inappropriate ..............16

      G.     Transfer Will NOT Advance the Purpose of the First-Filed Rule.......17

CONCLUSION...................................................................................................................17

CERTIFICATE OF SERVICE.........................................................................................18

## INTRODUCTION

The Defendant's *Motion to Dismiss or, Alternatively, to Stay* (ECF 9; 9-1) (the "Motion") is an attempt to misuse the first-filed rule to evade liability for the illegal business practices alleged in Plaintiff's Complaint.  Defendant negotiated a deal in the Wood Action[1] to limit class certification to Michigan employees *only*, but now, argues those employees are still bound by the lawsuit they were excluded from.  The plaintiff in this action, Robyn Morgan ("Plaintiff"), was *not* notified of the Wood Action, nor is she currently eligible to join that action.  With each day that passes, the statute of limitations continues to run for Defendant's non-Michigan employees.  For those individuals, if the relief sought by Defendant in this Motion was granted, it would effectively act as an unlawful bar to the collective action provisions of 29 U.S.C. 216(b). Moreover, as discussed herein, at least one court in this circuit has determined the "first-filed rule" isn't even applicable to FLSA collective actions.

Plaintiff's Complaint (Doc. 1) essentially makes the point that, regardless of the parties' agreement to limit the scope of the class in the Wood Action, the Defendant's illegal wage and hour practices were *not* limited to their Michigan stores. Defendant's Motion correctly implies that, during the pre-suit investigation stage of Plaintiff's claim, Plaintiffs' counsel learned of the action pending in Michigan. *However*, Plaintiff and any other non-Michigan employee are not eligible to join that lawsuit.  Plaintiff had no choice, but to file her own lawsuit.

---

[1] *Wood v Sundance, Inc.*, Case No. 2:16-cv-13598-GCS-RSW (E.D. Mich. 2016).

To further simplify the Court's analysis of Defendant's Motion, if absolutely necessary, Plaintiff will agree to carve out all Michigan employees from her proposed class definition. However, Plaintiff should not be required to do so, since the initial proposed notice (as is standard with FLSA notices) contained the disclosure: "[y]ou are not required to join the Lawsuit. If you do not join, your rights are not affected." *See, Wood, et al. v. Sundance, Inc.*, Case No. 2:16-cv-13598 (E.D. Mich. 2016), ECF No. 15-2. To prohibit an employee from joining this case, simply because they chose not to participate in the Wood Action, would render that notice defective.

With that said, even if the Court prohibits Michigan employees from participating, there is no basis whatsoever to bar the collective claims of Defendant's non-Michigan employees. As discussed in more detail herein, the Wood Action is at a *very* late stage in the litigation process – discovery closes in a matter of days, the deadline to disclose witnesses has already passed, the deadline to opt-in has long passed, and a trial date has been sent for this coming June.

## COUNTER STATEMENT OF FACTS

Defendant, Sundance, Inc., is "one of the largest franchisees in the Yum! Brands family, with 174 stores located throughout Iowa, Illinois, Indiana, Michigan, Ohio, and Wisconsin." *See*, http://www.perfecttacos.com/ (last visited on 11/16/18). Their "primary food brand is Taco Bell, but [they] also own stores that offer KFC,

Pizza Hut, and A&W quality food products."[2]    *Id*.    Plaintiff was employed at Defendant's restaurant in Osceola, Iowa. ECF 1, ¶ 3.

On October 7, 2016 the Wood Action was initiated against Defendant in the Eastern District of Michigan.  Several months later, on March 21, 2017, the Plaintiffs in the Wood Action moved for conditional certification of a nationwide class, pursuant to 29 U.S.C. 216b.  Defendant opposed the motion for conditional certification and filed a response in opposition of certification on May 15, 2017.  However, before the Court ruled on the motion, the parties reached a stipulated agreement for conditional certification. On June 21, 2017, based on agreement of the parties, a stipulated order was entered *partially* granting conditional certification of the following collective:

> "All Team Members, Shift Leads or other hourly employees that were employed with Defendant as an hourly employee at any of its Taco Bell locations **within the State of Michigan** at any time in the past three years from the date of this Order."

*Exhibit 1*, Wood Action – Stipulated Certification Order.

More than a year later, there has been no indication whatsoever that the plaintiffs in the Wood Action intend to seek certification of a collective outside of Michigan.  Defendant's Motion disingenuously argues that "Plaintiffs filed their Amended Collective Action Complaint on October 5, 2017, reaffirming their intention to seek a nationwide class."  *See*, Doc. 9-1, p. 4.  This assertion is false and an

---

[2] Defendant's Motion improperly assumes the present case only seeks certification of Defendant's Taco Bell stores; however, as stated in the Complaint: "Plaintiff brings this action on behalf of herself and all other Crew Members and other hourly employees who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter." ECF 1, ¶1.

intentional misrepresentation to the Court. In truth, the plaintiffs in the Wood Action filed the Amended Complaint to *narrow* the size of the class by dropping the named plaintiffs who were Shift Managers, Assistant Mangers, or General Managers and dropping their corresponding claims. In other words, the Amended Complaint had nothing to do with expanding the already certified Michigan class, and instead, the purpose of the Amended Complaint was to *reduce* the scope of the class to the agreed upon Michigan class.[3]

Cutting the Shift Leads and Managers out of the case was only part of the deal for certification of the collective. The other part of the deal was that the plaintiffs in the Wood Action wouldn't seek certification of class outside of Michigan. *See, Exhibit 1*, Wood Action – Stipulated Certification Order. This is a fact clearly established by Defendant's Answer to the First Amended Complaint, which states that this case only involves a Michigan Collective Action. The snapshot of Defendant's answer to the first amended complaint below illustrates that Defendant corrected what is pretty clearly a typo in the amended complaint, specifically, in the collective action allegations section, Defendant replaced the word "Nationwide" with "Michigan."

---

[3] The Stipulated Conditional Certification Order stated "Plaintiffs are not to seek class certification regarding Defendants' employees that held salaried positions." *See, Exhibit 1*.

4

## [MICHIGAN] COLLECTIVE ACTION

34.     Plaintiffs bring this case on behalf of themselves and all other Crew Members, Team Leaders, Shift Managers and other hourly employees who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter.

**ANSWER:** Defendant admits that Plaintiffs purport to bring this case as a collective action with respect to Crew Members, Team Leaders, Shift Managers and other hourly employees in Michigan. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief under the FLSA. Defendant further denies that this action is properly maintained on behalf of any alleged similarly situated employees.

*Exhibit 2*, Wood Action – Defendant's Answer to First Amended Complaint.

Perhaps the most indicative fact that the Wood Action does not involve, and will not involve, any out of state employees is the stage of that litigation the case is in. According to the most recent Scheduling Order in the Wood Action, discovery will close on 12/11/18. To date, no discovery has been done on any putative collective member outside of Michigan. The final date to disclose witnesses has already elapsed, and dispositive motions must be filed no later than 1/25/2019. Trial is scheduled for 6/25/19. *Exhibit 3*, Wood Action – Scheduling Order.

## ARGUMENT

### A. Defendant Fails to Establish the Wood Action Established Jurisdiction Over Out-of-State Employees

As a preliminary matter, in order for the first filed rule to apply in any situation, Defendant must first establish that jurisdiction over Plaintiff's claims was

5

established elsewhere.  *See, U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990), quoting *Orthmann v. Apple River Campground Inc.,* 765 F.2d 119, 121 (8th Cir.1985) ("The well-established rule is that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case.")

"A collective action to recover damages permitted by the FLSA 'may be maintained against any employer ... in any Federal or State court of competent jurisdiction by anyone or more employees for and on behalf of himself or themselves and other employees similarly situated.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 801 (8th Cir. 2014), *aff'd and remanded*, 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016) (quoting 29 U.S.C. 216(b)).  However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

In the Wood Action, no employee outside of Michigan is a named plaintiff, nor has any non-Michigan employee filed a consent to sue form or been be given the opportunity to join that case.  Although the complaint in the Wood Action initially alleged a nationwide class, no such class was ever certified, and Defendant's answer to the amended complaint acknowledges that the nationwide class claims were abandoned.  (*See above,* Defendant's Answer to Amended Complaint.)  Accordingly, the Defendant's Motion seeks to apply the first-filed rule on the basis that jurisdiction *could* have been established elsewhere, not that it was established.

6

If the claims of non-Michigan employees are not being represented in the Wood Action, then jurisdiction the non-Michigan employees has not been established elsewhere. However, if by some stretch the Court determines the non-Michigan employees are being represented in the Wood Action, then counsel for the putative collective is doing a wholly inadequate job because they have not moved for class certification (outside of Michigan) more than two years after filing suit. As discussed below, this implicates serious concerns about the statute of limitations.

**B. FLSA Collective Action Cases Implicating First-Filed Rule**

In applying the FLSA, "we must liberally construe it 'to apply to the furthest reaches consistent with congressional direction' in fulfillment of its humanitarian and remedial purposes." *Perez v. Contingent Care, LLC*, 820 F.3d 288, 292 (8th Cir. 2016) (citing *Mitchell v. Lublin, McGaughy & Associates,* 358 U.S. 207, 211 (1959)). "Of course courts should construe statutes so as to avoid absurdity or injustice if it can be done under the language employed, but if the intention of the legislative body clearly appear from the plain words of the act the presumption is that such body has said what it meant and intended." *Echols v. Comm'r of Internal Revenue*, 61 F.2d 191, 192 (8th Cir. 1932). **"The plain language of Section 216(b) does not prohibit employees from bringing more than one collective action based on the same alleged violations."** *Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 598 (E.D. La. 2013). It is against this back drop that the following FLSA collective actions were decided, each in which the Defendant sought to invoke the first-filed rule.

7

In *Yates v. Wal-mart Stores, Inc.*, 58 F. Supp. 2d 1217 (D. Colo. 1999), the Court addressed whether to allow two FLSA collective actions involving identical issues and parties to *simultaneously* proceed against the same defendant, or, whether the first-filed rule barred the second collective action.  The two cases presented "identical issues" and "each of the plaintiffs was given the opportunity to opt-in to [the original action]." *Id*. 1218.  The District Court agreed with the magistrate judge that "there is nothing in the language of the FLSA which would suggest a Congressional intent to absolutely preclude FLSA claims by those who receive notice of a collective action, but fail timely to opt in." *Id*.

The *Yates* case presents a situation nearly identical to the present case. Namely, the subsequent action sought certification based on the same issues and for the same class members, all while the original action was still pending.  Just like this case, the opt-in period for employees had closed.  Of course, unlike *Yates*, in the present case, Defendant's non-Michigan employees (the vast majority of the putative class) did *not* receive notice and are *not* eligible to join the original action.

In *Atkins*, the defendant sought to invoke the first-filed rule to prohibit the plaintiff from bringing a second, allegedly duplicative, collective action under the FLSA that arose out of the same allegations as the original action.  *Atkins*, at 597. After the plaintiff sought to certify the same class that was certified in the original action, based on the same theories of liability, the defendant attempted to invoke the first-filed rule.  Although the situation in *Atkins* is remarkably similar to the present case, there are two distinctions: (1) the class members had already received notice of

8

the original action, but chose not to participate; and (2) the subsequent action was filed a few months after the resolution of the original action. The first point obviously weighs heavily in favor of declining to invoke the first-filed rule in this case because the class members in this case did not receive notice of the original action. To the extent Defendant seeks to capitalize on the second point, the Court should think twice, because the basis of the Court's decision in *Atkins* was that there was "no other action [] pending that would allow plaintiffs to opt in." *Id.* 602. Currently, there is no other action pending that would allow the non-Michigan employees to opt-in.

Moreover, at least one court in this circuit has outright refused to apply the first-filed rule to FLSA collective actions. *See, Arnold v. DirecTV, Inc.*, 2011 WL 839636, at \*4 (E.D. Mo. Mar. 7, 2011) ("**Although several district courts have applied the first-filed rule to FLSA collective actions, this Court is not convinced that the rule is a good fit for such actions**. Generally, the rule is applied when the two cases are between the same parties litigating essentially the same issue, with one party being the plaintiff in one case and the defendant in the other, and vice versa. The decision of whether to apply the first-filed often turns on whether one party unfairly "raced to the courthouse." This is not the case here.") (internal citations omitted).

Furthermore, in *Arnold*, the court explained that the "[a]pplication of the rule in the FLSA opt-in collective action context would, in theory, limit all potential members of a nation-wide class to opt into just one and the same collective action in all the federal district courts. Defendants have not pointed to anything in the FLSA

itself that indicates that such a situation was intended. The Court notes that the prejudice claimed by Defendants resulting from having to defend against two (or more) contemporaneous lawsuits raising the same FLSA claims could be mitigated by Defendants availing themselves of multidistrict litigation options." *Arnold*, at \*4 (E.D. Mo. Mar. 7, 2011).

Another case that is remarkably similar to the present case is *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142 (E.D. Cal. 2010). In *Adoma*, another FLSA collective action, the court acknowledged that the defendant had technically met each element of the first-filed rule. Furthermore, the first-filed case was in the early stages of litigation and pending litigation. However, "[u]nder the totality of the circumstances," the Court declined to apply the first-field rule because:

"the statute of limitations for members of plaintiff's proposed collective action runs until the class member opts in to the action. Here, plaintiffs have presented some evidence that the collective action proposed in [the first-filed action], if certified, has a reasonable chance of being limited to Pennsylvania residents. As such, it seems possible that the rights of potential collective members in every other jurisdiction may be seriously infringed. Moreover, to the extent that delays in [the first-filed action] are the result of ineffective lawyering by plaintiffs' counsel, as plaintiff contends, class members nationwide may be harmed by not allowing Adoma's case to move forward to at least collective action certification … The court is persuaded that the equities in this case tip in favor of an exception to the first-to-file rule. Specifically, the [the first-filed action] case has not advanced even to certification."

*Id*. at 1150.

## C. The Cases Cited by Defendant are Easily Distinguishable

In the proper circumstances, the first-filed rule makes good sense. However, a closer look at the cases cited by Defendant in which courts applied the first-filed rule illustrate circumstances which are *not even remotely similar* to the present case. In

fact, the Defendant failed to cite any FLSA cases whatsoever.   The table below provides a brief synopsis of the circumstances in several of the cases cited by Defendant in which the first-filed rule was considered (and in some cases applied):

| Cited by Defendant | Distinguishing Factors |
|---|---|
| *Northwest Airlines, Inc. v American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). | Northwest filed an action for declaratory judgment in Minnesota seeking to establish its hiring of American's employees was lawful.  Six weeks later, American filed an action in Texas to establish the opposite, namely, that the hiring of the employees was unlawful.   The "First-Filed Rule" was applied. |
| *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Haydu*, 675 F.2d 1169 (11th Cir. 1982 | Plaintiff, a stockholder sued defendant, Merrill Lynch alleging negligence, fraud, and breach of fiduciary duties in handling her stock options. Defendant removed the case from state to federal court and sought to compel arbitration.  The federal court remanded the case to state court, where it was determined the claim was nonarbitrable. However, defendant simultaneously filed a separate petition to compel arbitration in federal court. The "First-Filed Rule" was applied. |
| *Allstate Ins. Co. v Clohessy*, 9 F. Supp. 2d 1314 (M.D. Fla 1998) | Dispute between an auto insurer (plaintiff Allstate) and their insured (defendant Clohessy).   Plaintiff filed a lawsuit for declaratory relief regarding the payment of uninsured motorist benefits, and, seven months later, defendant filed a lawsuit seeking a declaratory judgment in another court regarding the same uninsured motorist benefits (same contract). Defendant was the first party to perfect service and sought to enforce the first-filed rule against Allstate.  The Court *refused* to enforce the first to file rule because Clohessy simply did not file first – he just served first – after he avoided service from Allstate. |
| *Save Power Ltd. v Syntek Fin. Corp.*, 121 F.3d 947 (5th Cir. 1997) | The court summarized its reasoning for applying the first-filed rule in stating "[b]oth the Original Action and the present case center on the question of whether [plaintiff] can proceed with foreclosure on any or all of its security interest in the assets of [a specified corporation] under the terms of the Subordination Agreement (a contract in both cases). Although not all the same parties were involved in the original action and subsequent one, both cases revolved around the |

11

| | various parties rights under the same contractual agreement. |
|---|---|
| *Manuel v Convergys Corp.*, 430 F.3d 1132 (11th Cir. 2002) | A dispute between an employee, plaintiff Manuel, and his employer, defendant Convergys, over a non-compete agreement. The plaintiff filed an action in Georgia, then six days later the defendant filed an action in Ohio, both cases arguing either side of the non-compete agreement. |

Clearly, the cases cited by Defendant are distinguishable from the present situation. Aside from having nothing to do with FLSA collective actions, in each of the cases cited by Defendant, the parties on both sides at least had the opportunity to litigate there claims somewhere. Under the circumstances of this case, the relief sought by Defendant's motion would prevent Plaintiff's 216(b) claims from being heard in *any* court.

**D. <u>Compelling Circumstances and the Interest of Justice – The Statute of Limitations</u>**

The first-filed rule "is not intended to be rigid, mechanical, or inflexible," but is to be applied in a manner best serving the interests of justice. *U.S. Fire Ins. Co.*, 920 F.2d at 488. The matter is one of discretion for the trial court. *Id.* at 487. "The rule, however, yields to the interests of justice, and will not be applied where a court finds 'compelling circumstances' supporting its abrogation. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).

The purpose of Defendant's Motion is not to conserve judicial resources or avoid conflicting rulings. Instead, the purpose of Defendant's Motion is to run out the statute of limitations for any non-Michigan employees. The Wood Action was filed more than two years ago! To date, the non-Michigan employees have not been

provided with notice of the action, nor has any effort been made to represent their interests.

The FLSA statute of limitations is only two years, and extended to three for a willful violation. 29 U.S.C. § 255(a).  If notice is not issued early in a case, a great number of employees will lose their claims due to nothing more than the passage of time because the statute of limitations continues to run, day-by-day, until the employee files a consent to sue with the Court.  *See*, 29 U.S.C. 216(b).  District courts often recognize the great prejudice that befalls employees when notice of a collective action is not issued in a timely fashion. *See, LaFleur v. Dollar Tree Stores, Inc.*, 2012 WL 4739534, at *3 (E.D. Va.) ("Because the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action . . . courts have concluded that the objectives to be served through a collective action justify the conditional certification of a class of putative plaintiffs early in a proceeding"); *see also Taylor v. Pittsburgh Mercy Health Sys., Inc.*, 2009 WL 1324045, at *2 (W.D. Pa.) ("time is of the essence for purposes of FLSA notice because the statute of limitations is not tolled until a potential plaintiff opts into the proposed collective action"); *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007); *Smith v. Lowe's Cos., Inc.*, Case No. 2:04-cv-774, 2005 WL 6742234, at *4 (S.D. Ohio May 11, 2005). These decisions recognize that because most employees will not know about a collective action before receiving court-authorized notice, those employees cannot join the case until after that notice is sent and will have lost a large portion of their claim(s) by the time they do join.

When there is a delay in determining whether to conditionally certify a class, numerous FLSA violations may persist without redress due to nothing more than the running statute of limitations. Indeed, defendant employers could easily eliminate all FLSA exposure by simply running out the clock.  Conversely, employees who lack meritorious claims or who are not ultimately found to be "similarly situated" to the named plaintiffs in a given case receive no structural advantage from early court-facilitated notice. These employees still must prove their case on the merits, and they still must withstand a stage-two decertification analysis in order to proceed in the group action.  In sum, the only plausible purpose for delaying early notice is to foreclose the vindication of valid claims under the FLSA.

The lack of a class-wide tolling of the statute of limitations in FLSA cases should cause the Court to favor providing notice to other similarly situated persons of their "opt in" rights at the earliest stage of the litigation. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997).  Failing to provide such prompt notice frustrates the FLSA's broad remedial purposes and its specific grant of collective action rights to employees. *See, Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d 819, 828-29 (E.D. Mich. 2009); *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995).[4]

---

[4] In *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Supreme Court discussed the benefits of utilizing a collective action, but noted: "[t]hese benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. *Id.* at 170.

14

Considering the lack of activity in the Wood Action and the wasting away of putative class members' statute of limitations, the interest of justice would not be served by applying the first-filed rule to this case. Again, due to Defendant's deal in the Wood Action to limit the scope of the class, Plaintiff and the putative class have no choice, other than to proceed in their own collective action.

### E.  Judicial Estoppel Applies to Defendant's Argument

In the Wood Action, Defendant filed a thirty-seven page response in opposition to the plaintiffs' request for conditional certification of a nationwide class. One of its primary arguments was that the scope of the class should be limited because non-Michigan employees were different than Michigan employees. *See*, *Wood, et al. v Sundance, Inc.*, Case No. 2:16-cv-13598 (E.D. Mich. 2016), ECF No. 22 ("Opposition to Conditional Certification"). The position of Defendant in opposition of conditional certification is irreconcilable with its position on the current motion.

In opposition of conditional certification, Defendant claimed out of state employees were not similarly situated to the Michigan employees. Specifically, Defendant argued "[i]f any class is to be certified here at all, which it should not, the scope must be severely limited … plaintiffs have not tendered a single declaration from anyone employed in Sundance stores outside of Michigan." Opposition to Conditional Certification, at p. 33. "Resolution of Plaintiffs' pay/time clock claims would be rife with individual determinations, as it would require testimony from each potential plaintiff about the actions of low level supervisors at each store." *Id.*, p. 31.

15

"Administering such a large class with such a diverse body of plaintiffs will place an undue burden on the Court and Sundance." *Id.*, p. 33.

None of these arguments are consistent with Defendant's position on the present motion. The principle of judicial estoppel should bar Defendant from representing to a Michigan Court that, for example, non-Michigan employees are not similarly situated to Michigan employees, but then subsequently argue to this Court that the employees *are* all similarly situated.[5]

## F. Dismissal or Staying the Case is Completely Inappropriate

The Defendant's request that this action be dismissed or stayed is, frankly, outrageous. Defendant seeks these remedies because they claim "these classes are *destined* to encompass many of the same individuals." However, they make this argument after cutting a deal with the plaintiff's counsel in the Wood Action to exclude all non-Michigan employees, such as Robyn Morgan. It is completely disingenuous to argue to this Court that plaintiffs *might* still try to move for certification of a nationwide collective, when discovery is closing in less than two weeks and no discovery has been conducted on any non-Michigan employees. Not to mention, Defendant's answer to the amended complaint makes it clear the Wood Action *only* involves a Michigan collective. Again, Defendant misrepresented to this Court the true purpose of filing the amended complaint in the Wood Action, which

---

[5] In their opposition to conditional certification, Defendant argued "[e]ach Sundance store is managed locally by an RGM (regional general manager) and/or AGM (area general manager)." *Id.*, p. 6. Therefore, "resolution of Plaintiffs' pay/time clock claims would be rife with individual determinations, as it would require testimony from each potential plaintiff about the actions of low level supervisors at each store." *Id.*, p. 31.

16

was to *narrow* the class. For these reasons, and the other reasons set forth herein, the Court should deny Defendant's request to dismiss or stay the case because there are no grounds to dismiss or stay the case – and to do so would be a total injustice.

### G. Transfer Will NOT Advance the Purpose of the First-Filed Rule

The Wood Action is at an extremely advanced stage of the litigation process, in fact, it is set for trial this coming July. The deadline to disclose witnesses has long passed, the opt-in period expired over a year ago, discovery closes on 12/11/18, and the dispositive motion deadline is 1/25/19. If this case were to be transferred, then the Eastern District of Michigan would have to re-litigate the entire case. If "[t]he primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings," then transferring this case will not serve to advance the purposes of the first-filed rule. *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998) (*citing Nw. Airlines, Inc.*, 989 F.2d at 1006). Instead, transferring the case to the Eastern District of Michigan would derail the Wood Action and deprive Plaintiff Robyn Morgan of choosing her venue.

### CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

Respectfully Submitted,

*/s/ Paige Fiedler*
FIEDLER LAW FIRM, P.L.C.

17

Paige Fiedler AT0002496
paige@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923

Jason J. Thompson
(Pending Pro Hac Vice)
Charles R. Ash, IV
(Pending Pro Hac Vice)
SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiff
One Towne Square, Suite 1700
Southfield, MI 48067 PH:
(248) 355-0300
jthompson@sommerspc.com
crash@sommerspc.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2018, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system which will service

notification upon all counsel of record via electronic mail.

Dated:  November 21, 2018                    */s/ Paige Fiedler*
                                              FIEDLER LAW FIRM, P.L.C.
                                              Paige Fiedler AT0002496
                                              paige@employmentlawiowa.com
                                              8831 Windsor Parkway
                                              Johnston, IA 50131
                                              Telephone: (515) 254-1999
                                              Fax: (515) 254-9923

18