IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>SUNDANCE, INC.,<br><br>Defendant. | Case No. 4:18-cv-00316-JAJ-HCA<br><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY** |

## INDEX OF EXHIBITS

Exhibit 1    Wood Action - Stipulated Order Certification Order

Exhibit 2    Wood Action – Defendant's Answer to First Amended Complaint

Exhibit 3    Wood Action – Scheduling Order

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLENE FLANAGAN,
TRAVIS PIETRYKOWSKI,
MICHELLE WILKINS, and
DENISE WOOD,

     Plaintiffs,

-vs-

SUNDANCE, INC.,

     Defendant.

Case No. 16-cv-13598

Hon. George Caram Steeh
Mag. Judge R. Steven Whalen

| | |
|---|---|
| Jennifer Lossia McManus P65976<br>FAGAN MCMANUS, P.C.<br>Attorneys for Plaintiff<br>25892 Woodward Ave<br>Royal Oak, MI 48067<br>(248) 542-6300<br>jmcmanus@faganlawpc.com<br><br>Megan A. Bonanni P52079<br>PITT MCGEHEE PALMER & RIVERS, P.C.<br>Attorneys for Plaintiff<br>117 W. Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>mbonanni@pittlawpc.com | Scott C. Fanning<br>Joel W. Rice<br>FISHER & PHILLIPS LLP<br>Attorneys for Defendant<br>10 S. Wacker Dr., Ste. 3450<br>Chicago, IL 60606<br>(312) 346-8061<br>sfanning@fisherphillips.com<br>jrice@fisherphillips.com |

**STIPULATED ORDER REGARDING CONDITIONAL CERTIFICATION
AND JUDICIAL NOTICE AND DENYING PLAINTIFFS' MOTION FOR
CONDITIONAL CLASS CERTIFICATION [D.E. 15] AS MOOT**

Case 2:16-cv-13598-GCS-RSW ECF No. 23 filed 06/21/17 PageID.591 Page 2 of 10

This matter having come before the Court pursuant to the stipulated agreement of the parties as represented by counsel, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Conditional Certification and Judicial Notice is GRANTED in part pursuant to the Parties' agreement and limited to Defendant's hourly employees that were employed at any of Defendant's Taco Bell locations within the State of Michigan.

IT IS FURTHER ORDERED that the putative class for the instant action is defined as:

> All Team Members, Shift Leads or other hourly employees that were employed with Defendant as an hourly employee at any of its Taco Bell locations within the State of Michigan at any time in the past three years from the date of this Order.

IT IS FURTHER ORDERED that within thirty days of the date of this Order, Defendant is to provide Plaintiffs a list in electronic and importable format ("Excel Spreadsheet"), of all persons employed by Defendant as Team Members, Shift Leads or other hourly employees that were employed with Defendant at any of its Taco Bell locations at any time in the past three years, including their name, job title, address, e-mail address, dates of employment, location of employment, date of birth and last four digits of their Social Security number.

IT IS FURTHER ORDERED that Plaintiffs may thereafter send a Notice of Pendency of FLSA Lawsuit and Consent to Join, attached as Exhibit A to the instant

Order, to all persons identified by Defendants in the above-mentioned Excel Spreadsheet within ten days of service of such spreadsheet.

IT IS FURTHER ORDERED that putative class members may sign and return their Consents to Join to either the Court or Plaintiffs' counsel up to and including the 75th day after Defendant provides Plaintiffs with the putative class list contained within the Excel Spreadsheet.

IT IS FURTHER ORDERED that Plaintiffs are not to seek class certification regarding Defendants' employees that held salaried positions with Defendants and Plaintiffs hereby withdraw any class wide claims as to Defendant's salaried employees.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Conditional Class Certification [D.E. 15] is DENIED as moot.

s/George Caram Steeh
U.S. DISTRICT JUDGE

Dated:  June 20, 2017
Approved as to form and substance:

/s/ *Jennifer L. McManus*
Jennifer Lossia McManus P65976
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff

/s/ *Joel W. Rice* w/ consent
Joel W. Rice
Scott C. Fanning
FISHER & PHILLIPS LLP
Attorneys for Defendant

s/ *Megan A. Bonanni*
Megan A. Bonanni P52079
PITT MCGEHEE PALMER & RIVERS, P.C.
Attorneys for Plaintiff

*JOLENE FLANAGAN, TRAVIS PIETRYKOWSKI, MICHELLE WILKINS and DENISE WOOD, on behalf of themselves and all others similarly situated,*

*v.*

*SUNDANCE, INC.,*

*Case No. 16-13598*

## NOTICE OF PENDENCY OF FLSA LAWSUIT AND CONSENT TO JOIN

### ***IMPORTANT NOTICE ADVISING YOU OF YOUR LEGAL RIGHTS***

To:     Team Members, Shift Leads and other hourly employees that were employed with SUNDANCE, INC. at any of its Taco Bell locations in the State of Michigan between [three years before today's date] and [today's date].

Re:    Collective action lawsuit against SUNDANCE, INC.

## I.    Introduction

The purpose of this Notice is to advise you of a Fair Labor Standards Act ("FLSA") overtime lawsuit that has been filed against SUNDANCE, INC.  As a current or former Team Member, Shift Lead, or other hourly employee of a SUNDANCE, INC. owned Taco Bell located in Michigan, you may be eligible to join the pending litigation because you are potentially similarly situated to the Plaintiffs who initiated the lawsuit.  You may have legal rights in connection with that suit.  This notice seeks to inform potential plaintiffs of the lawsuit and how to join the litigation if they so desire.

## II.    The Lawsuit

On October 10, 2016, JOLENE FLANAGAN, TRAVIS PIETRYKOWSKI, MICHELLE WILKINS and DENISE WOOD, on behalf of themselves and all others similarly situated filed this lawsuit against SUNDANCE, INC. ("Defendant").

The lawsuit alleges that Defendant failed to pay its hourly employees for all hours worked and also failed to pay its hourly employees overtime wages for

all hours worked over 40 in a work week.

Defendant denies all claims in this lawsuit. Specifically, Defendant denies Plaintiffs' allegations that it violated the Fair Labor Standards Act or failed to properly pay minimum and overtime wages and further denies that it is  liable for any unpaid wages under any legal theory.

You should understand that no determination has been made that Defendant illegally failed to pay its employees for all hours worked or failed to pay overtime wages, or that you, specifically, are owed compensation. The named Plaintiffs are continuing to litigate this matter which is pending. The right to recover for any plaintiff has not been established and is not guaranteed or certain. This Notice is for the sole purpose of providing certain current and former employees of Defendant with information concerning their right to join this lawsuit. Although this Notice has been authorized by the Court, the Court takes no position regarding the merits of Plaintiffs' claims or Defendant's defenses.

## III.    Your Right to Participate In This Lawsuit

This Notice is meant to advise you of your right to participate in this lawsuit. You have the right to join the Lawsuit by following the procedures outlined below. If you join this suit, you will become a plaintiff, subject to the Court's determination as to whether your claims are similar to those of the current named plaintiffs. If you join this suit, you may be required to respond to written requests for information and documents and appear for a deposition to answer questions under oath, or to testify at trial under oath. There may be costs and fees associated with participating in the lawsuit which you should discuss with a lawyer prior to joining the lawsuit.

You are not required to join the Lawsuit. If you do not join, your rights are not affected. You are not required to join this suit and need not return the Consent to Join form.  If you do not join the lawsuit, you will receive no money from this lawsuit for your FLSA claim to the extent any amount is awarded or settled upon. If you choose not to join this lawsuit, you retain any rights, if any, that you may have had under the Fair Labor Standards Act, and you are free to file your own lawsuit.

You have the right to consult with an attorney about this matter. The law firms of Fagan McManus, P.C. (Jennifer L. McManus) and Pitt, McGehee, Palmer and Rivers, P.C. (Megan A. Bonanni) represent the current plaintiffs in this case. If you have any questions with respect to this suit, you may contact

Plaintiffs' counsel, Jennifer L. McManus (248)542-6300, jmcmanus@faganlawpc.com or Megan A. Bonanni (248)398-9800, mbonanni@pittlawpc.com.

## IV.    Filing the Consent Form

If you wish to participate in the Lawsuit, you must have the enclosed "Consent to Join" form filed with the Clerk of the Court. If you do not sign and mail the "Consent to Join" form to the address listed below by _____ *or* file it directly with the Clerk of the Court by _____, you will not be permitted to seek compensation for the alleged failure to pay minimum wages and/or overtime wages in this case.

You have the following options (listed on the next page):

Option 1:

If you wish to retain current class counsel and participate in this FLSA lawsuit, by _____2017, you must sign and return the enclosed "Consent to Join" form to:

**Jennifer Lossia McManus (P65976)**
**Fagan McManus, PC**
**Attorneys for Plaintiff**
25892 Woodward Ave
Royal Oak, MI  48067
**(248) 542-6300**
**(248)542-6301 (fax)**
jmcmanus@faganlawpc.com

An attorney will contact you to discuss a retainer agreement. Once it is verified that you fit within the definition of the class, are otherwise qualified to proceed, and a retainer agreement is in place, Fagan McManus, PC will file the Consent to Join form with the Clerk of the Court on your behalf. If it is determined that you do not fit within the definition of the class, are not qualified to proceed, or, if the firm is unwilling to proceed on your behalf, you may still use Options 2 or 3.

Option 2:

You may wish to represent yourself or to obtain your own attorney, in such case you must file your own Consent to Join form with the Clerk by _____.

Clerk of the Court
U. S. District Court
Eastern District of Michigan
231 W. Lafayette Blvd
Detroit, MI  48226

Option 3:

You may do nothing. If you do not return the "Consent to Join" form or file your own consent form, you will not be eligible to participate in this lawsuit and will not be entitled to any compensation that may be awarded in the Lawsuit.

## V.     No Retaliation

Federal law prohibits Defendant from retaliating against you because of your decision to participate in this litigation or exercise your rights under the Fair Labor Standards Act.

## VI.     Court Neutrality

The Court is not endorsing the merits of the lawsuit or advising you as to whether to participate in this lawsuit. You are under no obligation to respond to this notice.

Dated: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLENE FLANAGAN,
TRAVIS PIETRYKOWSKI,
MICHELLE WILKINS, and
DENISE WOOD,

       Plaintiffs,                         Case No. 16-cv-13598

-vs-

                                         Hon. George Caram Steeh

SUNDANCE, INC.,                      Mag. Judge R. Steven Whalen

       Defendant.

_____/

## Consent To Join Collective Action And Be Represented By Fagan McManus, P.C. & Pitt, McGehee, Palmer and Rivers, P.C.

- I, _____, consent to join the above-captioned lawsuit seeking damages for unpaid overtime wages brought under the Fair Labor Standards Act.

- I am similarly situated to the named plaintiffs because, within the last two years

  - I have regularly worked over 40 hours per week as a Team Member, Shift Lead or other hourly employee while employed with Defendant at one of its Michigan locations and have not been paid for all hours worked and/or have not been paid overtime compensation.

- I authorize a steering committee composed of Denise Wood, Jolene Flanagan and Travis Pietrykowski to file and prosecute the above-captioned matter in my name, and I designate the steering committee to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims. While the steering committee is expected to attempt to reach consensus on issues, a simple majority vote will control.

6

■  I agree to be represented by the law firms of Fagan McManus, P.C. & Pitt, McGehee, Palmer and Rivers, P.C., counsel for the named plaintiffs Michelle Wilkins, Denise Wood, Jolene Flanagan and Travis Pietrykowski.

■  If this case is conditionally certified and later decertified, I authorize the steering committee's counsel to reuse this consent form to re-file my claims in a separate or related action against Defendants.

Date:_____


Signature: _____


Printed Name: _____

Address: c/o my counsel

Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Megan A. Bonanni (P52079)
PITT, MCGEHEE, PALMER AND RIVERS, P.C.
Attorney for Plaintiffs
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
mbonanni@pittlawpc.com

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DENISE WOOD,**
**CHARITIE DONAHUE,**
**ANDRE MURRAY,**
**REVELATION RUSSAW,**
**TRAVIS PIETRYKOWSKI, and**
**TABATHA MEADE,**

      Plaintiffs,

**vs.**

**SUNDANCE, INC.**

      Defendant.

Case No. 2:16-cv-13598-GCS-RSW

Honorable George Caram Steeh

| | |
|---|---|
| Jennifer Lossia McManus (P65976)<br>FAGAN MCMANUS, P.C.<br>25892 Woodward Ave.<br>Royal Oak, MI 48067<br>(248) 542-6300<br>jcmcmanus@faganlawpc.com | Joel W. Rice<br>Scott C. Fanning<br>FISHER & PHILLIPS LLP<br>10 S. Wacker Dr., Ste. 3450<br>Chicago, IL 60606<br>(312) 346-8061<br>sfanning@laborlawyers.com |
| Megan A. Bonanni (P52079)<br>PITT MCGEHEE PALMER & RIVERS, P.C.<br>117 W. Fourth St., Ste. 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>mbonanni@pittlawpc.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs* | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTFFS' AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant Sundance, Inc. ("Sundance" or "Defendant"), by and through the undersigned attorneys, hereby respectfully submits its Answer and Affirmative Defenses to Plaintiffs Denise Wood's, Charitie Donahue's, Andre Murray's, Revelation Russaw's, Travis Pietrykowski's, and Tabatha Meade's ("Plaintiffs") Amended Complaint as follows:

## INTRODUCTION

1.      This is an overtime and wage theft case. Plaintiffs are all adults residing and working within this judicial district and – during the relevant time – worked as hourly employees for defendant Sundance, Inc. ("Sundance"), a company that owns well over 150 Taco Bell franchises throughout the United States.

**ANSWER:** Defendant admits that this case is a purported collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and admits that the Complaint purports to bring claims for Defendant's failure to pay Plaintiffs and the putative class proper wages. Defendant further admits that it owns over 150 Taco Bell franchise restaurants in multiple states. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any

5

FPDOCS 33344383.1

relief under the FLSA. Defendant further denies that this action is properly maintained on behalf of any alleged similarly situated employees.

2.    This case is about Sundance's intentional minimum wage and overtime violations which arises from its willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. for failure to pay minimum wage and overtime wages for all hours of work performed by Plaintiffs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.    Plaintiffs bring action seeking damages, back pay, restitution, liquidated damages, and declaratory relief, civil penalties, prejudgment interest, reasonable attorneys' fees and costs, and any and all other relief that the Court deems just, reasonable and equitable in the circumstances.

**ANSWER:** Defendant admits that this Complaint purports to bring an action seeking damages, back pay, restitution, liquidated damages, and declaratory relief, civil penalties, prejudgment interest, and reasonable attorneys' fees and costs. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief under the FLSA.

## JURISDICTION AND VENUE

4.    This Court has subject-matter jurisdiction over Plaintiffs' FLSA

6

FPDOCS 33344383.1

Case 2:16-cv-13598-GCS-RSW    ECF No. 57    filed 10/15/17    PageID.12489    Page 4 of 24

claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

**ANSWER:** Defendant admits that this Court has subject-matter jurisdiction.

5.     Additionally, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

**ANSWER:** Defendant admits that this Court has subject-matter jurisdiction.

6.     Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

**ANSWER:** Paragraph 6 of Plaintiffs' Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that the FLSA applies to Defendant, but denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiffs or any other present or former employees are entitled to recover any relief.

7.     At all relevant times, Defendant owned and operated a business enterprise engaged in interstate commerce utilizing goods moved in interstate commerce as defined in 29 U.S.C. § 203(s).

7

**ANSWER:** Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Defendant's various franchise locations constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because they perform related activities, either through a unified operation or through common control for a common business purpose.

**ANSWER:** Paragraph 8 of Plaintiffs' Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      Defendant provides mutually supportive services to the substantial advantage of each entity and each are therefore operationally interdependent and may be treated as single "enterprise."

**ANSWER:** Paragraph 9 of Plaintiffs' Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims in this Complaint substantially occurred in this District.

**ANSWER:** Defendant admits that venue is proper in this District. Defendant denies all remaining allegations contained in Paragraph 10 of Plaintiffs'

8

FPDOCS 33344383.1

Complaint.

11.     This court has personal jurisdiction over Defendant because Defendant is incorporated in Brighton, Michigan and conducts business within the state of Michigan.

**ANSWER:** Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

## PARTIES

12.     Plaintiff  Denise Wood is a resident of the City of Casco, County of St. Clair, State of Michigan and was employed by Sundance from 2011-2016.  She worked as a Crew Member (2011) and a hourly Shift Manager for Sundance (2014) in the Richmond and Mt. Clemens, Michigan locations.

**ANSWER:** Defendant admits that Denise Wood was employed by Defendant from October 20, 2011 through July 15, 2016, and, at various times, had been assigned to stores located in Richmond and Mt. Clemens, Michigan. Defendant further admits that Plaintiff was hired as a Crew Member and was promoted to Shift Manager in 2014. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding residency, and, therefore, denies the allegation. Defendant denies all remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint.

9

FPDOCS 33344383.1

Case 2:16-cv-13598-GCS-RSW   ECF No. 57   filed 10/15/17   PageID.12519   Page 7 of 24

13.     Plaintiff Charitie Donahue is a resident of the City of Clinton Township, County of Macomb, State of Michigan and was employed by Sundance from May 2015 through December 2016.  She worked as an hourly team trainer for Sundance in the Mt. Clemens, Michigan location.

**ANSWER:** Defendant admits that Charitie Donahue was employed by Defendant from June 1, 2015 through December 12, 2016, as a crew member at its Mt. Clemens, Michigan location and its Clinton Twp., Michigan location. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding residency, and, therefore, denies the allegation. Defendant denies all remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Plaintiff Andre Murray is a resident of the City of Redford, County of Wayne, State of Michigan.  He worked as an hourly team trainer and shift leader at Sundance's Redford, Michigan location.

**ANSWER:** Defendant admits that Andre Murray was employed by Defendant from October 13, 2010 through December 4, 2014 and from June 22, 2016 through the present at its Redford, Michigan location. Defendant further admits that Plaintiff was hired as a crew member and was promoted to a Shift Manager on October 12, 2016. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding residency, and, therefore, denies

10

FPDOCS 33344383.1

the allegation. Defendant denies all remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Plaintiff Revelation Russaw is a resident of the City of Ann Arbor, County of Washtenaw, State of Michigan. She worked as an hourly shift supervisor at Sundance's Ann Arbor, Michigan location.

**ANSWER:** Defendant admits that Revelation Russaw was employed by Defendant from April 10, 2012 through November 3, 2014, at its Ann Arbor, Michigan location. Revelation Russaw was promoted to hourly shift supervisor on January 25, 2013. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding residency, and, therefore, denies the allegation. Defendant denies all remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Plaintiff Tabatha Meade is a resident of the City of Monroe, County of Monroe, State of Michigan and was employed by Sundance from December 2016 through May 2017 as an hourly crew member in its Ypsilanti location.

**ANSWER:** Defendant admits that Tabatha Meade was employed by Defendant from December 2016 through August 3, 2017, as a Crew Member at its Ypsilanti, Michigan location. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding residency, and, therefore, denies the allegation. Defendant denies all remaining allegations contained in Paragraph

11

16 of Plaintiffs' Complaint.

17.    Plaintiff Travis Pietrykowski is a resident of the City of China, County of St. Clair, State of Michigan.  He worked as a Crew Member for Sundance from late 2013 through late 2015 at the Richmond, Michigan location.

**ANSWER:** Defendant admits that Travis Pietrykowski was employed by Defendant from June 26, 2013 through July 17, 2016, as a Crew Member at its Richmond, Michigan location. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation regarding residency, and, therefore, denies the allegation. Defendant denies all remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.    Defendant Sundance, Inc. is a for-profit corporation incorporated in Brighton, Michigan and with locations throughout the State of Michigan.

**ANSWER:** Defendant admits the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

## GENERAL ALLEGATIONS

19.    Plaintiffs brings[sic] this action pursuant to 29 U.S.C. § 216(b) of the FLSA for his [sic] subjection to Sundance's improper wage and hour practices scheme at any time during the last three years.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

12

FPDOCS 33344383.1

20.    At least one Plaintiff, at various points within the past three years has experienced the following: 1) Sundance's failure to pay the Plaintiff for all hours worked; and/or 2) Sundance's failure to pay overtime wages for all hours worked over 40, when legally required to do so.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.    Sundance knew or should have known the business model it developed and implemented was unlawful under applicable laws. Nonetheless, Sundance continued to willfully engage in the violations described herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.    Sundance's hourly employees, including but not limited to Crew Members, Team Leaders and Shift Managers, are not paid for all hours worked. In fact, Sundance engages in a practice in which it "shifts" hours that an employee works during one week over to the following week, so that an employee's time records do not demonstrate that the employee worked over 40 hours in a given work week. Sundance maintains a white board in its office on which it keeps track of its employees' "shifted hours" from week to week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

13

Case 2:16-cv-13598-GCS-RSW ECF No. 57 filed 10/19/17 PageID.1255 Page 11 of 24

23.     By shifting its employees' houses [sic], Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     In addition, some employees simply were not paid at all for their "shifted over" hours.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     With regard to hourly employees that regularly work over 40 hours each work week, Sundance does not engage in the "shifting" exercise; it simply does not pay such employees for all hours worked, and caps their paychecks at 80 hours per two week pay period.  Again, by doing so, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     In addition, hourly workers were regularly instructed to clock out, and continue working after doing so, in order for each store to maintain its Sundance-imposed labor metrics.

14

**ANSWER:** Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Throughout the course of their employment, Plaintiffs were directed by Sundance and its agents to perform work, were allowed to work, and did work every week in excess of forty (40) hours per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. All employees with a "manager" title were expected to abide by strict labor hour limits per store. As a result, hourly "shift managers" were often required to clock out out [sic] of Sundance's payroll timekeeping system, while still continuing to work, in order to ensure that a store's labor hours did not exceed the set quotas.

**ANSWER:** Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Often, shift managers were required to clock out during their breaks, continue to work through their breaks, and then clock back in after their "breaks."

**ANSWER:** Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Most of Sundance's locations are open until 3 am, and then re-open at 6 am. As a result, many employees with a "manager" title, whether salaried or

15

hourly, would sleep at the store for the three hours during which the location was closed, since they were expected to re-open the store the next morning.

**ANSWER:** Defendant admits that some of Sundance's locations are open until 3 am, and then re-open at 6 am. Defendant denies all remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. The provisions of the FLSA, 29 U.S.C. § 207, require Sundance to compensate non-exempt employees who work in excess of forty (40) hours in a workweek at a rate of one and one-half times their regular rate of pay.

**ANSWER:** Paragraph 31 of Plaintiffs' Complaint constitutes a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant states that the provisions of 29 U.S.C. § 207 speak for themselves.

32. Contrary to the above statutory enactment, Sundance adopted a policy and practice of failing to pay Plaintiffs and all similarly situated individuals an overtime wage at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek. It further adopted a policy and practice of, by clocking out Plaintiffs yet requiring them to continue to work, failing to pay Plaintiffs and all similarly situated individuals their regular hourly rate for hours worked under 40 in a workweek.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

16

33.     Sundance willfully violated the FLSA by knowingly failing to compensate Plaintiffs overtime wages for the hours they worked in excess of forty (40) hours per week, and failing to compensation [sic] Plaintiffs their regular hourly rate for all hours worked under 40, according to the terms of the FLSA, 29 U.S.C. § 201, *et seq*.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

## [MICHIGAN] COLLECTIVE ACTION

34.     Plaintiffs bring this case on behalf of themselves and all other Crew Members, Team Leaders, Shift Managers and other hourly employees who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter.

**ANSWER:** Defendant admits that Plaintiffs purport to bring this case as a collective action with respect to Crew Members, Team Leaders, Shift Managers and other hourly employees in Michigan. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief under the FLSA. Defendant further denies that this action is properly maintained on behalf of any alleged similarly situated employees.

35.     Plaintiffs bring this complaint under 29 U.S.C. § 216(b) of the FLSA.

17

FPDOCS 33344383.1

Plaintiffs and the Crew Members, Team Leaders, Shift Managers and other hourly employees are similarly situated in that they are all subject to Sundance's common plan or practice failing to pay them for all hours worked and/or of failing to pay them proper overtime wages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

### LEGAL CLAIMS

### COUNT I –
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME WAGES AND FAILURE TO PAY
### MINIMUM WAGE

36. Plaintiffs re-allege and incorporate all previous paragraphs herein.

**ANSWER:** Defendant hereby incorporates its answers to the preceding paragraphs as though fully set forth herein.

37. At all times relevant to this action, Sundance was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq.*

**ANSWER:** Defendant admits the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. At all times relevant to this action, Plaintiffs were "employees" of Sundance within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

**ANSWER:** Defendant admits the allegations contained in Paragraph 38 of

18

Plaintiffs' Complaint.

39.     At all times relevant to this action, Sundance "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

**ANSWER:** Defendant admits the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.     At all times relevant to this action, Sundance failed to pay Plaintiffs the federally mandated wages and overtime compensation for all services performed. Specifically, Sundance failed to pay Plaintiffs regular wages for all hours worked under 40 in a work week, and failed to pay Plaintiffs overtime wages – or any wages at all - for all hours worked in excess of forty (40) hours per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

**ANSWER:** Paragraph 41 of Plaintiffs' Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant states that the provisions of 29 U.S.C. § 207 speak for themselves.

FPDOCS 33344383.1

42. In addition, Sundance is subject to the minimum wage requirements of the FLSA.

**ANSWER:** Defendant admits that it is subject to the FLSA's minimum wage requirements with respect to eligible non-exempt employees. Defendant denies all remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Sundance violated the FLSA by failing to pay Plaintiffs the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

**ANSWER:** Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Sundance also violated the FLSA by failing to pay Plaintiffs all minimum wages due to Plaintiffs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Sundance's violations of the FLSA were knowing and willful.

**ANSWER:** Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. By failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Sundance has violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29

20

U.S.C. §§ 207(a)(1) and 215(a).

**ANSWER:** Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, Plaintiffs are entitled to damages equal to the mandated minimum wage and overtime premium pay within three years preceding their filing of this Complaint plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

**ANSWER:** Paragraph 47 of Plaintiffs' Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant states that the provisions of 29 U.S.C. § 216(b) speak for themselves.

48.     Plaintiffs seek damages in the amount of their respective unpaid wages, overtime wages, liquidated damages as provided by 29 U.S.C. §216(b), interest, attorneys' fees, and such other legal and equitable relief as the Court deems proper.

**ANSWER:** Defendant admits that Plaintiffs' Complaint purports to seek damages in the amount of their alleged unpaid overtime wages, liquidated damages as provided by 29 U.S.C. §216(b), interest, attorneys' fees, and such other legal and equitable relief as the Court deems proper. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiffs

or any alleged similarly situated employees are entitled to recover any relief under the FLSA.

49.     Plaintiffs and all other similarly situated hourly employees, as described above, who opt into this litigation are entitled to compensation for all regular hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs seek the following:

A.     Certification of the described class under the FLSA;

**ANSWER:** Defendant denies that this action should be certified as a collective action.

B.     An award of overtime wages under the FLSA;

**ANSWER:** Defendant denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph B of the Prayer for Relief.

C.     An award of unpaid regular wages under the FLSA;

**ANSWER:** Defendant denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph C of the

22

FPDOCS 33344383.1

Case 2:16-cv-13598-GCS-RSW ECF No. 57 filed 10/19/17 PageID.1264 Page 25 of 24

Prayer for Relief.

     D.     An award of liquidated damages under the FLSA;

**ANSWER:** Defendant denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph D of the Prayer for Relief.

     E.     A declaratory judgment that the practices complained of are unlawful under the FLSA;

**ANSWER:** Defendant denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph E of the Prayer for Relief.

     F.     Interest and costs;

**ANSWER:** Defendant denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph F of the Prayer for Relief.

     G.     Attorneys' fees under the FLSA; and

**ANSWER:** Defendant denies that Plaintiffs or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph G of the Prayer for Relief.

     H.     Such other relief as in law or equity may pertain.

**ANSWER:** Defendant denies that Plaintiffs or any alleged similarly situated

23

FPDOCS 33344383.1

employees are entitled to recover any relief requested in sub-paragraph H of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims, in whole or in part, are barred by the doctrines of laches, estoppel, or waiver.

3.      Plaintiffs' claims are barred, in whole or in part, by the limitations periods applicable under the FLSA.

4.      Plaintiffs' and any alleged similarly situated employees' claims are barred to the extent they exceed the two-year statute of limitations set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

5.      Plaintiffs' and any alleged similarly situated employees' claims are barred to the extent they exceed the three-year statute of limitations set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

6.      Plaintiffs' and any alleged similarly situated employees' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

24

7.     Plaintiffs' claims for liquidated damages are barred because the Defendant at all times had a good faith, reasonable belief that its actions were in conformity with the law.

8.     Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exemptions, or credits under Section 7 of the FLSA.

9.     Plaintiffs' claims are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis.*

10.     Defendant had no knowledge of, nor should it have had knowledge of, any alleged uncompensated overtime work or any violation of the FLSA by Plaintiffs or any persons allegedly "similarly situated" to them, and Defendant did not authorize, require, request, suffer or permit such activity by Plaintiffs or any persons allegedly "similarly situated" to them.

11.     Plaintiffs' and any alleged similarly situated employees' claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiffs' and any alleged similarly situated employees' own conduct resulted in them not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

12.     Plaintiffs cannot satisfy the requirements to maintain a collective action under the FLSA.

25

FPDOCS 33344383.1

13.     Plaintiffs' claims are barred, in whole or in part, because Defendant exercised reasonable care and diligence to comply with the provisions of the FLSA by promulgating and implementing policies to comply with federal wage and hour laws and investigated and took prompt and appropriate remedial action upon notice of any alleged non-payment of wages. Further, Plaintiffs unreasonably failed to take advantage of the opportunities provided by Defendant to report, prevent, correct, or avoid the alleged non-payment of wages. For this reason, Defendant did not know any wages were due Plaintiffs, should not have known, and did not acquiesce in any alleged non-payment of wages. To the extent any such conduct was brought to Defendant's attention, it took immediate and appropriate corrective action.

Defendant expressly reserves the right to seasonably amend this Answer and to assert additional affirmative defenses upon further investigation and discovery in this matter.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiffs' Amended Collective Action Complaint with prejudice, award Defendant its reasonable costs and attorneys' fees, and provide Defendant with such other relief as the Court deems just and equitable.

Dated: October 19, 2017                    Respectfully submitted,

                                          /s/ Joel W. Rice

FPDOCS 33344383.1

Joel W. Rice
Scott C. Fanning
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061
*Attorneys for Sundance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and also served the foregoing upon to all counsel of record via electronic mail.

Dated: October 19, 2017                    Respectfully submitted,

                                           /s/ Joel W. Rice
                                           Joel W. Rice
                                           Scott C. Fanning
                                           Fisher & Phillips, LLP
                                           10 S. Wacker Dr., Ste. 3450
                                           Chicago, IL 60606
                                           (312) 346-8061
                                           *Attorneys for Sundance, Inc.*

27

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jolene Flanagan, et al,

                              CASE NUMBER 16-13598

        Plaintiff(s),

v.                              HON. GEORGE CARAM STEEH

                              MAG. JUDGE R. Steven Whalen

Sundance, Inc.,

        Defendant(s).
_____/

**SCHEDULING ORDER**

| | |
|---|---|
| **YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES** | |
| Witness Lists Filed By: | 8/3/18 |
| Discovery Cutoff: | 12/11/18 |
| Stipulation for Case Evaluation due: | ----------- |
| Dispositive Motions due: | 1/25/19 |
| Final Pretrial Order due: | 5/28/19 |
| Final Pretrial Conference: | 6/10/19 at 10:00 a.m. |
| Trial Date: | 6/25/19 at 9:00 a.m. |
| Estimated Length of Trial | |
| **JURY Trial** | |

      *Rule 26(a) Disclosures to be exchanged by 1/17/18

Telephonic status conference set for January 31, 2018 at 2:00 p.m.  Plaintiffs' should arrange conference call to Court.

I.           Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II.         DISCOVERY.  This Court will not order discovery to take place subsequent to the discovery cutoff date.  Parties may agree to extend the discovery and dispositive motion deadlines including an explanation for the request, by submitting a proposed stipulated order to the Court.  The Court may adjust the remaining dates accordingly.  Local Rule 26.2 generally prohibits filing discovery materials with the Clerk.  Violation of this rule may result in sanctions.

The court adheres to the model order relating to the discovery of electronically stored information (ESI) and expects the parties to follow the model order at their Rule 26(f) discovery conference, if applicable.

III.       WITNESSES.  The deadline for exchange of witness lists refers to all witnesses, lay and expert.

IV.       DISPOSITIVE MOTIONS.  When filing motions for summary judgment, parties shall proceed in accordance with the following:

          A.      Before filing a motion for summary judgment or responding to such a motion, the parties are urged to familiarize themselves with <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), and <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).  An excellent summary of these cases appears in <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472 (6th Cir. 1989).  <u>See</u> <u>also</u> Schwarzer, <u>Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact</u>, 99 F.R.D. 465 (1984).

          B.      Facts stated in the statement of material facts <u>must</u> be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits.

          C.      Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well established legal principles.  Instead, counsel should focus their analysis on a few well chosen cases, preferably recent and from controlling courts.   Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of the cases <u>must</u> be submitted along with the brief.

          D.      A party must obtain leave of court to file more than one motion for summary judgment.  For example, a challenge to several counts of a complaint generally must be in a single motion.  Local Rule 7.1(b)(2)

          E.      A courtesy copy of all pleadings exceeding 20 pages is required (with exhibits securely fastened)

V.        STIPULATION FOR MEDIATION must be submitted by the date set.   Referral to mediation panel will be made following receipt of the stipulation.

VI.       ORAL ARGUMENT ON MOTIONS.  Attorneys who do not respond to motions in a timely fashion will not be permitted to argue before the Court during oral argument.

VII.        FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER.  The Court has established a date for a final pretrial conference.  Following is the procedure counsel are to utilize to prepare for the final pretrial conference and the final pretrial order:

        A.      Counsel for all parties are directed to confer <u>in person (face to face) at their earliest convenience</u> in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph and (3) exchange documents that will be offered in evidence at the trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond to plaintiff's counsel and to offer their full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his or her duty to communicate with the Court.  Counsels' meeting shall be had sufficiently in advance of the date of the scheduled Conference with the Court so that counsel for each party can furnish all other counsel with a statement of the real issues the party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.  <u>Counsel for plaintiff then will prepare a draft final pretrial order and submit it to opposing counsel, after which all counsel will jointly submit</u>[1] <u>the proposed order by electronic filing on the date fixed for submission</u>.  All instructions contained within this order <u>must</u> be followed carefully; they will be binding on the parties  at trial.  If there are any pending motions requiring determination in advance of trial,[2] they should specifically be called to the Court's attention not later than the date of submission of the final pretrial order.

              The final pretrial order should provide for the signature of the Court, which, when signed, will become an Order of the Court.  <u>A PAPER JUDGE'S COPY IS TO BE SUBMITTED TO CHAMBERS IMMEDIATELY AFTER E-FILING</u>.

              <u>The proposed pretrial order shall strictly comply with the provisions and requirements of Local Rule 16.2, except as this Court may otherwise provide</u>.

        B.      Parties shall attend the final pretrial conference along with the attorneys who will try the case.  Those attorneys will familiarize themselves with the pretrial rules and will come to the conference with <u>full authority</u> to accomplish the purposes of Rule 16 (including simplifying the issues, expediting the trial and saving expense to litigants).  Counsel shall be prepared to discuss compromise settlement possibilities at the conference without the necessity of obtaining confirmatory authorization from their clients.  Parties themselves must attend the final pretrial conference unless the Court has agreed to other arrangements <u>prior to the date of the conference</u>.

VIII.       At least <u>ONE WEEK</u> prior to beginning of trial all counsel shall furnish to the court the following:

    A.      In jury cases, any requests for <u>VOIR DIRE,</u> proposed <u>JOINT JURY INSTRUCTIONS</u> and a proposed <u>JOINT VERDICT FORM</u>.  In jury cases, the parties are hereby ordered to meet and confer prior to trial to discuss jury instructions.  **No later than one week prior to the first day of trial, the parties are to file with the court a single complete set of proposed, stipulated jury instructions and verdict form (in paper and e-mailed to Chambers or on computer disc).**  All such instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").  In addition, each party shall separately file any additional proposed instructions to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

    B.      In non-jury cases, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW</u>.

    C.      A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

IX.       ITEMS FILED UNDER SEAL.   Pursuant to Local Rule 5.3, items filed under seal must be retrieved by counsel within 60 days after final judgment or appellate mandate, or the Court will order such items filed in the public case file.

X.       FILING BY ELECTRONIC MEANS - EXCEPTION TO LOCAL RULE 5.1.1.  A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and Proposed Jury Instructions (with disc)  MUST be delivered to the Court and labeled Judge's Copy.

**LR 16.2   Joint Final Pretrial Order**

**(a)   Joint Final Pretrial Order.** The parties shall furnish a joint final pretrial order in every civil case at, or if the judge requires, before the final pretrial conference.

> **(NOTE:  THIS COURT REQUIRES THAT THE JOINT FINAL PRETRIAL ORDER BE FURNISHED <u>AT LEAST ONE WEEK BEFORE</u> THE TIME SET FOR THE FINAL PRETRIAL CONFERENCE.)**

This joint final pretrial order shall fulfill the parties' disclosure obligations under Fed.R.Civ.P. 26(a)(3), unless the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order.  Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order.  Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order.  Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for plaintiff(s) or a plaintiff without counsel shall submit an original and one copy of the order to the assigned Judge for approval and adoption.  The order shall provide for the signature of the Court and, when signed and filed in the Clerk's Office, becomes an order of the Court, superseding the pleadings and governing the course of trial unless modified by further order. The pretrial order shall not be a vehicle for adding claims or defenses.  The order will not be filed in the Clerk's Office until the Judge has signed it.

**(b)   Contents of Order.**  The joint final pretrial order shall contain, under numbered and captioned headings, the following:

    **(1)   Jurisdiction.**  The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any party.

    **(2)   Plaintiffs' Claims.**  The statement of the claim or claims of plaintiffs shall include legal theories.

    **(3)   Defendants' Claims.**  The statement of the defenses or claims of defendants, or third parties, shall include legal theories.

    **(4)   Stipulation of Facts.**  The parties shall state, in separately numbered paragraphs, all uncontested facts.

    **(5)   Issues of Fact to be Litigated.**

    **(6)   Issues of Law to be Litigated.**

    **(7)   Evidence Problems Likely to Arise at Trial.**  Include objections to exhibits and to the use of deposition testimony, including the objections required under Fed.R.Civ.P. 26(a)(3). The order shall list all motions *in limine* of which counsel or a party without counsel should reasonably be aware.

    **(8)   Witnesses.**  Each party shall list all witnesses whom that party will call and all witnesses whom that party may call.  This listing shall include, but is not limited to, the

disclosures required under Fed.R.Civ.P. 26(a)(3)(A) and (B). A party may, without further notice, call a witness listed by another party as a "will call" witness. Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed. The list shall state whether the witness is an expert and whether testimony will be offered by deposition. Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to list a witness.

**(9)    Exhibits.**[3]  The parties shall number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed.R.Civ.P. 26(a)(3)(C). Objections to listed exhibits must be stated in the joint pretrial order. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to list an exhibit.

**(10)    Damages.**  The parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data. The parties shall stipulate to those damages not in dispute.

**(11)    Trial.**

        (A) Jury or non-jury.

        (B) Estimated length of trial.

**(12)    Settlement.**  Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and state the current status of negotiations and any plans for further discussions. They may state that they wish the Court to schedule a settlement conference.

**(c)    Failure to Cooperate.**  For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

**(d)    Filing of Trial Briefs, Findings and Instructions.**  The joint final pretrial order shall further provide that trial briefs, proposed findings of facts and conclusions of law in non-jury cases shall be filed on the first day of trial.

    **(NOTE:  THIS COURT REQUIRES THAT TRIAL BRIEFS, MOTIONS IN LIMINE, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN NON-JURY CASES, OR PROPOSED JOINT JURY INSTRUCTIONS AND A VERDICT FORM IN JURY CASES SHALL BE FILED ONE WEEK PRIOR TO THE TRIAL.**

    **DEPOSITIONS MUST BE PURGED WITHIN ONE WEEK PRIOR TO TRIAL;**

**OBJECTIONS TO DEPOSITIONS WAIVED UNLESS RAISED BY MOTION PRIOR TO TRIAL.)**

**(e)    Additional Requirements.**  A Judge, in an appropriate case, may add additional requirements to the joint final pretrial order, or may suspend application of this Rule, in whole or in part.

**(f)    Juror Costs Attributable to Parties.**  Each party shall also acknowledge that the Court may assess juror expenses under LR 38.3.

s/GEORGE CARAM STEEH
U.S. District Judge

Dated: December 11, 2017

1.  Counsel for plaintiff has primary responsibility for preparation of the final pretrial order and, in that respect, for its submission to opposing counsel in ample time for revision and timely filing.  Nonetheless, full cooperation and assistance of all other counsel are required for proper preparation of the final pretrial order and must therefore be extended.

2.  This includes motions in limine, disputes over specific jury instructions or the admissibility of any evidence at trial upon which the parties desire to present authorities and argument to the Court.

3.  COMMENT:  Under LR 16.2(b)(9), any objections based on foundation or authenticity will be deemed waived if not raised before trial.

10/16

HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE
231 WEST LAFAYETTE #238
DETROIT MI 48226
PHONE 313-234-5175  FAX 313-234-5364

CLERK:  MARCIA BEAUCHEMIN

STANDING ORDERS    Scheduling conferences held after answer filed, depending on nature of case and scheduling order issued.
Motion practice governed by provisions in the scheduling order.

CONFERENCES    Status conference held as needed or requested.
Settlement conference held upon request and as scheduled by the court prior to trial.

REMOVAL    Court will issue an order to show cause if removal appears inappropriate based upon the pleadings.  Generally no oral argument on motion to remand.

MOTIONS    Hearings held when requested by parties and/or as court determines appropriate.
Proposed orders are to be submitted electronically.
Strict compliance required with LR7.1 and 65.1.

TRO/INJUNCTION    Court rarely grants *ex parte* requests.
Follow requirements in LR 7.1 and 65.1.

DISCOVERY    Additional conferences scheduled upon request.
Witness lists must be exchanged 30 days prior to discovery cut-off.
Discovery motions frequently referred to magistrate judge.

MEDIATION    Civil cases referred after discovery cut-off and parties are encouraged to stipulate in writing to be bound by mediation sanctions.  It is not necessary, however, that sanctions be included in the stipulation.

PRETRIAL    Proposed Joint Final pretrial order due one week before final pretrial conference.
Witnesses may only be added to final pretrial order by stipulation of parties and leave of court.  All witnesses must be listed in final pretrial order.
Final pretrial conference held usually one week prior to trial, parties and/or persons with settlement authority must be present.  Proposed jury instructions due at conference.
File motions *in limine* no later than one week prior to trial.

TRIAL    Marked exhibits are to be exchanged three (3) days prior to trial.
Benchbook of exhibits required.
If trial briefs are requested by the court, they must be filed and exchanged one (1) week prior to trial.
Usually held 9 am  to 5 pm daily, except trials expected to last more than two weeks will run from 9 am to 1 pm..  All persons must be PROMPT.

NON-JURY    Submit proposed findings of fact/conclusions of law, one (1) week prior to trial.

JURY    *Voir Dire* by Court and counsel.  Submit proposed *voir dire* in writing, in advance.
**Joint** proposed jury instructions and verdict form due **one week before trial**.
Judge's courtesy paper copy required and should be e-mailed to court.

CRIMINAL    Court will consider Alford and *nolo contendere* pleas.
Presentence Reports required.  Rule 11 please routinely taken under advisement pending court review of presentence report.

Note: *Because of the substantial costs incurred in convening jurors, all counsel are advised that juror costs will be assessed in civil cases which settle on day of jury selection/trial.*

Scheduling Order / Page 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Plaintiff(s),

Case No.

vs.

HON. GEORGE CARAM STEEH
United States District Judge

Defendant(s).

_____/

### STIPULATED REQUEST FOR CASE EVALUATION

The undersigned hereby request that this case be referred for case evaluation to

the Wayne County Mediation Tribunal.  The parties agree to be bound by the provisions of the alternative

dispute resolution rule contained in Michigan Court Rule 2.403 including sanctions relating to costs and

attorney fees as provided by such rule.

Dated:

s/ NAME OF FILING USER _____
Attorney for _____
Firm Name (If applicable)
Street Address
City, State, Zip Code
Telephone Number
Primary Email Address
Attorney Bar No.

s/ WITH CONSENT OF NAME OF FILING USER
Attorney for _____
Firm Name (If applicable)
Street Address
City, State, Zip Code
Telephone Number
Primary Email Address
Attorney Bar No.

s/ WITH CONSENT OF NAME OF FILING USER
Attorney for _____
Firm Name (If applicable)
Street Address
City, State, Zip Code
Telephone Number
Primary Email Address
Attorney Bar No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Plaintiff(s),

Case No.

vs.

HON. GEORGE CARAM STEEH
United States District Judge


Defendant(s).

_____/


ORDER FOR FACILITATION

The parties having agreed with the approval of the Court that this case be submitted to facilitation, IT IS ORDERED THAT:

1. _____ is appointed Facilitator in this matter.

2. The Facilitator shall be paid at the rate of $_____ per hour, with the parties dividing the costs equally.

3. The Facilitation shall take place on _____ at _____ .

4. The following persons shall be present:
   A. Attorneys in principal charge of the case;
   B. Plaintiff(s);
   C. Defendant(s);
   D. Representatives of the parties with complete settlement authority.

5. Oral or written statements made for or during facilitation by anyone are inadmissible in any evidentiary proceeding. The facilitator may not be called to testify about the facilitation.


_____
Attorney for Plaintiff(s)

_____
Attorney for Defendant(s)


Dated:

_____
GEORGE CARAM STEEH
United States District Judge

✎AO 85 (Rev. 8/98)  Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

### Eastern District of Michigan

|  |  |
|---|---|
| Plaintiff(s), | NOTICE, CONSENT, AND ORDER OF REFERENCE EXERCISE OF JURISDICTION BY A UNITED MAGISTRATE JUDGE |
| vs. | |
| Defendant(s). | Case No. HON. GEORGE CARAM STEEH |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Scheduling Order / Page 11

## ORDER OF REFERENCE

      IT IS ORDERED that this case be _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____     _____

        Date                                                        United States District Judge

NOTE:      RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED
      <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.