IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals,<br>        Plaintiff,<br><br>vs.<br><br>SUNDANCE, INC.,<br>        Defendant. | Case No.:  4:18-cv-00316-JAJ-HCA |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY**

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or, Alternatively, to Stay ("Response") raises unfounded accusations and relies upon numerous factual inaccuracies. Defendant's opening brief clearly established that dismissal or a stay of Plaintiff's Complaint is warranted because, in light of a pending collective action in Michigan raising nearly identical claims, allowing Plaintiff's Complaint to proceed as a nationwide collective action will result in duplicative discovery, potentially conflicting District Court decisions, confusion amongst potential collective action members receiving multiple notices, inefficiency, and waste of judicial economy. Put simply, no amount of obfuscation on Plaintiff's part can detract from these facts.

**1.  The Wood Action is Not in its Final Stages.**

The Response characterizes the Wood action as at "a very late stage in the litigation process" in support of the proposition that it is too late for a nationwide collective action notice to be sent out in the Wood Action and the Wood Plaintiffs do not intend to pursue a nationwide collective action. [D. 10, pp. 4, 7, 12, 19]. Relying on an inoperative scheduling order, the Response asserts that discovery in the Wood Action closes in "a matter of days," the deadline to

1

disclose witnesses has passed, and a trial date has been set for June 2019. [D. 10, p. 4]. Contrary to Plaintiff's assertions, the referenced scheduling order entered on December 11, 2017 in the Wood Action is no longer operative. *See* Ex. A, *Decl. of Joel Rice*. On July 12, 2018, a telephonic status conference was held with Judge Steeh at the request of the parties to inform Judge Steeh that they were pursuing mediation and were concerned with the dates set in the scheduling order. *Id.*,¶ 4. Judge Steeh informed the parties not to be concerned about the schedule and that he would enter a new schedule after the parties' settlement discussions concluded. *Id.* Judge Steeh has not yet entered a new scheduling order. *Id.*,¶¶4-9. Hence, there is no discovery closure date, witness disclosure date, or trial date presently set in the Wood Action. Therefore, contrary to Plaintiff's arguments, the plaintiffs in the Wood Action are not prevented from seeking certification of a nation-wide class, and would have sufficient time to do so.

### 2.    The Wood Plaintiffs Have Not Abandoned Nationwide Class Claims.

The Response further asserts that Defendant was "disingenuous" and made misrepresentations to the Court about the nationwide collective action allegations contained in the Amended Complaint filed by the plaintiffs in the Wood Action. [Dkt. 10, p. 5]. Instead, Plaintiff contends that the inclusion of the nationwide class claims in the Amended Complaint in *Wood* was merely a typographical error. [Dkt. 10, p. 6-7]. However, Plaintiff offers no basis for such a conclusion or for the *ad hominem* accusations against Defendant. The Response asserts that the sole purpose of the Amended Complaint was to remove the overtime misclassification claims and points to Defendant's Answer to the Amended Complaint denying Plaintiff's nationwide class allegations. *Id.*, pp. 4-5. These assertions do not support Plaintiff's conclusion that a nationwide class has been abandoned in the Wood Action.

FPDOCS 34747308.1

The fact that the Wood Plaintiffs filed the Amended Complaint, in part, to remove the FLSA misclassification claims (claims not present in the instant Complaint), does not detract from the fact that the Wood Plaintiffs restated their claim for nationwide class relief with respect to the remaining FLSA overtime claims in the Amended Complaint. This was no accident or typo. The Wood Plaintiffs expressly reserved their rights to pursue a nationwide class. *See* Ex. A, ¶ 10. In addition, in the Stipulated Conditional Certification Order attached as Exhibit 1 to the Response, the Wood Plaintiffs affirmatively stated that they would not seek class certification regarding the FLSA misclassification claims. [D. 10-1, p. 5]. Tellingly, the Wood Plaintiffs made no such representation with respect to the putative nationwide claims related to non-misclassification FLSA issues – i.e., the issues raised by this case. *Id.* at 4.

Moreover, Defendant's Answer to the Amended Complaint in no way limits the Wood Plaintiffs' ability to pursue a nationwide collective action. Of course, Defendant is going to zealously defend its interests in the Answer by denying the appropriateness of a nationwide class. However, Defendant's Answer to the Amended Complaint is not binding on the Wood Plaintiffs.  Indeed, in a recent pleading in connection with a discovery motion, the Wood Plaintiffs insisted upon their right to conduct nationwide discovery. *See* Ex. C, p. 12. This further illustrates how allowing Plaintiff's Complaint to proceed will result in Defendant being subjected to potentially duplicative discovery in different forums, wasting judicial resources and potentially running the risk of inconsistent rulings on discovery issues.

**3.   The Response's Inaccurate References to Case Law.**

The Response makes the unsupported assertion that "Defendant failed to cite any FLSA cases whatsoever" in its Motion. Contrary to Plaintiff's assertion, Defendant cited to the

FPDOCS 34747308.1

following cases involving FLSA claims in which the district courts applied the first-filed rule that Plaintiff fails to address or distinguish in the Response: *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005); *Lott v. Advantage Sales & Mktg. LLC*, No. 2:10-CV-00980-JEO, 2011 WL 13229682, at *1 (N.D. Ala. Jan. 26, 2011); *Walker v. Progressive Cas. Ins. Co.*, No. C03–656R, 2003 WL 21056704 at *3 (W.D. Wash. May 9, 2003).

Additionally, the Response cites to *Arnold v. DirecTV, Inc.*, No. 4:10CV00352AGF, 2011 WL 839636 (E.D. Mo. Mar. 7, 2011), for the proposition that "one court in this Circuit has outright refused to apply the first-filed rule to FLSA collective actions." [D. 10, p. 11]. The Response misstates the holding in *Arnold* as the District Court in *Arnold* merely "decline[d] to apply the first-filed rule to dismiss or stay **the present case**…"  2011 WL 839636, at *4. Additionally, the facts of *Arnold* are distinguishable from this case because the operative complaint in *Arnold* was filed in federal court prior to the competing litigation, the competing actions involved different defendants and different state law class claims.  *Id*. at *5. Here, the Defendant is the same in both actions and the legal allegations are nearly identical. The remaining cases cited in the response are from other circuits and not authoritative and, in the case of *Yates v. Wal-Mart Stores, Inc.*, 58 F.Supp.2d 1217 (D. Colo. 1999), have been severely criticized by another district court. *See Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439 (KMK), 2017 WL 3668847, at *6 (S.D.N.Y. Aug. 24, 2017).

### 4. Sundance's Opposition to Conditional Class Certification in the Wood Action Does Not Detract From Sundance's Arguments in the Motion.

The Response claims that Defendant should be estopped from asserting that overlapping issues of law and fact will be involved in this action and the Wood Action because of arguments Defendant raised in response to the Wood Plaintiffs' Motion for Conditional Class Certification.

4

This argument is nonsensical. Indeed, it is Defendant's position that collective action certification is improper in both matters. But, there is nothing contradictory or conflicting about Defendant maintaining a position that class certification is inappropriate in both cases while at the same time asserting that the determination as to whether collective action certification (conditional or otherwise) is appropriate in both cases will involve overlapping issues. Indeed, the similarity in the legal and factual determinations that will need to be made in both actions is demonstrated by the numerous "copy and pasted" factual and legal contentions from the Wood Action contained in the Complaint. For the same reasons, excluding Michigan employees from the proposed class in this case, as suggested in the Response, will not eliminate the risk of inconsistent rulings related to the issue of collective action certification.

### 5. Plaintiff's Statute of Limitations Concern Is Easily Addressed.

Lastly, the Response asserts that dismissing or staying this matter will prejudice Plaintiff and the proposed Opt-In class because the FLSA statute of limitations period would continue to run with respect to the potential opt-in class members. Notably, this concern does not impact the named Plaintiff as Defendant does not contend that she would not be permitted to refile an individual action. With respect to the class, should the Court decide to stay this matter, the Court may resolve this concern by entering an order tolling the statute of limitations for the proposed class for the period the case is stayed, should the stay eventually be lifted.

WHEREFORE, for these reasons and for the reasons stated in Defendant's Memorandum in Support of Defendant's Motion to Dismiss or, Alternatively to Stay, Defendant respectfully requests that the Court dismiss or stay this duplicative action.

Dated:  November 28, 2018                              Respectfully submitted:

FPDOCS 34747308.1

/s/ Joel W. Rice
Joel W. Rice (pro hac vice)
Scott C. Fanning (pro hac vice)
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061

Kevin J. Driscoll
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
Telephone: (515) 288-0145
E-Mail: kdriscoll@finleylaw.com
*Attorneys for Sundance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and also served the foregoing upon to all counsel of record via electronic mail.

Dated: November 28, 2018                    Respectfully submitted,

/s/ Joel W. Rice
Joel W. Rice
Scott C. Fanning
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061
*Attorneys for Sundance, Inc.*

6