# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals, <br><br>     Plaintiff, <br><br> vs. <br><br> SUNDANCE, INC., <br><br>     Defendant. | Case No.: 4:18-cv-00316-JAJ-HCA |

## DECLARATION OF JOEL W. RICE

I, Joel W. Rice, of full age and under penalty of perjury, pursuant to 28 U.S.C. §1746, certify as follows:

1. This declaration is based on personal knowledge and I can competently testify to the facts set forth herein if called and sworn as a witness.

2. I am an attorney representing Sundance, Inc. in this action and in *Wood v. Sundance, Inc.*, Case No. 2:16-cv-13598-GCS-RSW, pending in the Eastern District of Michigan before the Honorable Judge George Caram Steeh (the "Wood Action").

3. On December 11, 2017, Judge Steeh entered a scheduling order in the Wood Action setting dates for the closure of discovery, dispositive motion filings, and trial.

4. On July 12, 2018, a telephonic status conference was held with Judge Steeh in the Wood Action at the request of the parties. The parties informed Judge Steeh that they were pursuing potential settlement and mediation and were concerned with the schedule and cut-off dates set on December 11, 2017, as there was a substantial amount of discovery remaining to be undertaken. Judge Steeh informed the parties not to be concerned about the schedule and that,

FPDOCS 34751404.1

instead of vacating the schedule at that point in time, Judge Steeh advised the parties that he would enter a new schedule after the parties' settlement discussions concluded.

5.    The parties in the Wood Action subsequently determined that settlement did not appear likely, at which point, they requested another telephonic status conference before Judge Steeh, which was held on September 4, 2018.

6.    During the September 4, 2018, telephonic status conference, Judge Steeh discussed setting a new schedule. However, due to a pending electronic discovery issue, the resolution of which had the potential to significantly impact a new discovery schedule, Judge Steeh agreed to postpone entering a new schedule until October 4, 2018.

7.    On October 4, 2018, the parties in the Wood Action reported to Judge Steeh that they were at an impasse with respect to a discovery dispute involving the production of electronically stored information ("ESI"). Rather than set a new discovery schedule at that time, Judge Steeh set a briefing schedule for the parties' ESI discovery motions and referred the motions to the assigned magistrate judge for resolution. These ESI discovery motions were heard and ruled on by the assigned magistrate judge on October 23, 2018.

8.    A subsequent scheduling conference has not been set in the Wood Action as the parties are still in the process of addressing the ESI issue.

9.    During the time period set forth above, the parties in the Wood Action have comported themselves in a manner reflecting the understanding that the dates set in the December 11, 2017, Scheduling Order were not operative and being held in abeyance. Exhibit B attached to this motion is e-mail correspondence between the counsel in the Wood Action reflecting this understanding.

FPDOCS 34751404.1

10.    Additionally, on June 1, 2018, I participated in a telephone conference with counsel for the plaintiffs in the Wood Action during which the parties discussed the Wood Plaintiffs' proposed stipulation regarding the scope of the conditional certification. Counsel for the Wood Plaintiffs agreed to stipulate to conditional certification limited to Sundance's hourly employees' off-the-clock FLSA claims (i.e. excluding salaried manager misclassification claims), and as to those hourly employee claims, limited only to the State of Michigan. However, counsel for the Wood Plaintiffs stated that they were reserving their right to seek broader certification beyond Michigan later in the case if discovery warranted it.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 28th day of November, 2018.

Joel W. Rice