# Appendix – Case Law

2017 Wage & Hour Cas.2d (BNA) 297,833

2017 WL 3668847
United States District Court, S.D. New York.

Ross SCHUCKER, Tom Shaffer, Virgilio
Valdez, Edward Fryar, Steven Heinrich, and
Shane Bower, on behalf of themselves and all
other employees similarly situated, Plaintiffs,
v.
FLOWERS FOODS, INC., LePage
Bakeries Park St., LLC, C.K. Sales Co.,
LLC, and John Doe 1-10, Defendants.

No. 16-CV-3439 (KMK)
|
Signed 08/24/2017

**Attorneys and Law Firms**

Randy J. Perlmutter, Esq., Gary S. Graifman, Esq., Reginald H. Rutishauser, Esq., Kantrowitz Goldhamer & Graifman, P.C., Chestnut Ridge, NY, Counsel for Plaintiffs.

Matthew W. Lampe, Esq., Craig Friedman, Esq., Deborah A. Sudbury, Esq., Karen Rosenfield, Esq., Jones Day, Atlanta, GA, New York, NY, Counsel for Defendants.

OPINION & ORDER

KENNETH M. KARAS, UNITED STATES DISTRICT JUDGE

**\*1** Plaintiffs Ross Schucker, Tom Shaffer, Virgilio Valdez, Edward Fryar, Steven Heinrich, and Shane Bower ("Plaintiffs") bring this Action against Flowers Foods, Inc., Lepage Bakeries Park St., LLC, C.K. Sales Co., LLC, and John Doe 1–10 ("Defendants"), on behalf of themselves and all other employees similarly situated, alleging that Defendants misclassified them as independent contractors and seeking remedies for statutory and common law violations that denied them the rights, obligations, privileges, and benefits owed to them as employees resulting from their misclassification pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., New York Labor Law Articles 6 and 9 and their implementing regulations, 12 NYCRR § 138-2.1., et seq., New York Labor Law § 193 et. seq., and

various provisions of the Employee Retirement Income Security Act of 1974. (*See* Am. Compl. (Dkt. No. 23).) Before the Court is Plaintiffs' Motion for Conditional Certification of an FLSA collective class. (*See* Dkt. No. 44.) For the reasons to follow, the Motion is denied.

I. Background

A. Factual Background

Defendant Flowers Foods, Inc. ("Flowers Foods") is a Georgia corporation with its principal place of business in Thomasville, Georgia. (*See* Am. Compl. ¶ 8.) Defendant LePage Bakeries Park Street, LLC ("LePage Bakeries") is a subsidiary of Flowers Foods with its principal place of business in Auburn, Maine. (*See id.* ¶ 9.) Defendant CK Sales, LLC ("CK Sales") is a subsidiary of LePage Bakeries with its principal place of business in Auburn, Maine. (*See id.* ¶ 10.) Defendants conduct business through distribution facilities in New York. (*See id.* ¶¶ 8–9.)

Prior to October 2013, Plaintiffs performed delivery work for Defendants and were designated as "employees" through either an employment agency or Hannafords Bros., Inc., which was later acquired by Flowers Foods. (*See id.* ¶¶ 20–21.) In or around October 2013, Plaintiffs were told that if they wished to continue their employment, each of them would be required to enter into a "Distributor Agreement" and begin performing their work as independent contractors. (*See id.* ¶ 25.)

Plaintiff Ross Schucker worked for Flowers Foods from in or about October 2013 through January 2015. (*See id.* ¶ 2.) Plaintiff Tom Shaffer worked for Flowers Foods from in or about October 2013 through April 2016. (*See id.* ¶ 5.) Plaintiffs Edward Fryar, Virgilio Valdez, Steven Heinrich, and Shane Bower worked for Flowers Foods from in or about October 2013 through the present. (*See id.* ¶¶ 3–4, 6–7.) During their respective periods of employment, Plaintiffs delivered products and performed merchandising duties on behalf of Defendants in New York. (*See id.* ¶¶ 2–7.)

Plaintiffs allege that Defendants required Plaintiffs to work more than 40 hours per week, that Plaintiffs regularly worked 55–60 hours per week, and that they did not receive overtime pay or any other employment benefits. (*See id.* ¶¶ 2–7, 50.) Plaintiffs further allege

Case 4:18-cv-00316-SHL-HCA   Document 11-4   Filed 11/28/18   Page 3 of 7

Schucker v. Flowers Foods, Inc., Not Reported in Fed. Supp. (2017)

2017 Wage & Hour Cas.2d (BNA) 297,833

that Defendants derived this plan to make employees independent contractors as a willful scheme to deprive Plaintiffs of their employee benefits because they knew that Plaintiffs and all similarly situated individuals performed work that required overtime pay. (*See id.* ¶ 33.)

B. Procedural History

**\*2** Plaintiffs filed their Complaint on May 10, 2016, (*see* Dkt. No. 3), and an Amended Complaint on June 9, 2016, (*see* Dkt. No. 23). Defendants filed Answers to the Amended Complaint and Counterclaims against all Plaintiffs on July 8, 2016. (*See* Dkt. Nos. 29–31.) Plaintiffs filed Answers to the Counterclaims on July 29, 2016. (*See* Dkt. Nos. 37–39.) A case management plan and scheduling order was entered on October 11, 2016. (*See* Dkt. No. 43.)

On November 23, 2016, Plaintiffs filed their Motion for Conditional Certification, seeking an order conditionally certifying their proposed FLSA collective action. (*See* Dkt. No. 44.) In addition to conditional certification, Plaintiffs request that the Court approve the content and manner of the notice to prospective class members and that the Court equitably toll the statute of limitations for the class members. (*See* Mem. of Law in Supp. of Pls.' Mot. for Conditional Certification and Judicial Notice ("Pls.' Mem.") (Dkt. No. 46).) Defendants filed their opposition on April 7, 2017. (*See* Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Conditional Certification and Judicial Notice ("Defs.' Opp'n") (Dkt. No. 78).) On April 12, 2017, Plaintiffs filed a request for an extension of time to file a reply to Defendants' opposition, (*see* Dkt. No. 82), and on April 13, 2017, the application was granted, (*see* Dkt. No. 83). On April 24, 2017, Plaintiffs filed their reply. (*See* Dkt. No. 86.)

II. Discussion

A. Standard for FLSA Conditional Certification

The FLSA provides that an employee whose rights were violated under the FLSA may file an action in any state or federal court of competent jurisdiction "for and in behalf of himself or themselves and other employees similarly situated." [29 U.S.C. § 216(b)](). Although the FLSA does not require them to do so, "the district courts have discretion, in appropriate cases, to implement [§ 216(b)]() by facilitating notice to potential plaintiffs of the

pendency of the action and of their opportunity to opt-in as represented plaintiffs." *[Myers v. Hertz Corp.](), 624 F.3d 537, 554 (2d Cir. 2010)* (alterations and internal quotation marks omitted). "[Section 216(b)]() ... grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *[Hoffmann-La Roche Inc. v. Sperling](), 493 U.S. 165, 170 (1989).*

The Second Circuit has endorsed "a two-step method of certification in an opt-in collective action under the FLSA." *[Amador v. Morgan Stanley & Co.](), No. 11-CV-4326, 2013 WL 494020, at \*2 (S.D.N.Y. Feb 7, 2013).* First, the district court must make "an initial determination and send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a[n] FLSA violation has occurred." *Id.* (internal quotation marks omitted). "Once a court conditionally certifies a collective action, it may then facilitate notice to all of the putative class members by approving a notice form." *[Jenkins v. TJX Cos.](), 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012).* Second, after discovery is completed, "if it appears that some or all members of a conditionally certified class are not similarly situated," a "defendant may move to challenge certification, at which point a court will conduct a more searching factual inquiry as to whether the class members are truly similarly situated." *[Id. at 320–21]().*

**\*3** This case comes before the Court at the first phase, which means Plaintiffs need only make a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *[Myers, 624 F.3d at 555]()* (internal quotation marks omitted). Although this "modest factual showing" cannot "be satisfied simply by unsupported assertions," it remains a "low standard of proof because the purpose of this first stage is merely to determine *whether* similarly situated plaintiffs do in fact exist." *Id.* (internal quotation marks omitted). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *[Hallissey v. Am. Online, Inc.](), No. 99-CV-3785, 2008 WL 465112, at \*1 (S.D.N.Y. Feb. 19, 2008).* Because "the court applies a fairly lenient standard," courts "typically grant[ ] conditional certification." *[Malloy v. Richard Fleischman & Assocs. Inc.](), No. 09-CV-322, 2009*

WL 1585979, at *2 (S.D.N.Y. June 3, 2009) (internal quotation marks omitted).

Importantly, at this stage, "a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Amador*, 2013 WL 494020, at *3 (internal quotation marks omitted). "[A]ny factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification," *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007), and even if "dates of employment and hours worked are unique to each employee," that "does not necessarily create dissimilarity under the FLSA," *Hallissey*, 2008 WL 465112, at *2.

### B. Analysis

Defendants argue that Plaintiffs' motion should be denied as duplicative and unnecessary because conditional certification and notice has already been granted and issued in pending cases raising the same claims—*Neff v. Flowers Foods, Inc.*, No. 15-CV-254 (D. Vt.), and *Carr v. Flowers Foods, Inc.*, No. 15-CV-6391 (E.D. Pa.) —and 94 of the 95 distributors in Plaintiffs' proposed FLSA collective action have already received notice and opportunity to join in either the *Neff* litigation or the *Carr* litigation, with 19 distributors receiving notice in both actions. (*See* Defs.' Opp'n 10–12.) Defendants contend that where the same group of individuals received at least one chance to join a collective action, conditionally certifying a second (or third) collective action and issuing notice again would serve no purpose and waste the resources of the Court and the parties. (*Id.*)

In support, Defendants cite cases outside the Second Circuit. In *Medina v. Brothers Behrman Highway, Inc.*, No. 13-CV-4831, 2015 WL 3679534 (E.D. La. June 12, 2015), the court denied a motion for conditional certification where the "proposed collective class [fell] entirely within the scope of [a] conditionally certified class" in another, earlier-filed case. *Id.* at *3. The court reasoned that "although the FLSA does not preclude [the] plaintiff from maintaining an independent, individual action, [the] plaintiff [was] not entitled to conditional certification of a class that [was] entirely duplicative of the conditionally certified class in [the earlier-filed case]." *Id.* In *Alvarez v. Gold Belt, LLC*, No. 08-CV-4871, 2011 WL 1337457 (D.N.J. Apr. 7, 2011), the court also denied a motion for conditional certification, holding that

"because in [the] case and in [the earlier-filed case] the plaintiffs are essentially the same, the defendants are the same, and the claims are the same, [the] case present[ed] the potential for the waste of judicial resources and the duplication of two courts' efforts." *Id.* at *1. Moreover, the court said, "a failure to defer to the first-filed case would have the potential for inconsistency in the determination of the legal issues, which would cause turmoil for the parties and for the state of the law." *Id.* (internal quotation marks omitted).

**\*4** Perhaps most relevant, the court in *Neff*, where substantially similar FLSA claims against similar defendants are currently being litigated, partially denied the plaintiffs' motion for conditional certification, holding that distributors working in Maine are "already the subject of an identical action, filed by the same attorneys, seeking overtime pay for CK Sales distributors in Maine." *Neff v. Flowers Foods, Inc.*, No. 15-CV-254, slip op. at 7–8 (D. Vt. Nov. 7, 2016). Thus, in the court's view, "[t]here [was] no good reason for sending overlapping notices inviting the same people to join two lawsuits." *Id.* at 8.

Although Defendants cite only these cases in support, numerous other courts have come to the same conclusion regarding the propriety of duplicative FLSA collective action suits, with some courts going so far as to dismiss the second-filed FLSA claims altogether. *See, e.g.*, *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404–05 (E.D.N.Y. 2013) (dismissing collective FLSA claims because "[t]he class description [was] the same, as [were] the potential plaintiffs," and "it would be patently unfair to require [the] [d]efendants to litigate the class issues ... at the same time as those matters [were] being litigated in the first-filed action," and collecting cases); *LaFleur v. Dollar Tree Stores, Inc.*, No. 12-CV-363, 2012 WL 4739534, at *8 (E.D. Va. Oct. 2, 2012) (dismissing some FLSA claims because "[t]o permit FLSA claims to proceed in [the] case would ... be duplicative and wasteful"); *Copello v. Boehringer Ingelheim Pharm. Inc.*, 812 F. Supp. 2d 886, 889 (N.D. Ill. 2011) (dismissing FLSA claims because doing so would "ensure that materially identical FLSA collective actions seeking overtime pay ... [would] not proceed simultaneously in two separate forums, thus avoiding duplicative efforts by two federal courts and the potential for inconsistent results"); *cf. Tate-Small v. Saks Inc.*, No. 12-CV-1008, 2012 WL 1957709, at *3 (S.D.N.Y. May 31, 2012) (transferring FLSA collective action to

Case 4:18-cv-00316-SHL-HCA    Document 11-4    Filed 11/28/18    Page 5 of 7

Schucker v. Flowers Foods, Inc., Not Reported in Fed. Supp. (2017)
2017 Wage & Hour Cas.2d (BNA) 297,833

district where a similar action was first filed because the claims in the two cases were "substantially similar").

Many of these case relied, in whole or in part, on the "first-filed rule." That rule stands for the general proposition that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (alterations and internal quotation marks omitted). Under this rule, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action." *Castillo*, 960 F. Supp. 2d at 404. The purpose of the rule is to prevent "duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995). Application of the first-filed rule is appropriate where "the first and subsequently filed case(s) have either identical or substantially similar parties and claims." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012).

Defendants do not invoke the first-filed rule here, and it is an admittedly imperfect fit. The Court disagrees with the above-cited cases to the extent they hold that FLSA claims that are duplicative of another pending FLSA collective action should be dismissed outright. Nothing in the FLSA requires a party with a claim under the FLSA to join an opt-in collective action in order to vindicate his or her rights; regardless of the posture of the other pending cases, the individual plaintiffs here are entitled to vindicate their own rights in whatever forum they choose. Nevertheless, "the principles underlying the first to file rule—the avoidance of duplicative litigation and the interests of judicial economy," *Medina*, 2015 WL 3679534, at *3, are instructive here.

**\*5** The purpose of the conditional certification and notice procedure is to provide "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity," and to "avoid[ ] a multiplicity of duplicative suits." *Hoffmann-La Roche*, 493 U.S. at 170, 172. For that reason, conditional certification is "discretionary" and "managerial" in nature. *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016). Duplicative FLSA collective actions have the potential to undermine the

interests of judicial economy by "present[ing] overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Ortiz v. Panera Bread Co.*, No. 10-CV-1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011).

Notably, there is no question that in the class action context, a trial court's discretion to deny certification "has continually been upheld where ... it has been exercised so as to avoid duplicative class actions." *Becker v. Schenley Indus., Inc.*, 557 F.2d 346, 348 (2d Cir. 1977); *see also Abrams v. Interco Inc.*, 719 F.2d 23, 27–28 (2d Cir. 1983) ("[A]buse of discretion is the appropriate standard in some instances of denial of class certification, e.g., when the denial is based on ... a desire to avoid duplicative class actions...."); *In re Fannie Mae 2008 Sec. Litig.*, Nos. 09-MD-2013, 08-CV-7831, 08-CV-8519, 2009 WL 4067275, at *1 (S.D.N.Y. Nov. 24, 2009) ("Allowing [the plaintiff] to proceed with a duplicate class action would lead to redundant discovery and motion practice, undermining the goal of efficiency...."); *cf. Brook v. UnitedHealth Grp. Inc.*, No. 06-CV-12954, 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007) (noting that "[m]ultiple class action cases purporting to assert the same claims on behalf of the same people often proceed simultaneously in different state courts, causing judicial inefficiencies and promoting collusive activity"). Of course, different issues arise in the class-action context where, unlike in an FLSA collective action, the class is an opt-out, rather than an opt-in. But the same reasoning prevails in this context— denial of certification of a duplicative collection action "avoid[s] undue burdens on the parties and on judicial resources, and ... eliminate[s] the possibility of inconsistent results." *Becker*, 557 F.2d at 348.

Here, there have been approximately 23 other actions filed against Flowers Foods distributors under the FLSA (and other state laws) relating to the alleged misclassification of their employees as independent contractors. (*See* Decl. of Randy J. Perlmutter in Supp. of Pls.' Mot. for Preliminary Certification Pursuant to the Fair Labor Standards Act, for Court-Authorized Notice to Similarly Situated Persons, and for Expedited Discovery Ex. 9 (Dkt. No. 45).) Of the 95 individuals on Plaintiffs' proposed notice list, 94 have been given notice through either the *Neff* litigation, the *Carr* litigation, or both, (*see* Decl. of Matthew W. Lampe in Opp'n to Pls.' Mot. for Conditional Certification and Judicial Notice ¶ 3 (Dkt. No. 80)), leaving only one, unidentified distributor

Case 4:18-cv-00316-SHL-HCA   Document 11-4   Filed 11/28/18   Page 6 of 7

Schucker v. Flowers Foods, Inc., Not Reported in Fed. Supp. (2017)

2017 Wage & Hour Cas.2d (BNA) 297,833

without judicial notice of a collective action thus far. There is no dispute that Plaintiffs are raising the same claims as other distributors in New York and across the country, (*see* Pls.' Mem. 12), and thus no concern that certification is needed here to vindicate the rights of any distributor, except for possibly the single unidentified distributor who has not yet received notice in any case.

Plaintiffs urge the Court to construe the FLSA's remedial provisions liberally and in the employees' favor. (*See* Mem. of Law in Further Supp. of Pls.' Mot. for Conditional Certification and Judicial Notice ("Pls.' Reply") 2 (Dkt. No. 86).) But at issue here is not a narrow or liberal construction of the statute, but rather a practical assessment of the relative costs and benefits of allowing Plaintiffs to maintain a collective action that appears to serve little purpose in enforcing the FLSA rights of potential class members. Plaintiffs contend that the FLSA should be construed to "have the widest possible impact in the national economy." (*Id.* at 3 (internal quotation marks omitted) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).) But Plaintiffs take this Second Circuit quote out of context—the court's reference in *Carter* to the "widest possible impact in the national economy" relates to the nature of the statute, not to an interpretive rule. 735 F.2d at 12. And while the court rejected a reading that ran "counter to the breadth of the statute," it did not suggest that application of the statute required subversion of well-settled principles of judicial economy, fairness, and practicality. In any event, the breadth of the FLSA is in no way undermined by denial of Plaintiffs' Motion—distributors across the country, including those in New York, will still have an opportunity to participate in collective FLSA actions arising out of Defendants' alleged misclassification of their employees and may have their rights vindicated.

**\*6** Plaintiffs also argue that "because the prior notices were not sent in connection with a New York venued case, the collective action employees, all of whom are based in New York, could have found the notice from a Vermont case confusing." (Pls.' Reply 3.) This is pure speculation. If Plaintiffs are concerned about the adequacy of the notice issued in the other cases, their remedy is to seek amended notices in those cases that make clear the nature of the claim. But Plaintiffs have pointed to no deficiency in the notices in other cases, and the Court will not presume one in the absence of such evidence.

Finally, Plaintiffs contend that the "FLSA does not prohibit multiple collective actions." (*Id.* at 4.) The Court agrees, but again, that is not the issue raised by Defendants; the sole question here is whether certification of a duplicative collective action is a prudent and reasonable exercise of the Court's discretion. It is not, and numerous courts have agreed. While Plaintiffs have cited to some cases holding otherwise, *see, e.g.*, *Kampfer v. Fifth Third Bank*, No. 14-CV-2849, 2016 WL 1110257 (N.D. Ohio Mar. 22, 2016); *Hautur v. Kmart Corp.*, No. 15-CV-267A, 2015 WL 5567912 (W.D.N.Y. Sept. 22, 2015); *Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593 (E.D. La. 2013); *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217 (D. Col. 1999), these cases are either inapposite or unpersuasive. First, in both *Kampfer* and *Akins*, and unlike here, the first-filed FLSA collective action had already concluded, *see Kampfer*, 2016 WL 1110257, at \*2–3; *Akins*, 921 F. Supp. 2d at 598–600, a fact that the court in *Akins* found salient with respect to the relevance of the first-filed rule, *see Akins*, 921 F. Supp. 2d at 600–02 (noting that although "no purpose would be served by allowing two collective actions based on the same claims to proceed concurrently," neither the FLSA nor judicial efficiency prohibited the filing of a second collective action). In *Hautur*, the court concluded that there was "no statutory prohibition in the FLSA that would prevent [the plaintiffs] from proceeding there while [another case] r[an] its course," 2015 WL 5567912, at \*9, but again, the issue is not whether the statute *prohibits* the initiation of two simultaneous collective actions, but rather whether conditional certification and notice are an appropriate exercise of the Court's discretion in a particular case.

Finally, while the court in *Yates* did confront the efficiency issues implicated by multiple collective actions, *see* 58 F. Supp. 2d at 1218, the reasoning there is unpersuasive. The court noted that because each individual plaintiff could file his or her own suit, "judicial efficiency demands that, if possible, these individual suits be consolidated," and that a contrary conclusion "could lead to a party having to defend itself in not two, but potentially hundreds of identical lawsuits." *Id.* With respect to the judicial efficiency of proceeding by way of a collective action, the court's conclusion in *Yates* depends on the assumption that individuals who chose not to opt-in to the first-filed collective action *will* opt-in to a second collective action (or file their own individual claim). But this blanket assumption belies commonsense, as there is no reason

Case 4:18-cv-00316-SHL-HCA    Document 11-4    Filed 11/28/18    Page 7 of 7

Schucker v. Flowers Foods, Inc., Not Reported in Fed. Supp. (2017)

2017 Wage & Hour Cas.2d (BNA) 297,833

to infer that a potential opt-in plaintiff will be spurred to action by a second notice, but not the first. And in any event, such a conclusion depends on the factual circumstances of the case—for example, whether notice in the first-filed case was inadequate, whether circumstances at the employer have changed, or whether the adequacy of the representation in the first-filed case is in question. With respect to the burden on defendants of having to litigate potentially hundreds of individual lawsuits, the Court is confident that Defendants here have accounted for that possibility in opposing certification.

**\*7** The weight of authority is against Plaintiffs here. Again, Plaintiffs are free to pursue their own individual FLSA claims, and the Court agrees that the first-filed rule is an imperfect fit that does not warrant outright dismissal here. But here, no purpose would be served by allowing the FLSA claims to proceed as a collective action considering the concurrent cases and the attendant increased expense for Defendants, the risk of confusing potential collective members about their legal options, the possibility of inconsistent rulings, and the waste of judicial resources. In addition, the distributors who have not yet opted in to a collective action will not be prejudiced: those individuals can bring their own individual actions or they can choose to do nothing and they will not be bound by any judgment.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion is denied without prejudice to renewal should circumstances change. *See Myers*, 624 F.3d at 558 (noting that a district court "may continually evaluate, as the case progresses," whether notice of a pending FLSA action should be provided to potential opt-in plaintiffs). The Clerk of Court is directed to terminate the pending Motion. (*See* Dkt. No. 44.)

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 3668847, 2017 Wage & Hour Cas.2d (BNA) 297,833

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.