IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals, | ‖ | |
| Plaintiff, | ‖ | No. 4:18-cv-316 |
| vs. | ‖ | |
| SUNDANCE, INC., | ‖ | **ORDER** |
| Defendant. | ‖ | |

This matter comes before the Court pursuant to Defendant's November 11, 2018, Motion to Dismiss or Stay. [Dkt. No. 9]. Plaintiff responded to the Motion on November 21, 2018. [Dkt. No. 10]. Defendant replied on November 28, 2018. [Dkt. No. 11]. For the reasons that follow, Defendant's Motion is **DENIED**.

**I. BACKGROUND**

**This lawsuit**

On September 25, 2018, Robyn Morgan filed this action against Sundance, Inc., a Michigan corporation that owns over a hundred Taco Bell restaurants throughout six Midwestern states. Morgan, a former Crew Member at the Osceola, Iowa, Taco Bell, alleges that her former employer violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and seeks to certify a putative collective action pursuant to § 216 of the FLSA. In specific, Morgan contends that "Sundance engages in a process in which it 'shifts' hours that an employee works during one week over to the following week," as well as, for some employees, simply capping the employees' paychecks at 80 hours per two week period. These practices, she alleges, violate the FLSA's minimum wage requirements and its guarantee of a minimum wage and enhanced pay for overtime work. Morgan seeks to include in her action "all other Crew Members and other hourly employees who have worked for Sundance at any time between the three years before the commencement of this action and the date of final judgment in this matter." [Dkt. No. 1, at 4].

In response, Sundance filed the Motion now before the Court. In its Motion to Dismiss or Alternatively Stay, Sundance argues that Morgan's lawsuit should be dismissed or stayed pursuant to the first to file rule, arguing that it is duplicative of a collective action that has been proceeding for over two years in the Eastern District of Michigan.

**The *Wood* action**

The Michigan action to which Sundance points, *Wood v. Sundance, Inc.*, was filed prior to this lawsuit. No. 2:16-cv-13598 (E.D. Mich. filed Oct. 7, 2016).[1] At the time that the Michigan action began, it alleged three violations of the FLSA: two based on the same "shifting" practice alleged here, and one based on misclassification of employees. [*Wood* Dkt. No. 1]. On October 5, 2017, the plaintiffs in the Michigan action amended their Complaint, with the two most significant changes being (1) the removal of the misclassification claim, and (2) a change in lead plaintiff, with Denise Wood's name now listed first. [*Wood* Dkt. Nos. 1, 49]. With the misclassification claims removed, the Amended Complaint in *Wood* now detailed the same allegations, almost to the very word, that were alleged in Morgan's Complaint almost a year later. [Dkt. No. 1; *Wood* Dkt. No. 49].

Before the Amended Complaint was filed, the parties in the *Wood* action reached a stipulated agreement for conditional class certification, and on June 20, 2017, the court entered an order granting conditional certification in part, pursuant to that agreement. [*Wood* Dkt. No. 23]. While the Complaint had alleged a nationwide class, the conditionally certified class was limited to employees of Sundance's Michigan restaurants:

> [T]he putative class for the instant action is defined as . . . All Team Members, Shift Leads or other hourly employees that were employed with Defendant as an hourly employee at any of its Taco Bell locations within the State of Michigan at any time in the past three years from the date of this Order.

[*Wood* Dkt. No. 23]. Additionally, the stipulated Order included provisions stating that the plaintiffs would not "seek class certification regarding [Sundance] employees that held salaried positions with" the company, and that the plaintiffs would withdraw any class-wide claims as to those employees. [*Wood* Dkt. No. 23]. Following this promise, the plaintiffs removed the misclassification claims in their Amended Complaint. [*Wood* Dkt. No. 49].

---

[1] For clarity and parallelism, this Order will cite to the docket in *Wood* in the following form: "[*Wood* Dkt. No. 1]."

Since then, sixteen months have passed. Discovery has proceeded in a stop-start manner, as the parties have disputed the appropriateness of the plaintiffs' electronic discovery requests. [*See Wood* Dkt. Nos. 70–79]. The end of the discovery process is not in sight—or at least, it is not imminent, as the parties and the court have agreed that the most recent scheduling order is no longer operative. [Dkt. Nos. 11-1, 11-2]. Instead of strictly following the scheduling order, the *Wood* parties are pursuing mediation, and there will be no new schedule ordered until the parties' settlement discussions conclude. [Dkt. Nos 11-1, 11-2].

The docket in *Wood* shows no activity since December 12, 2018. [*Wood* Dkt. No. 79]. It is against this backdrop—with the *Wood* class conditionally certified as Michigan-only, and with the *Wood* action mired in settlement negotiations—that the Court decides the issue here.

## II. LEGAL STANDARD

### FLSA collective actions

The Fair Labor Standards Act allows a plaintiff alleging a violation of the statute to sue individually or on behalf of a class of other employees. *See* 29 U.S.C. § 216(b). The employees that make up a class must be similarly situated, and they must "opt in" to the action:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* In the Eighth Circuit, certification of the class in an FLSA action tends to proceed in two steps. *See Nobles v. State Farm Mutual Automobile Ins. Co.*, 2011 WL 3794021, at *9 (W.D. Mo. Aug. 25 2011) (collecting cases and concluding that "the majority of district courts in the Eighth Circuit use the two-step analysis adopted in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)."). In the first step, the plaintiff moves for collective action certification for notice purposes, and the court conditionally certifies the class. *Id.* (citing *Mooney*, 54 F.3d at 1213–14). Later, typically after discovery has finished, the defendant may move to decertify the class, and the court applies a stricter standard in its analysis. *Nobles v. State Farm Mutual*

*Automobile Ins. Co.*, 2013 WL 12153518, at *2 (W.D. Mo. July 8, 2013) (decertifying class after full discovery, pursuant to the court's "ongoing duty to ensure that the class continues to be certifiable").

Neither the text of the FLSA nor Eighth Circuit precedent requires that all plaintiffs with potential claims against a defendant consolidate their claims into a single nationwide action. But when multiple actions overlap, a court may decide that the interests of efficiency and justice require dismissing one of the actions.

**The first to file rule**

As a matter of comity, a federal district court may decline jurisdiction over an action when "a complaint involving the same parties and issues has already been filed in another district." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). The "first to file" rule, which Sundance invokes here, dictates that when two courts have concurrent jurisdiction, the case should be decided by "the court initially seized of [the] controversy." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1774 (11th Cir. 1982). The first to file rule is "not intended to be rigid, mechanical, or inflexible, but should be applied in a manner best serving the interests of justice." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (citation omitted). Typically, the rule will only yield when "compelling circumstances" demand its non-application. *Id.* at 1004 (citing *United States Fire Insurance Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488–89 (8th Cir. 1990)). The decision to apply the rule is left to the district court's discretion. *Id.* (citing *Minnesota Mining & Mfg. Co. v. Rynne*, 661 F.2d 722 (8th Cir. 1981) (per curiam)).

In the prototypical situation in which the first to file is applied, the two cases are essentially identical, with the defendant in one case being the plaintiff in the other and vice versa. *See Arnold v. DirecTV, Inc.*, 2011 WL 839636, at *4 (E.D. Mo. Mar. 7, 2011). But despite the greater complexity of analysis required, district courts frequently apply the rule to overlapping FLSA collective actions. *See Ortiz v. Panera Bread Co.*, 2011 WL 3353432, *2 (E.D. Va. Aug.2 2011) (collecting cases). The reason for this is clear: simultaneous, parallel FLSA wage-and-hour claims "threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Id.* Thus, when a defendant invokes the first to

file rule regarding two FLSA claims, a court must decide whether the cases are duplicative. If they are, only compelling circumstances will prevent the dismissal of the later-filed action.

## III. ANALYSIS

The key question, then, is whether this action is duplicative of the *Wood* action. The answer to this question turns on the similarity of both the parties and the issues. *See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time."); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) ("[A plaintiff has] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (citations omitted); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("[B]etween federal district courts, . . . the general principle is to avoid duplicative litigation.") (citations omitted). The parties and issues need not be perfectly identical, however—the "crucial inquiry is whether the parties and issues substantially overlap." *Fuller v. Abercrombie & Fitch Stores*, 370 F. Supp. 686, 688 (E.D. Tenn. 2005) (citing *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950–51 (5th Cir. 1997); *TPM Holdings, Inc. v. Intra–Gold Indus., Inc.*, 91 F.3d 1, 4, (1st Cir. 1996)).

Here, there does not appear to be any doubt that the issues are identical to those raised in the *Wood* action. The substantive allegations of Morgan's Complaint are virtually identical to those of Amended Complaint in *Wood*. [*Compare* Dkt. No. 1, *with Wood* Dkt. No. 49]. And Sundance is the defendant in both actions. [Dkt. No. 1; *Wood* Dkt. Nos. 1, 49].

What distinguishes the two actions, however, is their plaintiffs.[2] While the *Wood* plaintiffs originally sought to certify a nationwide collective class, [*Wood* Dkt. No. 1], they no longer do so, and the court has conditionally certified a class limited to Sundance employees *in Michigan*. [*Wood* Dkt. No. 23]. Morgan, represented by different counsel, aims to certify a nationwide class. If the cases had been brought at the same time, then, the Court is persuaded that they would have been identical. But by the time Morgan filed her Complaint, that identity had been lacking for almost a year. [*Compare* Dkt. No. 1, *with Wood* Dkt. No. 49].

---

[2] While the lead plaintiffs in the two cases are not the same person, this alone does not prevent the plaintiff classes from substantially overlapping in a way that would implicate the first to file rule. *Fuller*, 370 F. Supp. at 689–90 (finding that when different plaintiffs bring claims based on their identical employment positions with the same company, they are "effectively identical" for the purposes of the rule).

At least one other district court has focused on the opt-in eligibility of the named plaintiffs in determining that two collective FLSA actions are identical. *Ortiz*, 2011 WL 3353432, at *2 ("Both Ortiz and the *Lewis* Plaintiffs seek to represent the exact same class . . . Jaime Ortiz is a member of the putative collective class alleged in *Lewis*. And the *Lewis* Plaintiffs are now members of the putative collective class alleged in Ortiz."). The parties have not identified, and the Court has been unable to find, a case such as this, in which the collective class in the first case is a proper subset of the class in the second. But the analysis is still informative: the *Wood* plaintiffs are members of the putative collective class alleged by Morgan. But Robyn Morgan is not, nor has she been at any point since before she filed her Complaint, a member of the class alleged in *Wood*.

The crucial issue in this case is, as it is in *Wood*, whether Sundance had a policy of shifting hours for its hourly employees in violation of the FLSA. But to hold that the identity of the claims and the defendant outweighs the key difference between the plaintiff classes would essentially be to deprive non-Michigan employees of their statutory right to collective action under the FLSA. Usually, a dismissal under the first to file rule effectively tells members of the second action's class to join the first action or file individually. But here, all of Morgan's class plaintiffs except those in Michigan[3] are ineligible to join the *Wood* action. The Eighth Circuit Court of Appeals has instructed district courts to construe the FLSA liberally and apply it "to the furthest reaches consistent with congressional direction' in fulfillment of its humanitarian and remedial purposes.'" *Perez v. Contingent Care, LLC*, 820 F.3d 288, 292 (8th Cir. 2016) (quoting *Brennan v. Plaza Shoe Store, Inc.*, 522 F.2d 843, 846 (8th Cir. 1975)). To tell all plaintiffs outside of Sundance's home state of Michigan to sue individually would be to ignore that instruction.

Sundance argues, correctly, that the Stipulated Order that conditionally certified *Wood*'s Michigan-only class included no stipulation by the *Wood* plaintiffs promising to permanently abandon certification of a nationwide class. [Dkt. No. 11; *Wood* Dkt. No. 23]. Given that the Scheduling Order in that case is inoperative, it remains entirely possible that *Wood* could

---

[3] Morgan has indicated that if necessary, she would "carve out all Michigan employees from her proposed class definition." [Dkt. No. 10, at 4]. This would, after all, entirely remove the overlap between the Wood class and the class Morgan seeks to certify. But as Morgan points out, the proposed notice in Wood assured its recipients, "You are not required to join the Lawsuit. If you do not join, your rights are not affected." [Wood Dkt. No. 15-2]. This detail matters: one of the rights that was "not affected" is the right to receive notice of, and perhaps opt into, a later lawsuit such as this one.

someday again become the nationwide collective action that it was when it was first filed. At present, though, it has not. That *Wood* may conceivably be changed to be duplicative of this case does not mean that it is duplicative of it now. *See Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527 (8th Cir. 2009) (remarking that substantial similarity analysis between two cases "focuses on matters as they currently exist, not as they could be modified."); *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 571–72 (6th Cir. 1994) (emphasis in original) (quoting *Crawley v. Hamilton County Com'rs*, 744 F.2d 28, 32 (6th Cir. 1984)) (noting that while one case "could be modified so as to make it identical to the current federal claim, that is not the issue here. The issue is whether [that case], as it currently exists, is a parallel" proceeding), *limited on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 710–11 (1996). If this Court were to invoke the first to file rule, it would be because the two cases are duplicative. At present, they are not.

**IV. CONCLUSION**

The first to file rule allows a court to exercise its discretion to dismiss or stay the second of two duplicative actions proceeding simultaneously. Because *Wood* is a Michigan-only collective action, while this case brings nationwide claims, the Court holds that they are not duplicative. Therefore, the Court will retain jurisdiction over this case, rather than require the non-Michigan plaintiffs to proceed individually. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss or Stay**.**

Upon the foregoing,
**IT IS ORDERED** that Defendant's Motion to Dismiss or Stay is **DENIED**.
**DATED** this 5th day of March, 2019.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA