IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals,<br><br>        Plaintiff,<br><br>vs.<br><br>SUNDANCE, INC.,<br><br>        Defendant. | Case No.:  4:18-cv-00316-JAJ-HCA |

**DEFENDANT'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Sundance, Inc. ("Sundance" or "Defendant"), by and through the undersigned attorneys, hereby respectfully submits its Answer and Affirmative Defenses to Plaintiff Robyn Morgan's ("Plaintiff") Complaint as follows:

**INTRODUCTION**

1.      This is an overtime and wage theft case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff is an adult residing and working within this judicial district and – during the relevant time – worked as an hourly employee for Defendant Sundance, Inc. ("Sundance"), a company that owns well over 150 Taco Bell franchises throughout the United States.

**ANSWER:**  Defendant admits that this case is a purported collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and admits that the Complaint purports to bring claims for Defendant's failure to pay Plaintiff proper wages. Defendant further admits that it owns over 150 Taco Bell franchise restaurants in multiple states. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiff or any alleged

similarly situated employees are entitled to recover any relief under the FLSA. Defendant further denies that this action is properly maintained on behalf of any alleged similarly situated employees.

2.    Plaintiff Robyn Morgan is a current resident of the City of Seligman, County of Barry, State of Missouri.

**ANSWER:**  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies same.

3.    Robyn Morgan was employed by Sundance from approximately August 2015 to October 2015. She worked as a Crew Member throughout her employment with Sundance in the Osceola, Iowa restaurant.

**ANSWER:** Defendant admits that Plaintiff was employed by Defendant from August 20, 2015 to November 12, 2015 and had been assigned to Defendant's store located in Osceola, Iowa. Defendant further admits that Plaintiff was employed as a Crew Member during her employment with Defendant. Defendant denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Defendant Sundance, Inc. is a for-profit corporation incorporated in Brighton, Michigan and with locations throughout the State of Iowa.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    The acts about which Plaintiff complains occurred in Clarke County, Iowa.

**ANSWER:** Defendant admits that Plaintiff was employed by Defendant in Clarke County, Iowa. Defendant denies all remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

FPDOCS 34652431.1

**ANSWER:** Defendant admits that this Court has subject-matter jurisdiction.

7.    Additionally, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

**ANSWER:** Defendant admits that this Court has subject-matter jurisdiction.

8.    Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

**ANSWER:** Paragraph 8 of Plaintiff's Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant admits that the FLSA applies to Defendant, but denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiff or any other present or former employees are entitled to recover any relief.

9.    At all relevant times, Defendant owned and operated a business enterprise engaged in interstate commerce utilizing goods moved in interstate commerce as defined in 29 U.S.C. § 203(s).

**ANSWER:** Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    Defendant's various franchise locations constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because they perform related activities, either through a unified operation or through common control for a common business purpose.

**ANSWER:** Paragraph 10 of Plaintiff's Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

FPDOCS 34652431.1

11.     Defendant provides mutually supportive services to the substantial advantage of each entity and each are therefore operationally interdependent and may be treated as single "enterprise."

**ANSWER:** Paragraph 11 of Plaintiff's Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims in this Complaint substantially occurred in this District.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     This Court has personal jurisdiction over Defendant because Defendant operates a restaurant in Osceola, Iowa and otherwise conducts business within the state of Iowa.

**ANSWER:** Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

### FACTUAL BACKGROUND

14.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA for her subjection to Sundance's improper wage and hour practices scheme at any time during the last three years.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     At various points within the past three years, Plaintiff has experienced the following: a) Sundance's failure to pay her for all hours worked; and b) Sundance's failure to pay overtime wages for all hours worked over 40, when legally required to do so.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

4

16.    Sundance knew or should have known the business model it developed and implemented was unlawful under applicable laws. Nonetheless, Sundance continued to willfully engage in the violations described herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Sundance's hourly employees, including but not limited to Crew Members, are not paid for all hours worked. In fact, Sundance engages in a practice in which it "shifts" hours that an employee works during one week over to the following week, so that an employee's time records do not demonstrate that the employee worked over 40 hours in a given work week. Sundance maintains a white board in its office on which it keeps track of its employees' "shifted hours" from week to week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    By shifting its employees' hours, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    In addition, some employees simply were not paid at all for their "shifted over" hours.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    With regard to hourly employees that regularly work over 40 hours each work week, Sundance does not engage in the "shifting" exercise; it simply does not pay such employees for all hours worked and caps their paychecks at 80 hours per two week pay period. Again, by doing so, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     In addition, hourly workers were regularly instructed to clock out and continue working off the clock, in order for each store to maintain its Sundance-imposed labor metrics.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Throughout the course of her employment, Plaintiff was directed by Sundance and its agents to perform work, was allowed to work, and did work one or more weeks in excess of forty (40) hours.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     The provisions of the FLSA, 29 U.S.C. § 207, require Sundance to compensate nonexempt employees who work in excess of forty (40) hours in a workweek at a rate of one and one-half times their regular rate of pay.

**ANSWER:** Paragraph 23 of Plaintiff's Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant states that the provisions of 29 U.S.C. § 207 speak for themselves.

24.     Contrary to the above statutory enactment, Sundance adopted a policy and practice of failing to pay Plaintiff and all similarly situated individuals an overtime wage at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek. It further adopted a policy and practice of, by clocking out Plaintiff yet requiring her to continue to work, and failing to pay Plaintiff and all similarly situated individuals their regular hourly rate for hours worked under 40 in a workweek.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Sundance willfully violated the FLSA by knowingly failing to compensate Plaintiff for overtime wages for the hours she worked in excess of forty (40) hours per week, and failing to compensate Plaintiff her regular hourly rate for all hours worked under 40.

FPDOCS 34652431.1

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

**NATIONWIDE COLLECTIVE ACTION**

26.     Plaintiff brings this case on behalf of herself and all other Crew Members and other hourly employees who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter.

**ANSWER:** Defendant admits that Plaintiff purports to bring this case as a collective action with respect to Crew Members and other hourly employees who have worked for Sundance. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief under the FLSA. Defendant further denies that this action is properly maintained on behalf of any alleged similarly situated employees.

27.     Plaintiff brings this complaint under 29 U.S.C. § 216(b) of the FLSA. Plaintiff, her fellow Crew Members, and other hourly employees are similarly situated in that they are all subject to Sundance's common plan or practice failing to pay them for all hours worked and/or of failing to pay them proper overtime wages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, et seq.**
**FAILURE TO PAY OVERTIME WAGES AND FAILURE TO PAY MINIMUM WAGE**

28.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

**ANSWER:** Defendant hereby incorporates its answers to the preceding paragraphs as though fully set forth herein.

29.     At all times relevant to this action, Sundance was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq.*

7

**ANSWER:** Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     At all times relevant to this action, Plaintiff and those similarly situated were "employees" of Sundance within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

**ANSWER:** Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     At all times relevant to this action, Sundance "suffered or permitted" Plaintiff and those similarly situated to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

**ANSWER:** Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     At all times relevant to this action, Sundance failed to pay Plaintiff and those similarly situated the federally mandated wages and overtime compensation for all services performed. Specifically, Sundance failed to pay Plaintiff and those similarly situated regular wages for all hours worked under 40 in a work week and failed to pay them overtime wages – or any wages at all – for all hours worked in excess of forty (40) hours per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. §207.

**ANSWER:** Paragraph 33 of Plaintiff's Complaint constitutes a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant states that the provisions of 29 U.S.C. § 207 speak for themselves.

34.     In addition, Sundance is subject to the minimum wage requirements of the FLSA.

8

**ANSWER:** Defendant admits that it is subject to the FLSA's minimum wage requirements with respect to eligible non-exempt employees. Defendant denies all remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Sundance violated the FLSA by failing to pay Plaintiff and those similarly situated the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Sundance also violated the FLSA by failing to pay Plaintiff and those similarly situated all minimum wages due to them.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Sundance's violations of the FLSA were knowing and willful.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. By failing to compensate Plaintiff and those similarly situated at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Sundance has violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

**ANSWER:** Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, Plaintiff and those similarly situated are entitled to damages equal to the mandated minimum wage and overtime premium pay within three years preceding their filing of this Complaint plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

9

**ANSWER:** Paragraph 39 of Plaintiff's Complaint constitutes a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant states that the provisions of 29 U.S.C. § 216(b) speak for themselves.

40.    Plaintiff and those similarly situated seek damages in the amount of their respective unpaid wages, overtime wages, liquidated damages as provided by 29 U.S.C. §216(b), interest, attorneys' fees, and such other legal and equitable relief as the Court deems proper.

**ANSWER:** Defendant admits that Plaintiff's Complaint purports to seek damages in the amount of Plaintiff's and other purported similarly situated employees' alleged unpaid overtime wages, liquidated damages as provided by 29 U.S.C. §216(b), interest, attorneys' fees, and such other legal and equitable relief as the Court deems proper. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, and denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief under the FLSA.

41.    Plaintiff and all other similarly situated hourly employees, as described above, who opt into this litigation are entitled to compensation for all regular hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.    WHEREFORE, Plaintiff seeks the following:

A.  Certification of the described class under the FLSA;

**ANSWER:** Defendant denies that this action should be certified as a collective action.

B.  An award of overtime wages under the FLSA;

**ANSWER:** Defendant denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph B of the Prayer for Relief.

C.  An award of unpaid regular wages under the FLSA;

10

**ANSWER:** Defendant denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph C of the Prayer for Relief.

D.  An award of liquidated damages under the FLSA;

**ANSWER:** Defendant denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph D of the Prayer for Relief.

E.  A declaratory judgment that the practices complained of are unlawful under the FLSA;

**ANSWER:** Defendant denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph E of the Prayer for Relief.

F.  Interest and costs;

**ANSWER:** Defendant denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph F of the Prayer for Relief.

G.  Attorneys' fees under the FLSA; and

**ANSWER:** Defendant denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph G of the Prayer for Relief.

H.  Such other relief as in law or equity may pertain.

**ANSWER:** Defendant denies that Plaintiff or any alleged similarly situated employees are entitled to recover any relief requested in sub-paragraph H of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.  Plaintiff's claims, in whole or in part, are barred by the doctrines of laches, estoppel, or waiver.

11

3.      Plaintiff's claims are barred, in whole or in part, by the limitations periods applicable under the FLSA.

4.      Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the one hundred and eighty day limitations period agreed to by Plaintiff at the commencement of her employment with Defendant.

5.      Plaintiff's and any alleged similarly situated employees' claims are barred to the extent they exceed the two-year statute of limitations set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and Defendant's conduct at all times was not willful.

6.      Plaintiff's and any alleged similarly situated employees' claims are barred to the extent they exceed the three-year statute of limitations set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

7.      Plaintiff's and any alleged similarly situated employees' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

8.      Plaintiff's claims for liquidated damages are barred because the Defendant at all times had a good faith, reasonable belief that its actions were in conformity with the law.

9.      Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exemptions, or credits under Section 7 of the FLSA.

10.     Plaintiff's claims are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*.

FPDOCS 34652431.1

11.    Defendant had no knowledge of, nor should it have had knowledge of, any alleged uncompensated overtime work or any violation of the FLSA by Plaintiff or any persons allegedly "similarly situated" to them, and Defendant did not authorize, require, request, suffer or permit such activity by Plaintiff or any persons allegedly "similarly situated" to them.

12.    Plaintiff's and any alleged similarly situated employees' claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiff's and any alleged similarly situated employees' own conduct resulted in them not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

13.    Plaintiff cannot satisfy the requirements to maintain a collective action under the FLSA.

14.    Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care and diligence to comply with the provisions of the FLSA by promulgating and implementing policies to comply with federal wage and hour laws and investigated and took prompt and appropriate remedial action upon notice of any alleged non-payment of wages. Further, Plaintiff unreasonably failed to take advantage of the opportunities provided by Defendant to report, prevent, correct, or avoid the alleged non-payment of wages. For this reason, Defendant did not know any wages were due Plaintiff, should not have known, and did not acquiesce in any alleged non-payment of wages. To the extent any such conduct was brought to Defendant's attention, it took immediate and appropriate corrective action.

Defendant expressly reserves the right to seasonably amend this Answer and to assert additional affirmative defenses upon further investigation and discovery in this matter.

FPDOCS 34652431.1

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's Collective Action Complaint with prejudice, award Defendant its reasonable costs and attorneys' fees, and provide Defendant with such other relief as the Court deems just and equitable.

Dated: March 19, 2019                        Respectfully submitted,

<u>/s/ Joel W. Rice</u>
Joel W. Rice (pro hac vice)
Scott C. Fanning (pro hac vice)
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061

Kevin J. Driscoll
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
Telephone: (515) 288-0145
E-Mail: kdriscoll@finleylaw.com

*Attorneys for Sundance, Inc.*

FPDOCS 34652431.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and also served the foregoing upon to all counsel of record via electronic mail.

Dated: March 19, 2019

Respectfully submitted,

<u>/s/ Joel W. Rice</u>
Joel W. Rice (pro hac vice)
Scott C. Fanning (pro hac vice)
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061

Kevin J. Driscoll
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
Telephone: (515) 288-0145
E-Mail: kdriscoll@finleylaw.com

*Attorneys for Sundance, Inc.*