# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNDANCE, INC.,<br><br>    Defendant. | Case No. _____<br><br><br>**COMPLAINT**<br>**and**<br>**JURY DEMAND** |

**COMES NOW** the Plaintiff and for her cause of action states the following:

## INTRODUCTION

1.      This is an overtime and wage theft case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff is an adult residing and working within this judicial district and – during the relevant time – worked as an hourly employee for Defendant Sundance, Inc. ("Sundance"), a company that owns well over 150 Taco Bell franchises throughout the United States.

2.      Plaintiff Robyn Morgan is a current resident of the City of Seligman, County of Barry, State of Missouri.

3.      Robyn Morgan was employed by Sundance from approximately August 2015 to October 2015. She worked as a Crew Member throughout her employment with Sundance in the Osceola, Iowa restaurant.

4.      Defendant Sundance, Inc. is a for-profit corporation incorporated in Brighton, Michigan and with locations throughout the State of Iowa.

5.      The acts about which Plaintiff complains occurred in Clarke County, Iowa.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28

1

U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

7.      Additionally, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

8.      Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

9.      At all relevant times, Defendant owned and operated a business enterprise engaged in interstate commerce utilizing goods moved in interstate commerce as defined in 29 U.S.C. § 203(s).

10.      Defendant's various franchise locations constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because they perform related activities, either through a unified operation or through common control for a common business purpose.

11.      Defendant provides mutually supportive services to the substantial advantage of each entity and each are therefore operationally interdependent and may be treated as single "enterprise."

12.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims in this Complaint substantially occurred in this District.

13.      This Court has personal jurisdiction over Defendant because Defendant operates a restaurant in Osceola, Iowa and otherwise conducts business within the state of Iowa.

### FACTUAL BACKGROUND

14.      Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA for her subjection to Sundance's improper wage and hour practices scheme at any time during the last three years.

15.      At various points within the past three years, Plaintiff has experienced the following: a) Sundance's failure to pay her for all hours worked; and b) Sundance's failure to pay overtime wages

for all hours worked over 40, when legally required to do so.

16.     Sundance knew or should have known the business model it developed and implemented was unlawful under applicable laws. Nonetheless, Sundance continued to willfully engage in the violations described herein.

17.     Sundance's hourly employees, including but not limited to Crew Members, are not paid for all hours worked. In fact, Sundance engages in a practice in which it "shifts" hours that an employee works during one week over to the following week, so that an employee's time records do not demonstrate that the employee worked over 40 hours in a given work week. Sundance maintains a white board in its office on which it keeps track of its employees' "shifted hours" from week to week.

18.     By shifting its employees' hours, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

19.     In addition, some employees simply were not paid at all for their "shifted over" hours.

20.     With regard to hourly employees that regularly work over 40 hours each work week, Sundance does not engage in the "shifting" exercise; it simply does not pay such employees for all hours worked and caps their paychecks at 80 hours per two week pay period. Again, by doing so, Sundance a) does not pay its employees for all hours worked in a given work week; and b) does not pay overtime wages for hours worked over 40 in a given work week.

21.     In addition, hourly workers were regularly instructed to clock out and continue working off the clock, in order for each store to maintain its Sundance-imposed labor metrics.

22.     Throughout the course of her employment, Plaintiff was directed by Sundance and its agents to perform work, was allowed to work, and did work one or more weeks in excess of forty (40) hours.

3

23.     The provisions of the FLSA, 29 U.S.C. § 207, require Sundance to compensate non-exempt employees who work in excess of forty (40) hours in a workweek at a rate of one and one-half times their regular rate of pay.

24.     Contrary to the above statutory enactment, Sundance adopted a policy and practice of failing to pay Plaintiff and all similarly situated individuals an overtime wage at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek. It further adopted a policy and practice of, by clocking out Plaintiff yet requiring her to continue to work, and failing to pay Plaintiff and all similarly situated individuals their regular hourly rate for hours worked under 40 in a workweek.

25.     Sundance willfully violated the FLSA by knowingly failing to compensate Plaintiff for overtime wages for the hours she worked in excess of forty (40) hours per week, and failing to compensate Plaintiff her regular hourly rate for all hours worked under 40.

## NATIONWIDE COLLECTIVE ACTION

26.     Plaintiff brings this case on behalf of herself and all other Crew Members and other hourly employees who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter.

27.     Plaintiff brings this complaint under 29 U.S.C. § 216(b) of the FLSA. Plaintiff, her fellow Crew Members, and other hourly employees are similarly situated in that they are all subject to Sundance's common plan or practice failing to pay them for all hours worked and/or of failing to pay them proper overtime wages.

4

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, et seq.**
**FAILURE TO PAY OVERTIME WAGES AND FAILURE TO PAY MINIMUM WAGE**

28.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

29.   At all times relevant to this action, Sundance was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq.*

30.   At all times relevant to this action, Plaintiff and those similarly situated were "employees" of Sundance within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

31.   At all times relevant to this action, Sundance "suffered or permitted" Plaintiff and those similarly situated to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

32.   At all times relevant to this action, Sundance failed to pay Plaintiff and those similarly situated the federally mandated wages and overtime compensation for all services performed. Specifically, Sundance failed to pay Plaintiff and those similarly situated regular wages for all hours worked under 40 in a work week and failed to pay them overtime wages – or any wages at all – for all hours worked in excess of forty (40) hours per week.

33.   The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. §207.

34.   In addition, Sundance is subject to the minimum wage requirements of the FLSA.

35.   Sundance violated the FLSA by failing to pay Plaintiff and those similarly situated the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

36.   Sundance also violated the FLSA by failing to pay Plaintiff and those similarly situated

5

all minimum wages due to them.

37.    Sundance's violations of the FLSA were knowing and willful.

38.    By failing to compensate Plaintiff and those similarly situated at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Sundance has violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39.    The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, Plaintiff and those similarly situated are entitled to damages equal to the mandated minimum wage and overtime premium pay within three years preceding their filing of this Complaint plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

40.    Plaintiff and those similarly situated seek damages in the amount of their respective unpaid wages, overtime wages, liquidated damages as provided by 29 U.S.C. §216(b), interest, attorneys' fees, and such other legal and equitable relief as the Court deems proper.

41.    Plaintiff and all other similarly situated hourly employees, as described above, who opt into this litigation are entitled to compensation for all regular hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

WHEREFORE, Plaintiff seeks the following:

A.  Certification of the described class under the FLSA;

B.  An award of overtime wages under the FLSA;

C.  An award of unpaid regular wages under the FLSA;

D.  An award of liquidated damages under the FLSA;

E.  A declaratory judgment that the practices complained of are unlawful under the FLSA;

F.  Interest and costs;

G.  Attorneys' fees under the FLSA; and

H.  Such other relief as in law or equity may pertain.


## JURY DEMAND

**COMES NOW** the Plaintiff, by and through her attorneys, FIEDLER LAW FIRM, P.L.C.

and SOMMERS SCHWARTZ, P.C., and hereby demands a trial by jury on this matter.


        /s/ *Paige Fiedler*
FIEDLER LAW FIRM, P.L.C.
Paige Fiedler AT0002496
paige@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923

Jason J. Thompson
(Pending Pro Hac Vice)
Charles R. Ash, IV
(Pending Pro Hac Vice)
SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiff
One Towne Square, Suite 1700
Southfield, MI 48067 PH:
(248) 355-0300
jthompson@sommerspc.com
crash@sommerspc.com