IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals, <br><br> Plaintiff, <br><br> vs. <br><br> SUNDANCE, INC., <br><br> Defendant. | Case No.:  4:18-cv-00316-JAJ-HCA |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS PLAINTIFF'S COMPLAINT**

Sundance has moved to compel arbitration in this case prior to the initiation of discovery, or even prior to participating in a case scheduling conference to discuss discovery. Nor has Sundance filed any motion directed at the merits, or done anything to otherwise invoke the litigation machinery. Nonetheless, in a desperate attempt to avoid the implementation of individual arbitration, Plaintiff contends that Sundance has somehow waived its right to compel arbitration, primarily by its participation in a voluntary private mediation with Plaintiff. Plaintiff's attempt fails as no court in the Eighth Circuit has found waiver on such a thin set of facts. To the contrary, in every case where waiver has been found, the defendant engaged in much more litigation-related activity.[1]

**A.    Sundance Has Not Acted Inconsistently with its Right to Compel Arbitration.**

As a threshold matter, because of the strong federal policy in favor of arbitration, "any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." *Erdman*

---

[1] Plaintiff's response focuses entirely on the issue of waiver. Although there is glancing reference on page 1 of the response to "the unsigned arbitration," Plaintiff does not develop that argument in any fashion, which must be deemed waived. In any event, Plaintiff cannot dispute the validity of her electronic signature. *See* 15 U.S.C. Section 7001(a)(1).

*Co. v. Phx. Land & Acquisition, LLC*, 650 F.3d 1115, 1118 (8th Cir. 2011). Under the test for waiver announced in *Lewallen v. Green Tree Servicing, LLC*, 487 F.3d 1085, 1090 (8th Cir. 2007), one factor is whether the party "acted inconsistently" with assertion of the right to compel arbitration. And, as *Lewallen* observed, a party acts inconsistently with its right to arbitrate when it "substantially invokes the litigation machinery before asserting its arbitration right." 487 F.3d at 1090.

Here, as in the Eighth Circuit decisions in *Dumont v. Saskatchewan Gov't Insur.*, 258 F.3d 880 (2001); and *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 728 F.3d 853 (2013), this Court should find that Sundance did not substantially invoke the litigation machinery. *See* Sundance Opening Brief, pp. 14-15. Sundance did not file this lawsuit or remove the case to federal court. Nor did it file a motion directed at the merits of the case, initiate or participate in discovery, or even participate in formulating a discovery plan.

Plaintiff makes much of the fact that Sundance's motion is filed after the passage of eight months from the Complaint filing. [D 24, p. 1]. This argument is misleading as, in fact, little has transpired in these eight months. Sundance's motion to stay on non-merits grounds was pending for approximately four of the eight months until the Court ruled, during which no activity took place. Thereafter, Sundance answered the Complaint and the parties participated in a wholly voluntary private mediation. That is it. In any event, the mere passage of time alone does not amount to waiver. *Messina v. North Cent. Distrib., Inc.*, 821 F.3d 1047, 1051 (8th Cir. 2016).

Similarly, Plaintiff cites no support for her argument that Sundance's participation in private mediation is inconsistent with a right to arbitrate. To the contrary, private mediation is consistent with the express intent and purpose of the Arbitration Agreement, which is to avoid the "delay and expense of the court systems" and utilize arbitration "instead of going to court."

[D. 21-2]. Moreover, the Arbitration Agreement contains provisions for the pre-Arbitration resolution of disputes. *Id.* Participation in private mediation seeks to avoid utilizing the court system (i.e., invoking the litigation machinery) and is an attempt to resolve disputes at their early stages. In fact, courts have found that mediation is a type of alternative dispute resolution falling within the FAA. *Sekisui Ta Industries, LLC v. Quality Tape Supply, Inc.*, Case No. DKC-08-2634, 2009 WL 2170500, *4-5 (D. Md. July 17, 2009); *Fisher v. GE Medical Sys.*, 276 F.Supp.2d 891, 893-94 (M.D. Tenn. 2003). Indeed, it is telling that Plaintiff cites to no case where a party's participation in wholly voluntary private mediation is deemed inconsistent with a right to invoke arbitration.

Apparently recognizing the dearth of litigation activity in this case, Plaintiff attempts to argue that "informal discovery" commenced in the context of the private mediation. [D. 24, p. 5.]. First, the Eighth Circuit has not found that the informal and voluntary exchange of information in the context of settlement discussions amounts to "invoking the litigation machinery." Second, Plaintiff's characterization of the "discovery" is misleading. Sundance did not request, nor was Plaintiff required to produce, even a scintilla of information in connection with the mediation. All the information was produced by Sundance. Furthermore, the "thousands of emails" Plaintiff references were, in fact, produced in discovery in the *Wood v. Sundance* matter pending in the Eastern District of Michigan (the "Wood Action"), and not this lawsuit. It is disingenuous for Plaintiff to reference as litigation activity in this case an email production Plaintiff knows took place in another lawsuit. Although Sundance provided counsel a spreadsheet containing a summary of payroll information for the potential class members, this was merely an expansion of the spreadsheet Sundance had already prepared for the Wood Action, which was being mediated at the same time.

Plaintiff's attempts to distinguish *Dumont* and *ABF Freight* are unavailing. First, Plaintiff's assertion that *Dumont* predates *Lewallen* is irrelevant. Not only did *Dumont* apply the same three factor waiver test applied in *Lewallen*, but *Lewallen* also cited favorably to *Dumont*. *Dumont*, 258 F.3d at 884; *Lewallen*, 487 F.3d at 1090. Moreover, the Eighth Circuit continued to rely on *Dumont* after *Lewallen* with regards to the waiver of arbitration provisions. *See ABF Freight Sys., Inc.*, 728 F.3d at 863. Second, the fact that the FAA was not applicable to the arbitration agreement at issue in *Dumont* actually makes *Dumont* more persuasive, given the strong federal policy in favor of arbitration. Third, the Response's statement, in bold, that "the defendant *immediately* refused to participate in the state court litigation" is a canard. [D. 24, p. 8]. The referenced state court litigation was a separate lawsuit. *Dumont*, 258 F.3d at 883. In the lawsuit at issue in *Dumont*, defendant had removed the lawsuit, filed an answer, and filed a motion to dismiss on personal jurisdiction and forum *non conveniens* grounds before moving to compel arbitration. *Id.* at 884. The Eighth Circuit held that these actions, which are at least as substantial as Defendant's actions in this case, were insufficient to amount to waiver.

Similarly, Plaintiff's attempts at distinguishing *ABF Freight Sys., Inc.* are unpersuasive. It is irrelevant that *ABF Freight Sys., Inc.* involved a grievance procedure. The fact is that in *ABF Freight Sys., Inc.*, the Eighth Circuit applied the *Lewallen* test, analyzed the defendant's grievance defense at issue as one seeking to enforce an arbitration agreement, and held that the filing of a motion to dismiss on the merits, does not, necessarily, amount to a waiver of arbitration rights. 728 F.3d at 862-64. Here, Sundance did not file a motion to dismiss on the merits, but merely sought to stay the action under the first-filed rule. As such, the reasoning of *ABF Freight Sys., Inc.*, is applicable to this case, although its procedural particulars may vary.

Nor do the authorities on which Plaintiff primarily purports to rely aid her cause. For example, in *Messina* the defendant removed the case to federal court.  821 F.3d at 1050. This is a critical distinguishing factor as "initiation of the litigation" is the first act listed by the *Lewallen* Court as invoking the litigation machinery. Moreover, a substantial number of other pre-trial activities took place in *Messina* that have not occurred in this case: a trial date was set, the defendant agreed to a discovery schedule, and the plaintiff served discovery upon the defendant. *Id.* at 1051. Finally, the plaintiff in *Messina* was able to show prejudice as there was a strong likelihood that the plaintiff would have to re-litigate the same motion to transfer to California before the arbitrator.  *Id.* Here, there will be no need to re-litigate Sundance's Motion to Stay as Plaintiff's arbitration will proceed on an individual basis, and the parallel Wood Action has settled.

The other case on which Plaintiff heavily relies--*Hooper v. Advance America*, 589 F.3d 917 (8th Cir. 2009)--is also readily distinguishable. In *Hooper*, the Eighth Circuit upheld a District Court's determination that Advance America waived its right to arbitration by filing "an extensive motion to dismiss" on the merits of the action.  *Id.* at 919. But, as *Hooper* recognized, "not every motion to dismiss is inconsistent with the right to arbitration." *Id.* at 922. Here, by contrast, Defendant did not file a motion to dismiss on the merits, but rather a motion to stay based upon the first-filed rule. That motion will not be re-advanced in the arbitration.

**B.    Even If it is Necessary to Reach the Issue of Prejudice, Plaintiff Has not Been Prejudiced.**

As Sundance established in its opening brief, the test for waiver in this Circuit is conjunctive, not disjunctive. Op. Br. at 14. Because Sundance has established that it did not act inconsistently with invocation of arbitration, it is unnecessary to even reach Plaintiff's claims of prejudice. *See Dumont*, 253 F.3d at 887 (court declines to reach issue of prejudice as it found that

defendant had not acted inconsistently with right to arbitration); *ABF Freight Sys., Inc.*. 728 F.3d at 865 (same).

Even if there is any need to reach Plaintiff's prejudice argument, it is unpersuasive. Plaintiff responded to one non-merits motion, which it will not be required to brief again in the arbitration. Nor is Plaintiff's participation in the private mediation, and related activities, grounds for an assertion of waiver. First, such participation was wholly voluntary on the part of Plaintiff and the other parties. Second, Plaintiff was not compelled to engage in any activity associated with such mediation. It was Plaintiff's choice to retain an expert to examine payroll data.[2] Sundance did not utilize any expert witness. And, as discussed previously, the e-mails Plaintiff references were produced in the Wood Action, and presumably any analysis or extraction of such e-mails was done primarily, if not exclusively, by the attorneys in the Wood Action, and not by Plaintiff's counsel in this case.

In sum, Plaintiff's claims of prejudice, even if it is necessary to reach them, are manufactured, and primarily center upon Plaintiff's own choice to participate in a wholly voluntary and private mediation process. No court in the Eighth Circuit has held that activity of this sort constitutes prejudice that would amount to waiver.[3]

Dated:  May 24, 2019

Respectfully submitted:
/s/ Joel W. Rice
Joel W. Rice (pro hac vice)
Scott C. Fanning (pro hac vice)
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606

---

[2] Sundance notes that the attached retainer agreement shows that the expert was jointly retained by both Plaintiff's counsel and by the attorneys in the Wood Action, so even the stated cost was presumably split. [D. 24-1, p. 2].

[3] Plaintiff also expends considerable effort discussing the *Lamps Plus* decision of the Supreme Court cited in Sundance's opening brief. While Sundance disagrees with Plaintiff's characterization of *Lamps Plus* and whether it amounted to a clarification of the law relative to arbitration of class claims, such disagreement is irrelevant. Sundance did not cite *Lamps Plus* as bearing upon waiver here, and it is unnecessary to consider the impact of *Lamps Plus* in assessing the waiver issue presented by Plaintiff's response.

(312) 346-8061

Kevin J. Driscoll
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
Telephone: (515) 288-0145
E-Mail: kdriscoll@finleylaw.com
Attorneys for Sundance, Inc.

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and also served the foregoing upon to all counsel of record via electronic mail.

Dated: May 24, 2019                                      Respectfully submitted,

/s/ Joel W. Rice
Joel W. Rice
Scott C. Fanning
Fisher & Phillips, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061
*Attorneys for Sundance, Inc.*

8