IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBYN MORGAN, on behalf of herself and all similarly situated individuals, <br><br> Plaintiff, <br><br> vs. <br><br> SUNDANCE, INC., <br><br> Defendant. | Case No. 4:18-CV-00316-JAJ-HCA <br><br><br> **PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN** |

Counsel have conferred and submit the following proposed scheduling order and discovery plan:

**Defendant's Position:**

Defendant intends upon filing Notice of Appeal of the Court's June 28, 2019, order denying Defendant's Motion to Compel Arbitration and Stay Proceedings [D. 28] within the next ten days. Defendant is entitled to an immediate appeal as of right with respect to this decision pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16 (a)(1)(B). Upon the filing of the Notice of Appeal, the District Court will be divested of jurisdiction over this matter. *See James Shackelford Heating & Cooling, LC v. AT&T Corp*, No. 17-00663-CV-W-ODS, 2017 WL 6540039, at *1 (W.D. Mo. Dec. 21, 2017) (adopting majority view that notice to appeal pursuant to 9 U.S.C. § 16 (a)(1)(B) divests the District Court of jurisdiction and ordering stay of proceedings); *Messina v. N. Cent. Distrib., Inc.*, No. 14-CV-3101 PAM, 2015 WL 4479006, at *2 (D. Minn. July 22, 2015) (same). As such, Defendant objects to the entry of a scheduling order and discovery plan until the disposition of Defendant's appeal.

**Plaintiff's Position:**

Plaintiff maintains the Defendant has waived its right to compel arbitration, as set forth in the Court's June 28, 2019 opinion and order. *See generally*, ECF No. 28. Furthermore, Plaintiff objects to any additional requests for adjournments or continuances by Defendant, and maintains it is proper to enter this scheduling order and discovery plan. Plaintiff seeks to vindicate her rights without further delay and with each day that passes many members of the putative FLSA collective lose their meritorious claims due to nothing more than the passage of time under the FLSA's unique statute of limitations. To date, no notice of appeal has been filed and it is Plaintiffs position that any appeal of the Court's June 28, 2019 order would lack merit. Plaintiff relies on Defendant's silence regarding Plaintiff's proposed scheduling order as a stipulation to the contents therein, as the Court's order for the parties to prepare a *joint* scheduling order was clear. Defendant has not provided any alternative scheduling dates to the dates suggested below by Plaintiff. Accordingly, Plaintiff submits the following case information and proposed dates for case management:

1.      Did the parties both (a) enter into an agreement at the Rule 26(f) conference resolving all issues relating to initial disclosures, and (b) discuss the preservation, disclosure, and discovery of electronically stored information? _____ yes __**x**__ no
*If any party objected at the Rule 26(f) conference to making or to the timing of the initial disclosures, then the objecting party must, within 10 days after this order and plan has been filed, serve and file a document in which the objections are set forth with particularity.* If the parties have agreed to a deadline for making the initial disclosures, state the date by which the initial disclosures will be made: ___8/3/19___

2.      Deadline for motions to add parties: ___9/3/19___

3.      Deadline for motions to amend pleadings: ___10/3/19___

4.      Expert witnesses disclosed by:          a) Plaintiff: ___10/3/19___
                                              b) Defendant: ___10/3/19___
                                              c) Plaintiff Rebuttal: ___10/17/19___

5.      Deadline for *completion* of discovery: ___12/3/19___

6.      Dispositive motions deadline (*at least 150 days before Trial Ready Date*): ___1/3/19___

7.      Trial Ready Date (*at least 150 days after Dispositive Motions Date*): ___6/1/20___

8.      Has a jury demand been filed? ___**X**___ yes _____ no

9.      Estimated length of trial: ___**4**___ days

10.     Settlement conference (choose one of the following): (a) __**X**__ A court-sponsored settlement conference should be set by the court at this time for a date after: ___1/3/2020___; or (b) _____ A court sponsored settlement conference is not necessary at this time.

11.     Should the court order a court-sponsored scheduling and planning conference pursuant to Fed. R. Civ. P. 16(b) and 26(f)? ___**x**___ yes _____ no

12.     Do the parties unanimously consent to trial, disposition and judgment by a U.S. Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3)? _____ yes __**X**__ no

*[Signatures of counsel are provided on the following page.]*

FPDOCS 35688234.1

3

*/s/ Charles R. Ash, IV*
Jason J. Thompson (Pro Hac Vice)
Charles R. Ash, IV (Pro Hac Vice)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, MI 48067
Phone: (248) 355-0300
Fax: (248) 746-4001
jthompson@sommerspc.com
crash@sommerspc.com

Paige Fiedler AT0002496
Amy Beck AT0013022
FIEDLER LAW FIRM, P.L.C.
paige@employmentlawiowa.com
madison@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923

ATTORNEYS FOR PLAINTIFF

*/s/ Joel W. Rice (with permission)*
Joel W. Rice (Pro Hac Vice)
Scott C. Fanning (Pro Hac Vice)
FISHER & PHILLIPS, LLP
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
Phone: (312) 346-8061
jrice@fisherphillips.com

Kevin J. Driscoll
FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
Phone: (515) 288-0145
kdriscoll@finleylaw.com

ATTORNEYS FOR SUNDANCE, INC.

FPDOCS 35688234.1

**JUDGE'S REVISIONS**

The deadline in Paragraph _____ is changed to _____.
The deadline in Paragraph _____ is changed to _____.
The deadline in Paragraph _____ is changed to _____.


**IT IS ORDERED** that this proposed Scheduling Order and Discovery Plan

_____ **is** _____ **is not** approved and adopted by this court.

**IT IS FURTHER ORDERED** that a scheduling and planning conference:

_____        will not be scheduled at this time.

_____        will be held in the chambers of Judge _____ at the U.S.
              Courthouse in _____, Iowa, on the _____ day of
              _____, 2019 at _____ o'clock ____.m.

_____        will be held by telephone conference, initiated by the court, on the
              _____ day of _____, 2019 at _____ o'clock ____.m.

**DATED** this _____ day of _____, 2019.


_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

4