# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2435
_____

Robyn Morgan, on behalf of herself and all similarly situated individuals

*Plaintiff - Appellee*

v.

Sundance, Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Iowa City

_____

Submitted: September 23, 2020
Filed: March 30, 2021

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Sundance, Inc. appeals the district court's order denying its motion to compel arbitration of Robyn Morgan's claims.  We reverse.

Appellate Case: 19-2435    Page: 1    Date Filed: 03/30/2021 Entry ID: 5019775

## I.  Background

In September 2018, Morgan sued Sundance for violations of the Fair Labor Standards Act.  *See* 29 U.S.C. § 201.  Morgan alleged Sundance failed to pay her, and other similarly situated employees, for overtime.

In November 2018, Sundance moved to dismiss Morgan's complaint, arguing that under the "first-to-file" rule,[1] a similar lawsuit filed in a Michigan federal court (the "Michigan case") barred this lawsuit.  The district court denied Sundance's motion to dismiss more than four months later in March 2019.

Sundance then answered Morgan's complaint, but did not assert its right to arbitrate Morgan's claims.  After filing its answer, Morgan participated in a settlement mediation with the Michigan case plaintiffs.  The Michigan case settled, but Morgan's case moved forward.

In May 2019, after the failed mediation and nearly eight months after the filing of Morgan's complaint, Sundance moved to compel arbitration.  The district court denied the motion, concluding Sundance's participation in the litigation waived its right to arbitration.

## II.  Discussion

We review de novo the district court's conclusion that Sundance waived its right to compel arbitration, and we examine the underlying factual findings for clear error.  *Messina v. N. Cent. Distrib., Inc.*, 821 F.3d 1047, 1050 (8th Cir. 2016).  "[A]ny doubts concerning waiver of arbitrability should be resolved in favor of arbitration."  *Id.* (internal quotation marks and citation omitted).

---

[1]The "first-to-file" rule, as an extension of comity principles, states "where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."  *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985).

Appellate Case: 19-2435    Page: 2    Date Filed: 03/30/2021 Entry ID: 5019775

A party waives its right to arbitration if it: "(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." *Messina*, 821 F.3d at 1050 (internal quotation marks and citation omitted). Utilizing this test, we conclude the district court erred in determining Sundance waived its right to arbitrate because Sundance's conduct, even if inconsistent with its right to arbitration, did not materially prejudice Morgan.

Regarding the first element, Sundance does not dispute its knowledge of an existing right to arbitration because the Morgan-Sundance employment agreement included the arbitration clause.

We next consider the second element—whether Sundance acted inconsistently with its right to arbitrate. "A party acts inconsistently with its right to arbitrate if it 'substantially invokes the litigation machinery before asserting its arbitration right, . . . when, for example, it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner.'" *Id.* at 1050 (quoting *Lewallen v. Green Tree Servicing*, 487 F.3d 1085, 1090 (8th Cir. 2007)). "To safeguard its right to arbitration, a party must 'do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration[.]'" *Id.* at 1050 (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)). A court looks to all of the circumstances to decide whether the act is truly inconsistent with its right to arbitrate. *See Lewallen*, 487 F.3d at 1090–94 (considering a party's discovery requests, its failure to timely assert its right to arbitration, and its motion to dismiss in upholding a finding that the party acted inconsistently with its right to arbitrate).

The district court found that Sundance substantially invoked the litigation machinery primarily by waiting eight months to assert its right to arbitrate this dispute. During the eight months prior to asserting its right to arbitration, Sundance failed to mention the arbitration clause in its answer or motion to dismiss. The district court stated Sundance's conduct during the delay was sufficient to find

-3-

Sundance invoked the litigation machinery. We question this finding in light of the totality of the circumstances.

First of all, the time during which Sundance's motion to dismiss was under advisement must also be considered. This made up half the delay the district court attributed to Sundance. Second, Sundance participated in mediation of the case. Mediation is an effort to avoid "invok[ing] the litigation machinery." *See Lewallen*, 487 F.3d at 1090.

It is true, as the district court noted, that Sundance failed to assert its right to arbitration in its answer. Sundance's strategy of waiting to assert its right to arbitration until after filing a motion to dismiss and an answer demonstrates an active participation in the litigation process and seemingly an invocation of the litigation machinery. However, instead of focusing on Sundance's failure to raise its right to arbitration earlier, the district court should have considered the nature of Sundance's motion to dismiss. In this regard, we conclude it significant that Sundance did not address the merits of the dispute, but instead focused on the quasi-jurisdictional "first-to-file" rule. So, although there was an eight-month delay, the parties spent very little of this time actively litigating and no time on the merits of the case. Thus, shifting to arbitration would not duplicate the parties' efforts.

This all bears on the third element: prejudice. "Whether inconsistent actions constitute prejudice is determined on a case-by-case basis." *Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 159 (8th Cir. 1991). "Prejudice may result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, or litigation of substantial issues going to the merits." *Id*. A "delay in seeking to compel arbitration 'does not itself constitute prejudice[,]'" but it can "combine with other factors to support a finding of prejudice." *Messina*, 821 F.3d at 1051; *see also Kelly v. Golden*, 352 F.3d 344, 350 (8th Cir. 2003) (concluding claimant's delay in seeking arbitration prejudiced defending party who incurred expense, experienced "substantial" delay, and would have to duplicate its efforts).

The district court found Morgan was prejudiced by having to respond to Sundance's motion to dismiss over the eight-month span of litigation. We disagree. Four months of the delay entailed the parties waiting for disposition of Sundance's motion to dismiss. No discovery was conducted. And, the record lacks any evidence that Morgan would have to duplicate her efforts during arbitration. Instead, most of Morgan's work focused on the quasi-jurisdictional issue, not the merits of the case. For these reasons, we hold Morgan was not prejudiced by Sundance's litigation strategy.

In the absence of a showing of prejudice to Morgan, we conclude Sundance did not waive its contractual right to invoke arbitration.

### III.  Conclusion

The judgment of the district court is reversed, and the case is remanded for proceedings consistent with this opinion.

COLLOTON, Circuit Judge, dissenting.

When Morgan sued Sundance, Inc., in the Southern District of Iowa, Sundance made a strategic choice to forego arbitration for more than seven months. At that point, Sundance asked the district court to compel arbitration and dismiss the lawsuit. On this record, Sundance waived its right to arbitration under the contract, and I would affirm the order of the district court denying the motion to compel.

In response to Morgan's complaint, Sundance did not move to compel arbitration. Instead, Sundance expressed its preference for a judicial forum in the Eastern District of Michigan and moved to stay or dismiss this action under the "first-filed rule."  (This rule concerns selection of venue; it is not "quasi-jurisdictional." *See Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993)).  Sundance argued that Morgan's case was "duplicative" of an action pending in federal court in Michigan, and urged the district court in Southern Iowa

Appellate Case: 19-2435     Page: 5     Date Filed: 03/30/2021 Entry ID: 5019775

to avoid "conflicting rulings and duplicative discovery" by staying or dismissing this case.

When the district court denied that motion, Sundance answered Morgan's complaint on the merits. The answer listed fourteen affirmative defenses, but made no mention of arbitration. The parties then participated in a mediation, but no settlement agreement was reached. Only then, more than seven months after the complaint was filed, did Sundance move to compel arbitration in May 2019.

This conduct by Sundance amounts to a waiver of its contractual right to arbitration. "To safeguard its right to arbitration, a party must do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Lewellen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1091 (8th Cir. 2007) (internal quotation omitted). In the terms of our cases, Sundance knew of its existing right to arbitration and acted inconsistently with that right. *See Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991).

Moving to dismiss or stay this action as "duplicative" so that it could be litigated in federal court in Michigan is an action inconsistent with arbitration. When a party waits to seek arbitration until after it loses a motion to transfer venue, it demonstrates an effort to play "heads I win, tails you lose"—a game that is inconsistent with exercising a right to arbitration. *Messina v. N. Cent. Distrib., Inc.*, 821 F.3d 1047, 1050-51 (8th Cir. 2016). Filing an answer that sets forth numerous defenses on the merits, but never mentions a right to arbitrate the dispute, is also inconsistent with the right. "The filing of an answer is, after all, the main opportunity for a defendant to give notice of potentially dispositive issues to the plaintiff; and the intent to invoke an arbitration provision is just such an issue." *Johnson Assocs. Corp. v. HL Operating Co.*, 680 F.3d 713, 718 (6th Cir. 2012).

Sundance then engaged in a mediation process designed to resolve a lawsuit in federal court. This was further participation in litigation-related activities, and

Appellate Case: 19-2435    Page: 6    Date Filed: 03/30/2021 Entry ID: 5019775

another act inconsistent with arbitration.  Settlements depend on the parties' assessment of the applicable law, the procedural characteristics of the forum, the availability of discovery, the cost of litigation, and the overall potential risks and rewards of proceeding to a final decision.  The relevant calculations may differ considerably depending on whether an action is pending in federal court or in arbitration.  Mediation in one forum is not interchangeable with mediation in the other.  *See* Jill I. Gross, *Bargaining in the (Murky) Shadow of Arbitration*, 24 Harv. Negot. L. Rev. 185, 202-03 (2019) ("Unable to predict and thus manage the downside risk of arbitration, negotiators will be more willing to settle a claim in arbitration as opposed to that same claim in court.").

When Sundance eventually moved to compel arbitration, the company acknowledged that its change of heart was tactical.  In its memorandum, Sundance asserted that *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019), filed April 24, 2019, had "a significant bearing on this litigation," because "[u]nder the prior state of the law, [Sundance] risked being compelled to arbitrate this matter as a collective action."  The district court concluded that Sundance was wrong on the law:  *Lamps Plus* held that an *ambiguous* agreement is insufficient to establish that parties agreed to arbitrate on a classwide basis, *id.* at 1415, but the Sundance arbitration agreement is *silent* on the question.  The "prior state of the law" already established that a court may not compel arbitration on a classwide basis when an agreement is silent on the availability of such arbitration.  *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685-87 (2010).  But even assuming that Sundance's agreement is arguably ambiguous, the salient point is that Sundance was content with a judicial forum until it believed that an intervening court decision improved its prospects in arbitration.

The majority does not dispute that Sundance acted inconsistently with arbitration, but reverses the district court's determination of waiver on the ground that Morgan was not prejudiced.  Prejudice is a debatable prerequisite.  Arbitration is a contractual right, and "in ordinary contract law, a waiver normally is effective without proof of consideration or detrimental reliance."  *Cabinetree v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995) (citing E. Allan Farnsworth,

Appellate Case: 19-2435    Page: 7    Date Filed: 03/30/2021 Entry ID: 5019775

Contracts § 8.5 (2d ed. 1990); 3A Arthur Linton Corbin, *Corbin on Contracts* § 753 (1960)).  Accordingly, some circuits allow a finding of waiver of arbitration without a showing of prejudice.  *St. Mary's Med. Ctr. v. Disco Alum. Prods. Co.*, 969 F.2d 585, 590 (7th Cir. 1992); *Nat'l Found. for Cancer Rsch. v. A.G. Edwards & Sons*, 821 F.2d 772, 777 (D.C. Cir. 1987).

This court initially followed a Ninth Circuit decision to establish a prejudice requirement, *Stifel*, 924 F.2d at 158-59, but later acknowledged the conflict in authority and recognized that the issue was "unsettled" by the Supreme Court. *Erdman Co. v. Phx. Land & Acq., LLC*, 650 F.3d 1115, 1119 (8th Cir. 2011); *see Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924-25 (11th Cir. 2010) (holding that prejudice is required), *cert. granted*, 562 U.S. 1215, *cert. dismissed*, 563 U.S. 1029 (2011).  Under current circuit law, the prejudice threshold is "not onerous."  *Erdman Co.*, 650 F.3d at 1119 (quoting *Hooper v. Adv. Am., Cash Adv. Ctrs.*, 589 F.3d 917, 923 (8th Cir. 2009)).  As the Seventh Circuit put it, "[o]ther courts require evidence of prejudice—but not much."  *Cabinetree*, 50 F.3d at 390.

Morgan showed sufficient prejudice to support the district court's determination of waiver.  We concluded in a prior decision that nearly identical conduct by a defendant—waiting eight months to mention arbitration while forcing a plaintiff to defend against a motion to transfer venue to another judicial district—supported a finding of prejudice.  *Messina*, 821 F.3d at 1051.  Sundance also led Morgan to waste time and money engaging in a fruitless mediation based on an inaccurate premise that the case would be litigated in federal court.  These impositions on the plaintiff are enough to satisfy the modest prejudice requirement employed in this circuit.

For these reasons, I would affirm the order of the district court denying the motion to compel arbitration.

_____

-8-