IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

ROBYN MORGAN, on behalf of herself and
all similarly situated individuals,

        Plaintiff,

vs.

SUNDANCE, INC.,

        Defendant.

**Case No. 4:18-cv-00316**

**ORDER REGARDING UNOPPOSED
MOTION FOR APPROVAL OF
SETTLEMENT**

Plaintiff brought putative collective action claims against Sundance, Inc., alleging violations of the Fair Labor Standards Act (the "FLSA"). After several years of litigation, including before the Supreme Court, the parties seek the Court's approval of an agreement to settle Plaintiff's collective action claims. The Court has not, however, conditionally or finally certified a class, nor did the parties request certification in connection with the motion for approval of the settlement. The Court therefore directs the parties to file a supplemental motion to certify the collective class or a supplemental brief explaining why such a motion is unnecessary.

**I.  The Court Does Not Have Enough Information to Approve the Settlement Because There Is No Request for, or Information Regarding, Certification of the Collective Action.**

When parties "propose to settle a class of FLSA claims, the court must make a final class certification finding." *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, No. 3:16-CV-00026, 2017 WL 821656, at *2 (S.D. Iowa Jan. 10, 2017) (quoting *Stewart v. USA Tank Sales & Erection Co.*, No. 12–05136–CV–SW–DGK, 2014 WL 836212, at *2 (W.D. Mo. Mar. 4, 2014)).[1] Here, the Court has not been asked to conditionally or finally certify a class, nor is such

---

[1] *See also McCaffrey v. Mortg. Sources, Corp.*, No. CIV.A. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011) ("When parties settle FLSA claims before the Court has made a final certification ruling, the court must make some final class certification finding before it can approve a collective action settlement."); *O'Bryant v. ABC Phones of N.C., Inc.*, No. 2:19-CV-02378, 2020 WL 4493157, at *9 (W.D. Tenn. Aug. 4, 2020) ("This Court has not certified that any plaintiffs are similarly situated. For the Court to approve the settlement, the Court must find that all plaintiffs are similarly situated."); *Smith v. Kaiser Found. Hosps.*, 2019 WL 5864170, at *5 (S.D. Cal. Nov. 7, 2019) ("[W]hen considering a motion to approve the settlement of . . . an FLSA collective action, before a . . . collective has been certified, the Court must first certify the . . . collective for the purpose of the settlement."); *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 471 (E.D. Cal. 2010) ("Even when the parties settle, the court 'must make some final class certification finding before approving a collective action settlement.'") (quoting *Carter v. Anderson Merchandisers*,

relief explicitly requested in Plaintiff's Unopposed Motion for Approval of Settlement Pursuant to Fair Labor Standards Act. (ECF 45.)

At most, the Court simply has been informed that the settlement will cover several thousand employees who collectively worked more than 30,000 work weeks. (ECF 45-1, p. 4; ECF 45-2, p. 4.) The parties also attached a spreadsheet to the agreement identifying proposed "Collective Members." (ECF 45-2, Exhibit 1.) The spreadsheet includes employee payrates, hours worked, and last known places of residence. (Id.) The Court needs more information about whether the putative class members are "similarly situated" before it can approve the settlement. 29 U.S.C. § 216(b); *Lewis-Ramsey*, 2017 WL 821656, at *2. "Plaintiffs may be similarly situated when 'they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *aff'd*, 136 S. Ct. 1036 (2016)).

Similarly, the Court needs more information about who, exactly, is in the class. Plaintiff's Complaint alleged a nationwide collective action "on behalf of herself and all other Crew Members and other hourly employees who have worked for Sundance at any time between three years before the commencement of this action and the date of final judgment in this matter." (ECF 1, ¶¶ 26-27.)[2] The settlement agreement is, however, silent on the time period to which it applies and does not state whether the class is nationwide or limited to certain states or regions. Nor does the agreement address how, if at all, it affects employees who did not opt into the settlement of a similar case brought by a collective class of Michigan employees against Sundance in Michigan. *See Wood, et al. v. Sundance, Inc.*, Case No. 16-cv-13598 (E.D. Mich. June 6, 2019).

## II.    Conclusion.

On or before December 5, 2022, the parties are directed to submit a supplemental brief clearly identifying the proposed collective class and demonstrating why the proposed collective class members are similarly situated. Alternatively, if the parties believe certification is unnecessary or inappropriate, they should provide authority to that effect. The Court then will

---

*LP*, Nos. EDCV 08–00025–VAP (Opx), EDCV 09–0216–VAP (Opx), 2010 WL 144067, at *3 (C.D. Cal. Jan. 7, 2010)).

[2] Sundance denied that these individuals were similarly situated. (ECF 17, ¶¶ 26-27.)

complete its review of the proposed settlement agreement and issue a ruling on the Unopposed Motion for Approval of Settlement.

**IT IS SO ORDERED.**

Dated: November 14, 2022.

_____

Stephen H. Locher
UNITED STATES DISTRICT JUDGE